UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:05-cv-02078<br>)<br>)  Judge: Emmet G. Sullivan<br>)<br>)<br>) |

ANSWER

Defendant, the United States Department of Justice ("DOJ"), by and through its undersigned counsel, answers plaintiff's Complaint for Declaratory and Injunctive Relief ("complaint") as follows:

FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

In answer to the individually numbered paragraphs of the complaint, defendant states as follows:

1-2.   These paragraphs contain plaintiff's characterization of this action to which no answer is required, but insofar as one is deemed required, denied.

3.   This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, admitted.

4-5.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

6.      Denied.

7.      The first sentence is admitted.  The second sentence is denied except to aver that DOJ is in possession and control of the requested records.

8-13.    These paragraphs contain plaintiff's characterization and description of various subsections of 5 U.S.C. § 552, to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to that provision and the particular subsections for an accurate and complete statement of their contents.

14.     The first sentence of this paragraph contains plaintiff's characterization and description of 5 U.S.C. § 552(a)(4)(A), to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to that provision for an accurate and complete statement of its contents.  The second sentence is admitted.  The third sentence of this paragraph contains plaintiff's characterization and description of 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.11(k), to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to those provisions for an accurate and complete statement of their contents.

15.     The first sentence contains plaintiff's description of the government's actions as a party in United States v. Philip Morris USA, Inc. et al., No. 99-cv-02496 (D.D.C.) (GK), to which no answer is required, but insofar as an answer is deemed required, denied, and the Court is referred to the docket in that case for an accurate statement of the duration of the action.  The second sentence contains plaintiff's characterization and description of the government's claims in United States v. Philip Morris USA, Inc. et al., No. 99-cv-02496 (D.D.C.) (GK), to which no answer is required, but insofar as one is deemed required, the Court is referred to the complaint, the trial record, and the United States' post-trial submissions in that case for an accurate

statement of the government's claims.

16.     The first sentence contains plaintiff's description and characterization of the government's request for relief in <u>United States v. Philip Morris USA, Inc. et al.</u>, No. 99-cv-02496 (D.D.C.) (GK), to which no answer is required, but insofar as an answer is deemed required, defendant admits only that one of the remedies identified by the United States during closing arguments on June 7, 2005, was a requirement that defendants fund a smoking cessation program in the amount of $2 billion per year for an initial duration of five years.  In all other respects the first sentence is denied and the Court is referred to the United States' Proposed Final Judgment and Order, filed June 27, 2005, in that case for an accurate statement of the relief requested by the government.  The second sentence contains plaintiff's description and characterization of positions taken by the government during the course of litigating <u>United States v. Philip Morris USA, Inc. et al.</u>, No. 99-cv-02496 (D.D.C.) (GK), to which no response is required, but insofar as an answer is deemed required, denied, and the Court is referred to the record in that case for an accurate statement of the government's litigating positions.

17.     This paragraph contains plaintiff's characterization and description of a New York Times article, Eric Lichtblau, <u>Lawyers Fought U.S. Move to Curb Tobacco Penalty</u>, N.Y. Times, June 16, 2005, to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to that article (Exhibit 2 to the complaint) for an accurate and complete statement of its contents.

18.     This paragraph contains plaintiff's characterization and description of a Washington Post article, Carol D. Loennig, <u>Expert Witness Says Justice Told Him to Water Down Penalty Recommendation</u>, Washington Post, June 20, 2005, to which no answer is

required, but insofar as one is deemed required, denied, and the Court is referred to that article (Exhibit 3 to the complaint) for an accurate and complete statement of its contents.

19. This paragraph contains plaintiff's characterization and description of a June 8, 2005 letter from Congressmen Waxman and Meehan to DOJ's Inspector General to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to that letter (Exhibit 4 to the complaint) for an accurate and complete statement of its contents.

20. This paragraph contains plaintiff's characterization and description of a June 9, 2005 letter from Congressmen Waxman and Meehan to DOJ's Inspector General to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to that letter (Exhibit 5 to the complaint) for an accurate and complete statement of its contents.

21. This paragraph contains plaintiff's characterization and description of a June 13, 2005 letter from DOJ's Inspector General Glen A. Fine to Congressmen Waxman and Meehan to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to that letter (Exhibit 6 to the complaint) for an accurate and complete statement of its contents.

22. This paragraph contains plaintiff's characterization and description of a June 15, 2005 letter from Members of Congress to Attorney General Alberto Gonzales to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to that letter (Exhibit 7 to the complaint) for an accurate and complete statement of its contents.

23. This paragraph contains plaintiff's characterization and description of a June 17, 2005 letter from five Members of Congress to Attorney General Alberto Gonzales to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to

that letter (Exhibit 8 to the complaint) for an accurate and complete statement of its contents.

24. This paragraph contains plaintiff's characterization and description of a June 20, 2005 letter from Senators Lautenberg, Kennedy, and Reed to Attorney General Alberto Gonzales to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to that letter (Exhibit 9 to the complaint) for an accurate and complete statement of its contents.

25. This paragraph contains plaintiff's characterization and description of a June 17, 2005 letter from a consortium of associations to Attorney General Alberto Gonzales to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to that letter (Exhibit 11 to the complaint) for an accurate and complete statement of its contents.

26. This paragraph contains plaintiff's characterization and description of a June 13, 2005 letter from former Secretary of Health and Human Services Joseph A. Califano, Jr. to the Honorable Gladys Kessler to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to that letter (Exhibit 13 to the complaint) for an accurate and complete statement of its contents.

27. This paragraph contains plaintiff's characterization and description of news reports to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to those news reports (Exhibits 2 and 3 to the complaint) for an accurate and complete statement of their contents.

28-30. These paragraphs contain plaintiff's characterization and description of a June 28, 2005 letter from plaintiff to DOJ's Office of Information and Privacy ("OIP") to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to

that letter (Exhibit 13 to the complaint) for an accurate and complete statement of its contents.

31-32. These paragraphs contain plaintiff's characterization and description of a July 11, 2005 letter from Melanie Ann Pustay to plaintiff to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to that letter (Exhibit 14 to the complaint) for an accurate and complete statement of its contents.

33. The first sentence is admitted. The remainder of the paragraph contains plaintiff's characterization and description of a July 18, 2005 letter from plaintiff to the Co-Director of OIP to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to that letter (Exhibit 15 to the complaint) for an accurate and complete statement of its contents. The last sentence is denied to the extent it alleges that OIP failed to comply with 28 C.F.R. § 16.5(d)(2), and the Court is referred to that provision for an accurate and complete statement of its contents.

34. This paragraph contains plaintiff's characterization and description of a June 28, 2005 letter from plaintiff to DOJ's Office of Public Affairs to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to that letter (Exhibit 16 to the complaint) for an accurate and complete statement of its contents.

35. The first sentence of this paragraph contains plaintiff's characterization and description of an August 9, 2005 letter from OIP to plaintiff to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to that letter (Exhibit 17 to the complaint) for an accurate and complete statement of its contents. The second sentence of this paragraph contains plaintiff's characterization and description of an August 12, 2005 letter from OIP Co-Director Richard Huff to plaintiff to which no answer is required, but insofar as

one is deemed required, admitted, and the Court is referred to that letter (Exhibit 18 to the complaint) for an accurate and complete statement of its contents.

      36.    This paragraph contains plaintiff's characterization and description of a June 28, 2005 letter from plaintiff to DOJ's Civil Division to which no answer is required, but insofar as one is deemed required, admitted, and the Court is referred to that letter (Exhibit 19 to the complaint) for an accurate and complete statement of its contents.

      37.    This paragraph contains plaintiff's characterization and description of a July 7, 2005 letter from DOJ's Civil Division to plaintiff to which no answer is required, but insofar as one is deemed required, the first, second, and third sentences are admitted, and the fourth sentence is denied, and the Court is referred to that letter (Exhibit 20 to the complaint) for an accurate and complete statement of its contents.

      38.    The first and last sentences are admitted. The remainder of this paragraph contains plaintiff's characterization and description of a July 11, 2005 letter from plaintiff to OIP to which no answer is required, but insofar as one is deemed required, denied, and the Court is referred to that letter (Exhibit 21 to the complaint) for an accurate and complete statement of its contents.

      39-40.    Admitted.

      41.    The first sentence is denied, except to aver that under FOIA, an agency "shall . . . determine within twenty days . . . after the receipt of any . . . request [for records] whether to comply with such request," 5 U.S.C. § 552(a)(6)(A)(i), but "[i]n unusual circumstances . . . the time limits . . . may be extended" as set forth in 5 U.S.C. § 552(a)(6)(B), and the Court is referred to those provisions for a complete and accurate statement of their

contents. The second sentence is denied, except to aver that absent "unusual circumstances" as set forth in 5 U.S.C. § 552(a)(6)(B), the response to plaintiff's FOIA requests received on July 1, 2005, would be due on August 1, 2005.

    42-43.  Denied.

    44-45.  These paragraphs contain conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

    46.  Defendant here incorporates its above responses to paragraphs 1 through 45 of the complaint.

    47.  Denied, except to aver that the Office of Public Affairs and the Civil Division granted plaintiff's request for expedited processing.

    48-49.  Denied.

    50.  Defendant here incorporates its above responses to paragraphs 1 through 49 of the complaint.

    51.  Denied, except to aver that DOJ is in control of records that are responsive to plaintiff's request.

    52.  Denied, except to aver that FOIA requires that "[e]ach agency shall make available to the public information" as set forth in 5 U.S.C. § 552(a), but the requirement does not apply to matters as set forth in 5 U.S.C. § 552(b), and the Court is referred to those provisions for an accurate and complete statement of their contents.

    53.  Denied.

    54.  Defendant here incorporates its above responses to paragraphs 1 through 53 of the complaint.

55.     Denied, except to aver that plaintiff submitted FOIA requests to OIP and the Civil Division, copies of which are attached as Exhibits 13 and 19, respectively, of the complaint.

56-57.  Denied.

58.     Defendant here incorporates its above responses to paragraphs 1 through 57 of the complaint.

59-60.  Denied.

The remaining paragraphs set forth plaintiff's prayer for relief to which no answer is required, but insofar as an answer is deemed required, defendant denies that plaintiff is entitled to the relief requested or to any relief at all.

Defendant hereby denies all allegations of the complaint not otherwise specifically answered above.

Wherefore, having fully answered, defendant respectfully requests that the Court enter judgment dismissing the complaint with prejudice, and awarding defendant its costs and attorney's fees and such other relief as the Court deems just and proper.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

**/s/ Lisa A. Olson**
ELIZABETH J. SHAPIRO
LISA A. OLSON
U.S. Department of Justice
20 Mass. Ave., N.W., Room 6118
Washington, D.C. 20530
Telephone: (202) 514-5633
Telefacsimile: (202) 616-8460
E-mail: lisa.olson@usdoj.gov

Dated: Dec. 8, 2005                     Counsel for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 8, 2005, the Answer was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon plaintiff's counsel as follows:

>Anne L. Weismann
>Melanie Sloan
>Citizens for Responsibility and Ethics
>    in Washington
>11 Dupont Circle, N.W.
>Second Floor
>Washington, DC 20036
>Email: aweismann@citizensforethics.org

/s/ **Lisa A. Olson**