UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

CITIZENS FOR RESPONSIBILITY AND    :
ETHICS IN WASHINGTON               :
11 Dupont Circle, N.W.             :
Washington, D.C.  20036            :
                                   :
        Plaintiff,                 :
                                   :
    v.                             :  Civil Action No. 05-2078 (EGS)
                                   :
U.S. DEPARTMENT OF JUSTICE         :
950 Pennsylvania Avenue, N.W.      :
Washington, D.C.  20530            :
                                   :
        Defendant.                 :
_____:

## JOINT REPORT PURSUANT TO LcvR 16.3

Pursuant to the Court's Order for Initial Scheduling Conference of December 12, 2005,

and LcvR 16.3, plaintiff and defendant hereby submit this joint report.[1]

### Plaintiff's Statement of and Statutory Basis for the Case

This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, as

amended, as well as agency FOIA regulations.  Plaintiff Citizens for Responsibility and Ethics in

Washington ("CREW") is challenging the failure of the U.S. Department of Justice ("DOJ") to

fulfill the requests of Plaintiff for documents relating to the government's proposed penalty in

United States v. Philip Morris, Inc., et al., Civil Action No. 99-2496 (GK) ("tobacco litigation"),

as well as records of all contacts between DOJ officials and the White House concerning the

_____

[1] The parties note, however, that under the express terms of LCvR16.3(b)(9), this case is exempted from the requirements of LCvR16.3, as this is an action brought under the Freedom of Information Act.

tobacco litigation, and records of all contacts between Associate Attorney General Robert D.

McCallum and the law firm Alston & Bird concerning the tobacco litigation.

Despite the fact that Plaintiff submitted its FOIA requests to the Civil Division of DOJ

and DOJ's Office of Information and Privacy ("OIP") on June 28, 2005, Plaintiff has yet to

receive a single document in response. Instead, the agency has consumed months addressing and

resolving Plaintiff's request for expedition – which was granted by the Civil Division on July 7,

2005, and by OIP, after Plaintiff's appeal of an initial determination denying the request, on

August 9, 2005. DOJ has also consumed many months resolving Plaintiff's request for a waiver

of fees associated with the processing of its FOIA request. Indeed, DOJ did not inform Plaintiff

that OIP was denying Plaintiff's fee request until late in the day on January 19, 2006,[2] and did

not inform Plaintiff that DOJ had denied Plaintiff's appeal from the Civil Division's initial

determination to deny the fee request until after close of business on January 23, 2006 (mere

days before this report was due).

Defendant has attempted to excuse its delay by claiming that the fault lies with Plaintiff

who, defendant claims, has refused to narrow the scope of its request. The facts, however, are to

the contrary. When plaintiff was first advised of the vast number of documents that the Civil

Division claimed were potentially responsive to plaintiff's request, counsel for plaintiff

requested that she be permitted to speak with the custodian or custodians of those records to get

a better understanding of what the records were so that plaintiff could consider how it might

narrow its request. Plaintiff sought such a conversation on numerous occasions, but was

---

[2] Defendant's counsel had indicated to Plaintiff weeks earlier that OIP was likely to deny Plaintiff's fee request, but OIP did not formally advise Plaintiff of its determination until this week.

rebuffed each time by defendant's counsel.  Finally, defendant proposed limiting language to

which Plaintiff promptly agreed.  As for OIP, plaintiff is at a loss to understand how its original

request could be overbroad, and no such explanation has been forthcoming from OIP.  Instead,

all that OIP did was include in its initial acknowledgment letter the boilerplate language "[i]n an

effort to speed up our record searches, you may wish to narrow the scope of your request to limit

the number of potentially responsive record searches."  Exhibit 14 to Complaint.

Count One of Plaintiff's Complaint alleges that Defendant violated the FOIA, 5 U.S.C.

§552(a)(6)(E)(ii), and agency regulations, 28 CFR 16i.5(d), by failing to process Plaintiff's

FOIA request notwithstanding Defendant's determination that Plaintiff was entitled to

expedition.  Count Two of the Complaint alleges that Defendant violated the FOIA, 5 U.S.C.

§§552(a)(3)(A) and 552(a)(4)(B), by failing to produce the records as Plaintiff specifically

requested.  Count Three alleges that Defendant violated the FOIA, 5 U.S.C. §552(a)(6)(A)(i), by

failing to respond to Plaintiff's FOIA request within the statutory time period.  Count Four of the

Complaint alleges that Defendant violated the FOIA, 5 U.S.C. §552(a)(4)(A)(iii), and DOJ

regulations, 28 CFR 16;.11(k), by denying Plaintiff's request for a waiver of fees.

### Defendant's Statement of and Statutory Bases for Its Defenses

Defendant did not violate FOIA by failing to expedite or respond to plaintiff's FOIA

request, see Complaint Claims One and Three, or by denying plaintiff's request for a fee waiver.

see Complaint Claim Four.  Plaintiff FOIA request, submitted on June 28, 2005, sought "any

[and] all records . . . relating in any way to the government's proposed penalty in United States

of America v. Phillip Morris, Inc."  The request was submitted both to the Civil Division and

OIP.  Both offices responded promptly to plaintiff's FOIA request.  Both have granted plaintiff's

request for expedited processing, and both have carefully considered plaintiff's request for a fee

waiver and denied it based on the statutory standard governing the waiver of fees under the

FOIA.   Both Civil and OIP have requested that plaintiff provide a commitment to pay or remit

the estimated fees owed in order for them to continue processing plaintiff's request.   And given

plaintiff's failure to do either, both have suspended further processing of plaintiff's request

pursuant to 5 U.S.C. § 552(a)(4)(A).

  Action by the Civil Division

  Specifically, on July 7, 2005, the Civil Division granted plaintiff's request for expedited

processing but notified plaintiff that due to "unusual circumstances," 5 U.S.C.  § 552(B)(iii)(II),

it could not process the request within the time specified.  Complaint Exhibit 20.  Since the

response to this request encompassed a "large volume" of documents (approximately 8-10

million), the Civil Division recommended that plaintiff "limit" the scope of the request to

accelerate processing, Complaint Exhibits 20.  Plaintiff failed to narrow the scope of its request,

see 5 U.S.C. § 552(B)(ii), until an agreement was reached on January 9, 2006, between counsel

for the parties after the initiation of this litigation.  FOIA does not prescribe a specific time limit

for expedited processing and instead requires agencies to process expedited requests "as soon as

practicable." 5 U.S.C. § 552(a)(6)(E)(iii).  The Civil Division provided plaintiff with the full

measure of its statutory entitlement to search time.  5 U.S.C. § 552(a)(4)(A)(iv)(II) (providing

that no fee may be charged for the first two hours of search time or the first 100 pages of

duplication).  No further action is required given plaintiff's failure to pay any fees.

  The Civil Division also denied plaintiff's request for a fee waiver on July 7, 2005.

Complaint Exhibit 20.  It explained that, based on its review of a portion of the documents, see 5

U.S.C. § 552(a)(4)(A)(iii)(II), the release of documents responsive to the FOIA request would

violate the deliberative process privilege and work product doctrine and interfere with law

enforcement proceedings.  See 5 U.S.C. § 552(b)(5), (7)(A).  Therefore, because it appeared that

the documents could not be disclosed, they would not contribute to the "public understanding" of

government, and no fee waiver was warranted.  5 U.S.C. § 552(a)(4)(A)(iii).  However, the Civil

Division indicated to plaintiff that processing of the request could proceed if plaintiff were

willing to incur fees.  Complaint Exhibit 20 at 2.  From July 2005 to the present, plaintiff has

failed to pay any fees, and therefore no further processing of plaintiff's FOIA request was

required.  5 U.S.C. § 552(a)(3).  On January 23, 2006, OIP affirmed the action of the Civil

Division in denying plaintiff's request for a fee waiver.

Action by OIP

On July 11, 2005, OIP acknowledged receipt of plaintiff's request and advised plaintiff

that searches would be initiated in the Offices of the Attorney General, Deputy Attorney

General, and Associate Attorney General.  On August 9, 2005, plaintiff was notified that its

request for expedited processing by OIP had been granted.[3]  In its July 11, 2005 letter, OIP had

recommended that plaintiff "narrow the scope" of its request in order to "speed up" OIP's record

---

[3] On July 11, 2005, OIP advised plaintiff that it had interpreted plaintiff's request as
seeking expedition under the second standard set forth in Department regulations (permitting
expedition for requests involving an "urgency to inform the public," 28 C.F.R. § 16.5(d)(1)(ii))
and because plaintiff failed to meet the requirements for that standard, its request was denied.
Subsequently, plaintiff sent a separate letter to the Office of Public Affairs ("PAO") on July 18,
2005, seeking expedited processing of its request under the fourth Department standard, which
requires PAO to make the determination.  28 C.F.R. § 16.5(d)(2).  PAO granted expedition under
that standard and OIP informed plaintiff of that fact on August 9, 2005.  As a result, plaintiff's
appeal of OIP's initial denial of expedition on July 11, 2005, was moot, as the appellate authority
of OIP informed plaintiff on August 12, 2005.

searches given the large number of potentially responsive records.  Complaint Exhibit 14 at 1.

Plaintiff never narrowed its request until it reached the January 9, 2006 agreement with

defendant's counsel, so OIP initiated its record searches based on the far broader phrasing

contained  in plaintiff's initial letter to OIP.   In the July 11, 2005 letter, OIP also notified

plaintiff that it had not yet made a decision on plaintiff's request for a fee waiver, but would do

so once it determined whether fees would be assessed for the request, i.e., whether the volume of

documents to be released or the length of time the search entailed would necessitate the

assessment of fees.  Complaint Exhibit 14 at 1.

On January 19, 2006, after plaintiff had narrowed the scope of its request, OIP responded

to plaintiff on the results of its searches.  OIP advised that it had afforded plaintiff two hours of

free search time for each component searched, in accordance with Department of Justice

regulations.  As a result of those searches, five documents were located that were responsive to

plaintiff's request.  OIP withheld one document in full, and referred two documents to the Civil

Division and two documents to the Criminal Division.  OIP informed plaintiff that it was not

able to complete its search in the Office of the Associate Attorney General within those two

hours of free search time and advised plaintiff that additional time would be necessary to

complete the search in that Office.

Because additional search time would be needed to complete the processing of plaintiff's

request, OIP also addressed plaintiff's request for a fee waiver.  After carefully analyzing the

statutory standard in conjunction with Department of Justice regulations, OIP denied plaintiff's

request for a fee waiver.  Plaintiff was advised that its unsupported statements were an

insufficient basis for the granting of a few waiver.  In addition, OIP advised plaintiff that denial

of the fee waiver was appropriate.  It explained that based upon its review of the documents it

had located so far, its knowledge of the subject matter, and its general familiarity with the

records that were responsive, there would be no increased understanding by the public of the

government's operations, 5 U.S.C. § 552(a)(4)(A)(iii), because the records sought were virtually

inherently protected under the attorney work-product, attorney-client, and deliberative process

privileges encompassed within the protection of Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5).

Nevertheless, OIP advised plaintiff that if in the course of further processing its request

(provided plaintiff paid the additional estimated search fees) any documents were located that it

determined qualified for a fee waiver, that document would be provided without cost.  Lastly,

OIP advised plaintiff that in order to continue processing its request, plaintiff was required to pay

the estimated search fees.

Finally, defendant has not violated FOIA by failing to produce the records as specifically

requested, see Complaint Claim Two, because plaintiff has failed to narrow its request or provide

the necessary fees for processing the records, and for the reasons stated above, no fee waiver is

appropriate.  As to those documents which have been reviewed, defendant has not produced

them because they are exempt from disclosure under 5 U.S.C. § 552(b).

### LCvR16.3(c)(1)

The parties agree that this case is likely to be disposed of by disposition motion.  Plaintiff

submits, however, that scheduling any such motion is premature, as Plaintiff seeks discovery on

the threshold issue of whether the Defendant is complying in good faith with its obligations

under the FOIA.

Defendant submits that no discovery is necessary because there is no evidence

whatsoever of bad faith and defendant complied in good faith with its FOIA obligations.

Defendant further submits that the threshold issue of defendant's denial of a fee waiver is now

ripe for adjudication, and that the scheduling of dispositive motions on the withholdings should

await briefing and decision on the fee waiver issue.

### LCvR16.3(c)(2)

Neither party anticipates the joinder of additional parties.  Plaintiff requests that it be

granted 20 days after the close of any discovery to amend the pleadings.  The parties anticipate

that at least some of the factual and legal issues can be agreed upon or narrowed, but submit that

this should await the scheduling of dispositive motions.

### LCvR16.3(c)(3)

The parties agree that this case should not be assigned to a magistrate judge for any

purpose, including trial.

### LCvR16.3(c)(4)

At present, the parties do no believe there is any basis to discuss settlement of the case.

Both parties agree that the issue of settlement should be revisited at a later time.

### LCvR16.3(c)(5)

The parties do not believe the case could benefit from the Court's alternative dispute

resolution procedures at this time.  In reaching this determination, the parties have considered

the provisions of LCvR16.3(c)(5)(i)-(v).

### LCvR16.3(c)(6)

The parties anticipate that this case can be resolved by summary judgment.  Plaintiff

submits that the procedural posture of the case precludes scheduling such motion at this time.

Plaintiff anticipates the need for discovery on the threshold issue of whether Defendant is complying in good faith with the requirements of the FOIA.

Defendant submits that no discovery is necessary, defendant complied in good faith with its FOIA obligations, and the threshold issue of defendant's denial of a fee waiver is now ripe for adjudication and should be scheduled for briefing.  The summary judgment schedule on the withholdings should not be set until the fee waiver issue is decided.

### LCvR16.3(c)(7)

The parties agree to stipulate to dispensing with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure and note that, as a FOIA action, this case would not be subject to those requirements.

### LCvR16.3(c)(8)

Plaintiff anticipates that it will need discovery on the threshold issue of whether the Defendant is complying in good faith with the requirements of the FOIA, given its extraordinary delay in resolving the issues of Plaintiff's entitlement to expedition of its request and a waiver of fees, and the fact that even though expedition of both requests was ultimately granted, Defendant has yet to produce to Plaintiff a single responsive document.  The propriety of Defendant's actions to date in this matter is particularly called into question by the subject matter of Plaintiff's request, the fact that there have been widespread concerns expressed about DOJ's dramatic change of position in what remedy should be entered by the court in the tobacco litigation, including by members of Congress, and the evidence to date suggesting that the government's proposed penalty was the product of improper political influence.  Plaintiff believes the most expeditious way to resolve this issue is through a few, targeted depositions of

the individual or individuals most likely to have exerted such pressure, and possibly

interrogatories.  Plaintiff requests that it be given 60 days to complete such discovery.

Defendant opposes any discovery because there is no evidence of bad faith and defendant

complied in good faith with its FOIA obligations.  See Accuracy in Media, Inc. v. Nat'l Park

Serv., 194 F.3d 120, 124 (D.C. Cir. 1999) (upholding denial of discovery based on "speculative

criticism" of agency's search).  Because plaintiff failed to narrow its FOIA request or pay

processing fees, defendant was under no obligation to incur the costs of further processing.  Both

the Civil Division and OIP responded promptly to plaintiff's FOIA request and urged plaintiff to

narrow it in order to speed up processing.  Plaintiff failed to do that until January 9, 2006, and

also failed to provide fees so that processing could continue beyond the two hours FOIA

requires.  Thus, defendant met its responsibilities, and the ball was largely in plaintiff's court

since plaintiff received defendant's July 2005 responses to its FOIA request.  Moreover, the

processing of plaintiff's FOIA request so far has not taken an inordinate amount of time, and

defendant has acted expeditiously.

**LCvR16.3(c)(9) - (13)**

The parties submit that the remaining topics raised in LCvR16.3(c) are not applicable to

this case, which arises under the FOIA and will, therefore, not be resolved by a trial, will not

require experts, and is not a class action.

Respectfully submitted,


/s/_____
Anne L. Weismann
(D.C.Bar No. 298190)
Melanie Sloan

10

(D.C. Bar No. 434584)
Citizens for Responsibility and
 Ethics in Washington
11 Dupont Circle, N.W.
Washington, D.C.  20036
Phone: (202) 588-5565
Fax: (202) 588-5020

Attorneys for Plaintiff


KENNETH L. WAINSTEIN
United States Attorney

**/s/ Lisa A. Olson**
ELIZABETH J. SHAPIRO
LISA A. OLSON
U.S. Department of Justice
20 Mass. Ave., N.W., Room 6118
Washington, D.C. 20530
Telephone: (202) 514-5633
Telefacsimile: (202) 616-8460
E-mail: lisa.olson@usdoj.gov

Attorneys for Defendant


January 25, 2006