# EXHIBIT C





**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                          *Washington, D.C. 20530*


ADVANCE COPY BY FAX                          **JAN 2 3 2006**

Anne L. Weismann, Esq.
Citizens for Responsibility
  and Ethics in Washington
Second Floor                                 Re:   Appeal No. 05-2367
11 Dupont Circle, NW.                                 Request No. 0145-FOIA-8394
Washington, DC  20036                                MAP:JGM

Dear Ms. Weismann:

     You appealed on behalf of Citizens for Responsibility and Ethics in Washington (CREW) from the fee waiver determination made by the Civil Division with regard to your organization's request for access to records concerning the government's proposed penalty in <u>United States v. Philip Morris USA, et al.</u>, No. 99-2496 (D.D.C.), "of any kind and from any source, regardless of format," and including records related "in any way to any offer of settlement" from thirteen enumerated companies and institutions. (CREW request dated June 28, 2005, ¶ 2 at 1.)

     As you know, the statutory standard for evaluating fee waiver requests provides that fees shall be waived or reduced "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii) (2000). In determining whether you have satisfied this statutory standard, we considered the six factors set out in the Department of Justice regulation that puts this statutory standard into effect. <u>See</u> 28 C.F.R. § 16.11(k) (2005).

     In support of your appeal you state that there has been wide public attention to the government's proposed penalty and seemingly question whether the penalty was a result of improper political influence. You also state that your request concerns the operations of the federal government and that "disclosure will likely contribute significantly to a better understanding of the individuals and organizations that influenced, or attempted to influence, the litigating position of the United States." (CREW appeal dated July 11, 2005, ¶ 3 at 1.) You further state that CREW is a nonprofit corporation organized under section 501(c)(3) of the Internal Revenue Code and that CREW is committed to "protection of citizen rights to be aware of the activities of government officials," to "ensuring the integrity of those officials," and to "empowering citizens to have an influential voice in government decisions." (CREW appeal dated July 11, 2005, ¶ 3 at 2.) Your letter of appeal also describes the methods by which CREW advances its mission and advises that this request is not in its financial interest. And your letter asserts that CREW will analyze the information that it receives and will share that analysis with the public.

-2-

With regard to the Civil Division's response to CREW of July 7, 2005, advising you of its fee waiver determination, you appear to have misconstrued that response inasmuch as you concluded that the Civil Division had "speculative[ly] claim[ed]" that all records responsive to CREW's request were exempt from disclosure (with the exception of those already in the public domain), thus resulting in a "premature and faulty" fee waiver determination. (CREW appeal dated July 11, 2005, ¶¶ 1-2, at 2.) This Office regards that letter as a partial fee waiver determination limited to the records found as a result of the Civil Division's preliminary search (of approximately three hours). (See Civil Division response dated June 7, 2005, ¶ 1 at 2.)

Your conclusion that the Civil Division's fee waiver determination encompasses all responsive records is at odds with the Civil Division's explanation to you that "if, as we proceed with the processing we determine that records can be released" it would evaluate those records for fee waiver purposes. (Id. ¶ 2 at 2.) Likewise, your reading of the Civil Division's letter gives no effect to Civil Division's statement that it "reviewed a portion of the documents responsive to your request." ( Id. ¶ 1 at 2.) While the Civil Division's letter ultimately finds that a "waiver of fees is therefore not appropriate," a reading of that sentence, in conjunction with the entire paragraph in which it is located, makes it clear that all references to "these records" in that paragraph are made with regard to only a portion of the records responsive to your request. It is "these records," therefore, that are the subject of this response.

While I understand that there is some likelihood that records similar to those already located will be found among the records that have yet to be reviewed, until that review is completed, and a fee waiver determination is made by the Civil Division for that portion of records, this Office cannot (nor can the Civil Division) predict what that result might be.

It also appears that you have misconstrued the meaning of at least a portion the statutory fee waiver standard. The language of the fee waiver standard speaks to whether "disclosure" of the requested information would likely contribute to the public's understanding of government operations. If the Civil Division were to simply award a fee waiver to CREW based upon the existence of responsive records, without taking into account which of those records would likely be "disclosed," its action would not comport with the directive of the fee waiver provision that the public interest requirement be met through "disclosure of the information." 5 U.S.C. § 552(a)(4)(A)(iii); see also, e.g., Van Fripp v. Parks, No. 97-0159, slip op. at 10 (D.D.C. Mar. 16, 2000) (stating that "reviewing agencies and court should consider . . . whether the disclosable portions of requested information are meaningfully informative in relation to the subject matter requested" (citing agency's fee waiver regulation)).

You seemingly would have had the Civil Division, and now this Office, find (or, to use your own words, "speculatively claim") that all of the records responsive to your request "satisf[y] fully the criteria for a fee waiver" as you have stated in your appeal. Such a position not only is inconsistent with the wording of the statute as explained above, as it would have been made without an assessment of the nature of the information likely to be disclosed, but it also would place the agency in the untenable position of potentially being unable to recoup fees to

-3-

which it might otherwise be entitled.[1] The majority of courts that have addressed this issue have concluded that until a fee waiver determination has been made and (if a full fee waiver is not granted) the requester has agreed to pay all the assessable fees, the request is not yet ripe for processing because that has been no compliance with the fee requirements of the FOIA.

With regard to those records that already have been located and reviewed, this Office has concluded that the fee waiver determination made by the Civil Division was correct. In reaching this decision on your appeal, the six factors referenced above were analyzed as they apply to CREW's request. It is apparent that many of these records concern the operations or activities of the federal government (fee waiver factor one) and that CREW's interest in the records do not appear to be primarily commercial (fee waiver factors five and six). Further, you have provided some support for CREW's intention to analyze the records that it receives and that that analysis will be shared with the public through various methods (factor three). Your request, however, fails to satisfy the remaining factors. As you are aware, the requester bears the initial burden of demonstrating that it is entitled to a fee waiver.

The releasable records that have been identified thus far consist of records that are part of the public court record in the tobacco litigation. A fee waiver is not appropriate for such records as the public understanding will not be significantly enhanced by release of information that is already available to the public (fee waiver factors two and four). See, e.g., Judicial Watch, Inc. v. Dep't of Justice, No. 03-5093, 2004 WL 980826, at *18 (D.C. Cir. May 7, 2004) (finding "no basis to conclude that [plaintiff] is entitled to a blanket fee waiver" where plaintiff did not take issue with the reasonableness of the district court's finding of the public availability of the documents already released; upholding the government's refusal to process additional documents without payment of fees); Carney v. United States Dep't of Justice, 19 F.3d 807, 815 (2d Cir. 1994) (noting that "where records are readily from other sources . . . further disclosure by the agency will not significantly contribute to public understanding"); McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282, 1286 (9th Cir. 1987) (recognizing that new information has more potential to contribute to public understanding).

---

[1] If fee waivers were granted simply on the basis of the face of the request without an assessment of the records likely to be disclosed, and thereafter during the actual processing of the records it were determined that the requested records are properly exempt from disclosure, the agency (having already granted a fee waiver) would be without recourse to demand payment. This is further so because Department of Justice regulations require -- in accordance with the fee guidelines issued by the Office of Management and Budget -- that when assessable fees exceed $25.00, the requester must commit to pay them in writing before the agency is obligated to process that request; in other words -- no commitment, no obligation to process. While this procedure was created in part to give the requester some protection against fees without first receiving notification from the agency and then agreeing to them, it could have an extraordinary impact on an agency's ability to collect fees if fee waivers, as you appear to suggest, were determined merely on the basis of the nature of the request alone.

-4-

You emphasize in both your initial request and appeal, presumably to enhance CREW's claim that it is entitled to a fee waiver, that CREW is a nonprofit corporation organized under section 501(c)(3) of the Internal Revenue Service Code. While this statement is not disputed, it is irrelevant with regard to CREW's entitlement to a fee waiver. It is well settled that there is no automatic waiver of fees for nonprofit institutions. Further, you describe CREW's commitment to the "protection of the citizen rights to be aware of the activities of government officials and to ensuring the integrity of those officials," and that "CREW is dedicated to empowering citizens." (CREW request dated June 28, 2005, ¶ 3 at 3.) Again, such characterizations address CREW's mission statement and not its qualifications under the statutory standard, and so they are not helpful to this Office in its evaluation of CREW's entitlement to a fee waiver. Accordingly, with regard to the records thus far located and reviewed by the Civil Division, your appeal is denied.

While you have been provided with your full measure of statutory entitlement with regard to search time, your entitlement to one hundred pages of releasable records without cost has not yet been exhausted. Given the wording of your request, however, it would appear that CREW is not interested in receiving the publicly available information that has been located to date. If this is incorrect please inform the Civil Division directly. You should understand, however, that because you have not been granted a fee waiver at this time and because you have not indicated an amount that CREW is willing to pay in the absence of a fee waiver, no further action is required by the Civil Division beyond your statutory entitlements. See 5 U.S.C. § 552(a)(3); see also, e.g., Vennes v. IRS, No. 89-5136, slip op. at 2-3 (8th Cir. Oct. 13, 1989) (explaining that agency is under no obligation to produce material until either requester agrees to pay fee or fee waiver is approved); Casad v. HHS, No. 01-1911, 2003 U.S. Dist. LEXIS 13007, at *18 (D.D.C. June 20, 2003) (recognizing that where fee waiver is denied, no action by agency is required until requester agrees to pay fee associated with request); Daniel v. United States Dep't of Justice, No. 99-2423, slip op. at 2 (D.D.C. Mar. 30, 2001) (dismissing complaint for production of records where plaintiff had failed to pay fee after fee waiver was denied), summary affirmance granted, No. 01-5119, 2001 WL 1029156, at *1 (D.C. Cir. Aug. 28, 2001). The Civil Division previously had asked that you specify an amount of fees that you are willing to expend for this request. To date you have not done so. Please be advised that should you do so and if upon further processing by the Civil Division records are identified that are releasable and qualify for a fee waiver, any money owed by CREW would be reduced commensurate with the amount of the fee waiver granted.

With reference to the breadth of your request, I note that your request, as originally submitted, sought records related to any penalty with regard to the tobacco litigation, as well as records related to any offer of settlement over a multi-year period. There was an enormous volume of potentially responsive records responsive to that request. I now have been informed that as a result of recent discussions between the parties, the volume of records to be reviewed has been substantially reduced.

While I would still suggest that you give consideration to agreeing to pay a particular amount of fees and informing the Civil Division's FOIA Office of that amount in a letter, you might also consider contacting that office, assuming such communications are viable, and asking that it provide you with an estimate of the fees needed to process your request as now modified.

-5-

If you choose the former, it would allow the Civil Division to move forward with your request upon receipt of your commitment letter. By choosing the latter and after receiving the fee estimate, you may then give consideration to agreeing to pay the full amount estimated or a portion of it. As previously mentioned, upon further processing of your request, if it is determined that records reviewed do qualify for a fee waiver, any money owed by CREW would be reduced commensurate with the amount of the fee waiver granted.

Even though this Office is aware that you already have proceeded to litigation, agency regulations require that you be informed of your right to judicial review of this action in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

# EXHIBIT D

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

MAR 2 4 2004

Ms. Melanie Sloan
Executive Director
Citizens for Responsibility and          Re:    AG/04-R0512
  Ethics in Washington                           DAG/04-R0513
11 DuPont Circle, N.W.                             ASG/04-R514
2nd Floor                                                    OLA/04-R0515
Washington, D.C. 20036                        OLP/04-R0516

Dear Ms. Sloan:

This is to acknowledge receipt of your letter dated February 27, 2004, and received in this Office on March 4, 2004, for certain records pertaining to judicial nominations. This response is being made on behalf of the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legislative Affairs, and Legal Policy.

Our staff has not yet been able to complete a search to determine whether there are records within the scope of your request. Accordingly, we will be unable to comply with the twenty-working-day time limit in this case, as well as the ten additional days provided by the statute. In an effort to speed up our records search, you may wish to narrow the scope of your request to limit the number of potentially responsive records or agree to an alternative time frame for processing, should records be located; or you may wish to await the completion of our records search to discuss either of these options.

We have not yet made a decision on your request for a fee waiver. We will do so after we determine whether fees will be assessed for this request.

I regret the necessity of the delay, but I assure you that your request will be processed as soon as possible. If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact me by telephone at the above number or you may write to me at the above address.

Sincerely,

Stephanie L. Kuehn
FOIA Specialist

# EXHIBIT E

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                         _Washington, D.C. 20530_

Ms. Anne Weismann                                   JAN 19 2006
Citizens for Responsibility and Ethics
    in Washington                               Re:    AG/05-R0788
11 Dupont Circle, N.W.                                   DAG/05-R0789
2nd Floor                                                ASG/05-R0790
Washington, DC 20036                                     MAP:VRB

Dear Ms. Weismann:

    This is in response to your Freedom of Information Act (FOIA) request dated June 28, 2005, and received in this Office on July 1, 2005, in which you requested certain records concerning the government's litigation of United States v. Philip Morris. Inc. This response is made on behalf of the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General.

    By letter dated July 11, 2005, we acknowledged receipt of your request and, in an effort to speed up our searches for responsive records, suggested that you narrow the scope of your request. However, because we did not receive any response or indication from you that you were willing to narrow the scope of your request, we initiated records searches based on the phrasing of your initial letter to this Office, which sought records "discussing or mentioning in any way any penalty that the U.S. Department of Justice . . . can, may, should or will propose" in the litigation of United States v. Philip Morris, Inc. since January 2001, as well as records of a number of contacts "concerning in any way the tobacco lawsuit." Subsequently, on January 9, 2006, after the commencement of litigation in this case, you agreed to narrow the scope of your request to "documents dealing with the identification and selection of remedies sought by the Department and any changes to particular remedies sought by the Department from January 2005 onward, including records discussing, mentioning or referring in any way to the government's decision to reduce the penalties it is seeking against the tobacco industry from $130 billion to $10 billion or the government's decision to offer testimony from any witness during the remedies phase of trial in United States v. Philip Morris." On other occasions, you also advised that you are not interested in receiving Court filings or correspondence. Accordingly, we were able to significantly narrow the scope of our records searches based on this new formulation of your request.

    You have requested a "public interest" fee waiver for this request. A fee waiver is appropriate only when "disclosure of the [requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); see also 28 C.F.R. § 16.11(k) (2005) (six fee waiver factors to be considered). While the records you seek do concern the operations or activities of the Department of Justice and you do not appear to have an overriding commercial interest in the

-2-

records, other relevant factors have not been met. Your blanket assertion that "these records are likely to contribute to the public's understanding of the individuals and organizations that influence or attempt to influence the litigating position of the United States of America in a lawsuit of major and far-reaching consequences" is not a sufficient basis for me to grant a fee waiver. First, you provide no evidence that, in fact, any individual or organization attempted to influence or did influence the government's litigating position. Moreover your statement is too ephemeral a basis on which to grant a fee waiver. See American Fed'n of Gov't Employees v. United States Dep't of Commerce, 632 F. Supp. 1272, 1278 (D.D.C. 1986) (finding allegations of malfeasance too ephemeral to warrant waiver of search fees without further evidence that informative material will be found), aff'd on other grounds, 907 F.2d 203 (D.C. Cir. 1990); Fazzini v. United States Dep't of Justice, No. 90 C 3303, slip op. at 11 (N.D. Ill. May 2, 1991) (holding that allegations of government coverup, unsupported by objective evidence, do not create legitimate public interest for purposes of fee waiver); Conklin v. United States, 654 F. Supp. 1104, 1105 (D. Colo. 1987) (finding mere allegations of wrongdoing do not justify fee waiver).

Further, a fee waiver is granted when it is determined that the substantive content of the disclosable portions of the records requested is likely to contribute significantly to public understanding of government operations or activities. See 28 C.F.R. § 16.11(k)(2)(ii). Based upon our review of the documents we have located, our knowledge of the subject matter, and our general familiarity with the records that are responsive to this request, I have determined that a fee waiver is not appropriate. The records you seek are virtually inherently protected by the attorney work-product, attorney-client, and deliberative process privileges. To warrant a waiver or reduction of fees, the public's understanding of the subject matter in question, as compared to the level of public understanding existing prior to the disclosure, must be likely to be enhanced by the disclosure to a significant extent. For the records that are being withheld, there can be no increase in public understanding of the government's operations, and so a fee waiver is not warranted. See Van Fripp v. Parks, No. 97-0159, slip op. at 10 (D.D.C. Mar. 16, 2000) (stating that "reviewing agencies and courts should consider . . . whether the disclosable portions of requested information are meaningfully informative in relation to the subject matter requested" (citing agency's fee waiver regulation)). Thus, we have denied your request for a fee waiver at this time. If in the course of processing your request further we determine that a fee waiver is appropriate for a particular document, we will provide it without cost.

We have determined that you are a non-media, non-commercial requester pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(III). Therefore, you are entitled to two free hours of search time and 100 pages of records per component without incurring search or duplication charges. See 28 C.F.R. § 16.11(d). Beyond the two hours of free search time per component to which you are entitled, you will be required to pay for additional search time incurred at the cost of $28.00 for each hour spent by professional personnel in obtaining these records. See 28 C.F.R. § 16.11(c)(1)(ii). Duplication fees beyond one hundred pages will be assessed at ten cents per page. See 28 C.F.R. § 16.11(c)(2). Because you have not been granted a fee waiver and have not indicated an amount that you are willing to pay, by this letter we are providing you with the results of the two free hours of search time per component that we have provided you.

-3-

We conducted records searches in the Departmental Executive Secretariat, which is the official records repository for the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General, and in the Offices of the Attorney General and Deputy Attorney General. We also initiated a records search in the Office of the Associate Attorney General; however, we were unable to complete our search in that Office within your two hours of free search time. At this time, five documents, totaling twenty pages, responsive to your request have been located. One document, totaling one page, is being withheld in full pursuant to Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5), which pertains to certain inter- and intra-agency communications protected by the attorney-client, attorney work-product, and deliberative process privileges. This document is not appropriate for discretionary disclosure.

We have referred two documents, totaling thirteen pages, to the Civil Division, and two documents, totaling six pages, to the Criminal Division.

As mentioned above, we have not yet completed our records search in the Office of the Associate Attorney General. We estimate that it will take an additional twelve hours to complete our search in that Office. If you wish for us to continue searching for responsive documents in the Office of the Associate Attorney General, you must pay for the additional search time at a rate of $28.00 per hour, for a total of $336.00. Because this estimate exceeds $250.00, we require an advance payment of $250.00. See 28 C.F.R. § 16.11(i)(2). You may also choose to specify a particular amount you are willing to pay and forward a check for that amount.

Please forward your check or money order, made payable to the United States Treasury, to the Office of Information and Privacy, Flag Building, Suite 570, Washington, D.C. 20530-0001. Both your check or money order and the envelope should be marked with the reference numbers AG/05-R0788; DAG/05-R0789; ASG/05-R0790. If we do not receive your payment within thirty calendar days from the date of this letter, we will assume that you are not interested in any further records search and we will consider your request closed in this Office.

Although I am aware that your request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you that you have the right to file an administrative appeal.

Sincerely,

Melanie Ann Pustay

Melanie Ann Pustay
Deputy Director

**EXHIBIT F**

# VII. COMPLIANCE WITH TIME LIMITS/STATUS OF PENDING REQUESTS

## A. MEDIAN PROCESSING TIME FOR REQUESTS PROCESSED DURING THE YEAR

| | Simple Requests | | Complex Requests | | Requests Accorded Expedited Processing | |
|---|---|---|---|---|---|---|
| | Number of Requests Processed | Median Number Of Days To Process | Number of Requests Processed | Median Number Of Days To Process | Number of Requests Processed | Median Number Of Days To Process |
| Office of the AG | 226 | 27 | 41 | 60 | 1 | 12 |
| Office of the DAG | 113 | 33 | 24 | 156 | 5 | 9 |
| Office of the ASSOC. AG | 67 | 48 | 5 | 113 | 1 | 12 |
| | | | | | | |
| Antitrust | 238 | 10 | 0 | N/A | 0 | N/A |
| BOP | 21,187 | 10 | 124 | 21 | 15 | 1 |
| Civil | 548 | 14 | 0 | N/A | 0 | N/A |
| Civil Rights | 559 | 16 | 67 | 199 | 28 | 25 |
| CRS | 15 | 10 | 0 | N/A | 0 | N/A |
| Criminal | 0 | N/A | 1,666 | 20 | 2 | 57 |
| DEA | 0 | N/A | 2,377 | 14 | 0 | N/A |
| ENRD | 0 | N/A | 198 | 17 | 0 | N/A |
| EOIR | 4,820 | 36 | 170 | 42 | 0 | N/A |
| EOUSA | 2,867 | 57 | 0 | N/A | 0 | N/A |
| EOUST | 0 | N/A | 108 | 19 | 0 | N/A |
| FBI | 6,082[*] | 78 | 406[*]; 59[*] | 638; 2,097 | 10 | 66 |
| FCSC | 38 | 2 | 0 | N/A | 0 | N/A |
| INS | 114,717 | 23 | 49,164 | 46 | 157 | 2 |
| JMD | 3,255 | 30 | 35 | 50 | 2 | 5 |
| NDIC | 39 | 22 | 0 | N/A | 0 | N/A |
| COPS | 157 | 15 | 1 | 128 | 5 | 1 |
| ODR | 2 | 18 | 0 | N/A | 0 | N/A |
| OIP | 138 | 17 | 2 | 124 | 0 | N/A |
| OIPR | 34 | 25 | 0 | N/A | 0 | N/A |
| Intergovernmental Affairs | 12 | 25 | 2 | 124 | 1 | 47 |
| OJP | 41 | 1 | 14 | 25 | 26 | 7 |
| OLC | 41 | 10 | 6 | 21 | 0 | N/A |
| OLA | 52 | 47 | 18 | 46 | 1 | 106 |
| Pardon Attorney | 61 | 21 | 0 | N/A | 0 | N/A |
| OPD | 30 | 50 | 12 | 56 | 3 | 95 |
| OPR | 0 | N/A | 142 | 19 | 0 | N/A |
| Public Affairs | 45 | 56 | 1 | 124 | 1 | 47 |
| OIG | 203 | 29 | 0 | N/A | 0 | N/A |
| OSG | 72 | 20 | 0 | N/A | 0 | N/A |
| PRAO | 4 | 2 | 0 | N/A | 0 | N/A |

| | | | | | | |
|---|---|---|---|---|---|---|
| TAX | 546 | 0 | 84 | 12 | 0 | N/A |
| USMS | 1,251 | 14 | 138 | 25 | 0 | N/A |
| USNCB | 235 | 5 | 41 | 35 | 0 | N/A |
| USPC | 0 | N/A | 1,000 | 21 | 0 | N/A |

\* In addition to the expedited track, the FBI maintains three tracks for requests: small (0-500 pages), medium (501-2,500 pages), and large (over 2,500 pages).

## B. STATUS OF PENDING REQUESTS

| | NUMBER OF REQUESTS PENDINGS AS OF END OF FISCAL YEAR | MEDIAN NUMBER OF DAYS PENDING | |
|---|---|---|---|
| OFFICE OF THE AG | 186 | 67; 143; 195 | Use three (3) tracks: expedited, simple, and complex |
| OFFICE OF THE DAG | 98 | 67; 139; 298 | Use three (3) tracks: expedited, simple, and complex |
| OFFICE OF THE ASSOC. AG | 48 | 67; 123; 300 | Use three (3) tracks: expedited, simple, and complex |
| | | | |
| ANTITRUST | 47 | 68 | |
| BOP | 534 | 12 | |
| CIVIL | 42 | 37 | |
| CIVIL RIGHTS | 63 | 43 | |
| CRS | 0 | N/A | |
| CRIMINAL | 636 | 509 | |
| DEA | 250 | 12 | |
| ENRD | 20 | 29 | |
| EOIR | 20 | 10 | |
| EOUSA | 1,960 | 63 | |
| EOUST | 0 | N/A | |
| FBI | 3,733 | 194 | |
| FCSC | 1 | 8 | |
| INS | 25,048 | 40 | |
| JMD | 11 | 31 | |
| NDIC | 10 | 36 | |
| COPS | 9 | 22 | |
| ODR | 0 | N/A | |
| OIP | 37 | 98; 120; N/A | Use three (3) tracks: expedited, simple, and complex |
| OIPR | 36 | 101 | |
| Intergovernmental Affairs | 4 | 98; 207; N/A | Use three (3) tracks: expedited, simple, and complex |
| OJP | 0 | N/A | |

| | | | |
|---|---|---|---|
| OLC | 14 | 30 | |
| OLA | 55 | 67; 129; 173 | Use three (3) tracks: expedited, simple, and complex |
| Pardon Attorney | 3 | 47 | |
| OPD | 15 | 98; 185; N/A | Use three (3) tracks: expedited, simple, and complex |
| OPR | 29 | 34 | |
| Public Affairs | 29 | 67; 122; 173 | Use three (3) tracks: expedited, simple, and complex |
| OIG | 8 | 25 | |
| OSG | 0 | N/A | |
| PRAO | 0 | N/A | |
| TAX | 0 | N/A | |
| USMS | 65 | 8 | |
| USNCB | 1 | 1 | |
| USPC | 73 | 30 | |

Go to: <u>Table of Contents</u> // <u>DOJ FOIA Page</u> // <u>Justice Department Home Page</u>

# VII. COMPLIANCE WITH TIME LIMITS/STATUS OF PENDING REQUESTS

## A. MEDIAN PROCESSING TIME FOR REQUESTS PROCESSED DURING THE YEAR

| | Simple Requests | | Complex Requests | | Requests Accorded Expedited Processing | |
|---|---|---|---|---|---|---|
| | Number of Requests Processed | Median Number Of Days To Process | Number of Requests Processed | Median Number Of Days To Process | Number of Requests Processed | Median Number Of Days To Process |
| Office of the AG | 340 | 137 | 21 | 166 | 9 | 107 |
| Office of the DAG | 7 | 25 | 173 | 24 | 17 | 47 |
| Office of the ASSOC. AG | 103 | 25 | 5 | 124 | 6 | 47 |
| Antitrust | 189 | 11 | 0 | N/A | 0 | N/A |
| BOP | 24,515 | 12 | 234 | 22 | 13 | 1 |
| Civil | 0 | N/A | 697 | 18 | 1 | 33 |
| Civil Rights | 634 | 17 | 56 | 208 | 11 | 21 |
| CRS | 11 | 10 | 0 | N/A | 0 | N/A |
| Criminal | 0 | N/A | 1,526 | 19 | 7 | 43 |
| DEA | 0 | N/A | 2,252 | 16 | 0 | N/A |
| ENRD | 0 | N/A | 158 | 28 | 0 | N/A |
| EOIR | 4,725 | 13 | 288 | 56 | 0 | N/A |
| EOUSA | 3,713 | 34 | 0 | N/A | 0 | N/A |
| EOUST | 0 | N/A | 113 | 17 | 0 | N/A |
| FBI | 3,848 | 86 | 467*; 51* | 546; 1,311 | 7 | 58 |
| FCSC | 20 | 5 | 0 | N/A | 0 | N/A |
| INS | 81,192 | 15 | 42,142 | 37 | 84 | 16 |
| JMD | 3,175 | 11 | 44 | 48 | 0 | N/A |
| NDIC | 45 | 25 | 8 | 48 | 0 | N/A |
| COPS | 144 | 19 | 0 | N/A | 0 | N/A |
| ODR | 9 | 16 | 0 | N/A | 0 | N/A |
| OIP | 227 | 25 | 2 | 124 | 1 | 47 |
| OIPR | 77 | 40 | 0 | N/A | 2 | 86 |
| Intergovernmental Affairs | 20 | 25 | 1 | 124 | 1 | 47 |
| OJP | 13 | 1 | 16 | 25 | 19 | 7 |
| OLC | 51 | 10 | 5 | 25 | 0 | N/A |
| OLP | 117 | 25 | 1 | 124 | 3 | 47 |
| OLA | 101 | 25 | 5 | 124 | 3 | 47 |
| Pardon Attorney | 133 | 18 | 0 | N/A | 0 | N/A |
| OPR | 0 | N/A | 111 | 31 | 0 | N/A |
| Public Affairs | 57 | 25 | 1 | 124 | 4 | 47 |
| OIG | 193 | 7 | 0 | N/A | 0 | N/A |
| OSG | 75 | 60 | 0 | N/A | 0 | N/A |
| PRAO | 16 | 3 | 0 | N/A | 2 | 3 |

| | | | | | | |
|---|---|---|---|---|---|---|
| TAX | 700 | 0 | 73 | 21 | 0 | N/A |
| USMS | 1,425 | 9 | 20 | 55 | 0 | N/A |
| USNCB | 327 | 9 | 10 | 51 | 1 | 7 |
| USPC | 0 | N/A | 1,589 | 18 | 0 | N/A |

* In addition to the expedited track, the FBI maintains three tracks for requests: small (0-500 pages), medium (501-2,500 pages), and large (over 2,500 pages).

## B. STATUS OF PENDING REQUESTS

| | NUMBER OF REQUESTS PENDINGS AS OF END OF FISCAL YEAR | MEDIAN NUMBER OF DAYS PENDING | |
|---|---|---|---|
| OFFICE OF THE AG | 153 | 47; 25; 124 | Use three (3) tracks: expedited, simple, and complex |
| OFFICE OF THE DAG | 80 | 110; 137; 166 | Use three (3) tracks: expedited, simple, and complex |
| OFFICE OF THE ASSOC. AG | 30 | 114; 137; 166 | Use three (3) tracks: expedited, simple, and complex |
| | | | |
| ANTITRUST | 65 | 142 | |
| BOP | 510 | 13; 18 | Use two (2) tracks: simple and complex |
| CIVIL | 24 | 10 | |
| CIVIL RIGHTS | 70 | 33 | |
| CRS | 0 | N/A | |
| CRIMINAL | 732 | 467 | |
| DEA | 286 | 14 | |
| ENRD | 31 | 18 | |
| EOIR | 25 | 10 | |
| EOUSA | 2,141 | 817 | |
| EOUST | 0 | N/A | |
| FBI | 2,487 | 130 | |
| FCSC | 0 | N/A | |
| INS | 12,049; 16,317 | 37; 40 | Use two (2) tracks: simple and complex |
| JMD | 16 | 55 | |
| NDIC | 2 | 6 | |
| COPS | 14 | 15 | |
| ODR | 0 | N/A | |
| OIP | 19 | 142; 137; 166 | Use three (3) tracks: expedited, simple, and complex |
| OIPR | 18 | 104 | |
| Intergovernmental Affairs | 4 | 142; 137; 166 | Use three (3) tracks: expedited, simple, and complex |
| OJP | 3 | 14 | |
| OLC | 13 | 30 | |

| | | | |
|---|---|---|---|
| OLP | 15 | 142; 137; 166 | Use three (3) tracks: expedited, simple, and complex |
| OLA | 40 | 135; 137; 166 | Use three (3) tracks: expedited, simple, and complex |
| Pardon Attorney | 6 | 4 | |
| OPR | 32 | 24 | |
| Public Affairs | 15 | 121; 137; 166 | Use three (3) tracks: expedited, simple, and complex |
| OIG | 9 | 84 | |
| OSG | 1 | 30 | |
| PRAO | 0 | N/A | |
| TAX | 0 | N/A | |
| USMS | 55 | 13 | |
| USNCB | 2 | 12 | |
| USPC | 126 | 30 | |

Go to: Table of Contents // DOJ FOIA Page // Justice Department Home Page

# VII. COMPLIANCE WITH TIME LIMITS/STATUS OF PENDING REQUESTS

## A. MEDIAN PROCESSING TIME FOR REQUESTS PROCESSED DURING THE YEAR

| | Simple Requests | | Complex Requests | | Requests Accorded Expedited Processing | |
|---|---|---|---|---|---|---|
| | Number of Requests Processed | Median Number Of Days To Process | Number of Requests Processed | Median Number Of Days To Process | Number of Requests Processed | Median Number Of Days To Process |
| Office of the AG | 221 | 25 | 45 | 390 | 5 | 134 |
| Office of the DAG | 107 | 30 | 22 | 396 | 6 | 128 |
| Office of the ASSOC. AG | 65 | 33 | 10 | 351 | 1 | 148 |
| | | | | | | |
| Antitrust | 152 | 11 | 0 | N/A | 4 | 8 |
| BOP | 13,472 | 13 | 396 | 42 | 18 | 2 |
| Civil | 540 | 12 | 4 | 26 | 0 | N/A |
| Civil Rights | 400 | 16 | 47 | 273 | 7 | 22 |
| CRS | 151 | 0 | 0 | N/A | 0 | N/A |
| Criminal | 0 | N/A | 1,258 | 21 | 1 | 1 |
| DEA | 0 | N/A | 1,839 | 14 | 0 | N/A |
| ENRD | 0 | N/A | 191 | 25 | 0 | N/A |
| EOIR | 6,122 | 14 | 498 | 58 | 0 | N/A |
| EOUSA | 3,869 | 27 | 0 | N/A | 0 | N/A |
| EOUST | 0 | N/A | 167 | 18 | 0 | N/A |
| FBI | 2,901 | 67 | 239[*]; 6[*] | 336[*]; 447.5[*] | 11 | 118 |
| FCSC | 17 | 3 | 0 | N/A | 0 | N/A |
| INS | 93,165 | 21 | 40,203 | 46 | 56 | 8 |
| JMD | 2,330 | 23 | 26 | 52 | 0 | N/A |
| NDIC | 32 | 16 | 1 | 38 | 0 | N/A |
| COPS | 134 | 13 | 0 | N/A | 0 | N/A |
| ODR | 6 | 3 | 0 | N/A | 0 | N/A |
| OFDT | 0 | N/A | 0 | N/A | 0 | N/A |
| OIG | 133 | 29 | 0 | N/A | 0 | N/A |
| OIP | 228 | 11 | 2 | 228 | 0 | N/A |
| OIPR | 44 | 30 | 7 | 70 | 0 | N/A |
| OIPL | 17 | 23 | 0 | N/A | 0 | N/A |
| OJP | 5 | 1 | 14 | 25 | 6 | 7 |
| OLC | 55 | 10 | 5 | 30 | 0 | N/A |
| OLP | 37 | 39 | 1 | 617 | 0 | N/A |
| OLA | 68 | 49 | 11 | 362 | 1 | 52 |
| Pardon Attorney | 63 | 21 | 0 | N/A | 0 | N/A |
| OPR | 0 | N/A | 90 | 36 | 0 | N/A |
| OSG | 71 | 60 | 0 | N/A | 3 | 10 |
| PRAO | 7 | 3 | 0 | N/A | 0 | N/A |

| | | | | | | |
|---|---|---|---|---|---|---|
| Public Affairs | 28 | 27 | 4 | 621 | 1 | 190 |
| TAX | 404 | 0 | 44 | 18 | 0 | N/A |
| USMS | 1,267 | 5 | 19 | 57 | 0 | N/A |
| USNCB | 278 | 21 | 8 | 39 | 0 | N/A |
| USPC | 0 | N/A | 1,471 | 13 | 0 | N/A |

\* In addition to the expedited track, the FBI maintains three tracks for requests: small (0-500 pages), medium (501-2,500 pages), and large (more than 2,500 pages). The former is reported in the "simple requests" category; the latter two are reported as "complex requests."

## B. STATUS OF PENDING REQUESTS

| | NUMBER OF REQUESTS PENDINGS AS OF END OF FISCAL YEAR | MEDIAN NUMBER OF DAYS PENDING | |
|---|---|---|---|
| Office of the AG | 163 | 29; 52; 173 | Uses three (3) tracks: expedited, simple, and complex |
| Office of the DAG | 84 | 29; 55; 173 | Uses three (3) tracks: expedited, simple, and complex |
| Office of the ASSOC. AG | 41 | 29; 74; 173 | Uses three (3) tracks: expedited, simple, and complex |
| | | | |
| Antitrust | 63 | 295 | |
| BOP | 701 | 12; 14 | Uses two (2) tracks: simple and complex |
| Civil | 26 | 9 | |
| Civil Rights | 94 | 119 | |
| CRS | 0 | N/A | |
| Criminal | 651 | 364 | |
| DEA | 212 | 15 | |
| ENRD | 30 | 25 | |
| EOIR | 55 | 10 | |
| EOUSA | 1,902 | 828 | |
| EOUST | 2 | 12 | |
| FBI | 2,633 | 90 | |
| FCSC | 0 | N/A | |
| INS | 13,778; 11,737 | 40 | Uses two (2) tracks: simple and complex |
| JMD | 32 | 53 | |
| NDIC | 4 | 19 | |
| COPS | 6 | 2 | |
| ODR | 0 | N/A | |
| OFDT | 0 | N/A | |
| OIG | 2 | 85 | |
| OIP | 25 | 0; 34; 90 | Uses three (3) tracks: expedited, simple, and complex |
| | | | |

| | | | |
|---|---|---|---|
| OIPR | 10 | 100 | |
| OIPL | 4 | 0; 67; 258 | Uses three (3) tracks: expedited, simple, and complex |
| OJP | 5 | 14 | |
| OLC | 2 | 30 | |
| OLP | 30 | 29; 52; 173 | Uses three (3) tracks: expedited, simple, and complex |
| OLA | 45 | 29; 98; 191 | Uses three (3) tracks: expedited, simple, and complex |
| Pardon Attorney | 8 | 15 | |
| OPR | 26 | 140 | |
| OSG | 8 | 60 | |
| PRAO | 0 | N/A | |
| Public Affairs | 24 | 0; 35; 191 | Uses three (3) tracks: expedited, simple, and complex |
| TAX | 3 | 36 | |
| USMS | 83 | 19 | |
| USNCB | 0 | N/A | |
| USPC | 56 | 25 | |

Go to: <u>Table of Contents</u> // <u>DOJ FOIA Page</u> // <u>Justice Department Home Page</u>

# VII. COMPLIANCE WITH TIME LIMITS/STATUS OF PENDING REQUESTS

## A. MEDIAN PROCESSING TIME FOR REQUESTS PROCESSED DURING THE YEAR

| | Simple Requests | | Complex Requests | | Requests Accorded Expedited Processing | |
|---|---|---|---|---|---|---|
| | Number of Requests Processed | Median Number Of Days To Process | Number of Requests Processed | Median Number Of Days To Process | Number of Requests Processed | Median Number Of Days To Process |
| Office of the AG | 256 | 19 | 30 | 361 | 3 | 80 |
| Office of the DAG | 116 | 26 | 24 | 290 | 3 | 80 |
| Office of the ASSOC. AG | 56 | 33 | 14 | 365 | 1 | 42 |
| | | | | | | |
| ATF | 2,625 | 10 | 0 | N/A | 0 | N/A |
| Antitrust | 154 | 10 | 15 | 471 | 3 | 4 |
| BOP | 13,354 | 16 | 545 | 27 | 16 | 1 |
| Civil | 512 | 15 | 0 | N/A | 0 | N/A |
| Civil Rights | 388 | 14 | 60 | 303 | 0 | N/A |
| CRS | 20 | 10 | 0 | N/A | 0 | N/A |
| Criminal | 0 | N/A | 1,444 | 16 | 1 | 74 |
| DEA | 0 | N/A | 1,746 | 15 | 0 | N/A |
| ENRD | 0 | N/A | 163 | 27 | 0 | N/A |
| EOIR | 7,732 | 25 | 946 | 67 | 4 | 19 |
| EOUSA | 4,420 | 34 | 0 | N/A | 54 | 79 |
| EOUST | 0 | N/A | 84 | 8 | 0 | N/A |
| FBI | 11,580 | 14 | 236*; 18* | 370*; 558* | 20 | 22 |
| FCSC | 17 | 2 | 0 | N/A | 0 | N/A |
| JMD | 2,325 | 24 | 44 | 93 | 0 | N/A |
| NDIC | 68 | 22 | 5 | 29 | 0 | N/A |
| COPS | 120 | 8 | 0 | N/A | 0 | N/A |
| ODR | 15 | 4 | 0 | N/A | 0 | N/A |
| OFDT | 11 | 5 | 0 | N/A | 0 | N/A |
| OIP | 313 | 11 | 2 | 366 | 1 | 9 |
| OIG | 210 | 11 | 0 | N/A | 0 | N/A |
| OIPR | 37 | 30 | 7 | 80 | 0 | N/A |
| OIPL | 7 | 43 | 1 | 369 | 0 | N/A |
| OJP | 448 | 1 | 44 | 25 | 5 | 7 |
| OLC | 47 | 10 | 6 | 30 | 0 | N/A |
| OLP | 65 | 33 | 14 | 262 | 3 | 52 |
| OLA | 39 | 71 | 20 | 326 | 3 | 80 |
| Pardon Attorney | 63 | 21.5 | 0 | N/A | 0 | N/A |
| OPR | 117 | 21 | 8 | 373 | 0 | N/A |
| OSG | 72 | 60 | 0 | N/A | 3 | 10 |
| PRAO | 19 | 3 | 0 | N/A | 0 | N/A |

| | | | | | | |
|---|---|---|---|---|---|---|
| Public Affairs | 32 | 49 | 6 | 428 | 2 | 66 |
| TAX | 334 | 0 | 43 | 20 | 0 | N/A |
| USMS | 1,668 | 9 | 20 | 92 | 0 | N/A |
| USNCB | 195 | 8 | 23 | 33 | 3 | 2 |
| USPC | 0 | N/A | 1,455 | 15 | 0 | N/A |
| | | | | | | |
| TOTALS | 47,435 | N/A | 7,023 | N/A | 125 | N/A |

\* In addition to the expedited track, the FBI maintains three tracks for requests: small (0-500 pages), medium (501-2,500 pages), and large (more than 2,500 pages). The former is reported in the "simple requests" category; the latter two are reported as "complex requests."

## B. STATUS OF PENDING REQUESTS

| | NUMBER OF REQUESTS PENDINGS AS OF END OF FISCAL YEAR | MEDIAN NUMBER OF DAYS PENDING | |
|---|---|---|---|
| Office of the AG | 180 | 31; 66; 88 | Uses three tracks: expedited, simple, and complex |
| Office of the DAG | 101 | 0; 61; 110 | Uses three tracks: expedited, simple, and complex |
| Office of the ASSOC. AG | 32 | 0; 47; 88 | Uses three tracks: expedited, simple, and complex |
| | | | |
| ATF | 374 | 41 | |
| Antitrust | 0; 0; 49 | 0; 0; 312 | Uses three tracks: expedited, simple, and complex |
| BOP | 1336; 51 | 7; 14 | Uses two tracks: simple and complex |
| Civil | 33 | 24 | |
| Civil Rights | 175 | 135 | |
| CRS | 0 | N/A | |
| Criminal | 673 | 309 | |
| DEA | 248 | 15 | |
| ENRD | 51 | 28.5 | |
| EOIR | 50 | 20 | |
| EOUSA | 1,871 | 672 | |
| EOUST | 2 | 3.5 | |
| FBI | 1,868 | 125 | |
| FCSC | 0 | N/A | |
| JMD | 21 | 80 | |
| NDIC | 6 | 19 | |
| COPS | 4 | 13 | |
| ODR | 0 | N/A | |
| OFDT | 0 | N/A | |
| | | | |

| | | | |
|---|---|---|---|
| OIP | 36 | 0, 15, 88 | Uses three tracks: expedited, simple, and complex |
| OIG | 1 | 42 | |
| OIPR | 5 | 40 | |
| OIPL | 11 | 0; 60; 0 | Uses three tracks: expedited, simple, and complex |
| OJP | 7 | 14 | |
| OLC | 2 | 30 | |
| OLP | 23 | 0; 36; 113 | Uses three tracks: expedited, simple, and complex |
| OLA | 50 | 0; 47; 88 | Uses three tracks: expedited, simple, and complex |
| Pardon Attorney | 5 | 51 | |
| OPR | 15; 12 | 51; 389 | Uses two tracks: simple and complex |
| OSG | 12 | 60 | |
| PRAO | 0 | N/A | |
| Public Affairs | 30 | 0; 64; 121 | Uses three tracks: expedited, simple, and complex |
| TAX | 4 | 15.5 | |
| USMS | 202 | 27 | |
| USNCB | 0 | N/A | |
| USPC | 34 | 35 | |
| | | | |
| TOTALS | 7,574 | N/A | |

Go to: <u>Table of Contents</u> // <u>DOJ FOIA Page</u> // <u>Justice Department Home Page</u>

# VII. COMPLIANCE WITH TIME LIMITS/STATUS OF PENDING REQUESTS.

## A. MEDIAN PROCESSING TIME FOR REQUESTS PROCESSED DURING THE YEAR

| | Simple Requests | | Complex Requests | | Requests Accorded Expedited Processing | |
|---|---|---|---|---|---|---|
| | Number of Requests Processed | Median Number Of Days To Process | Number of Requests Processed | Median Number Of Days To Process | Number of Requests Processed | Median Number Of Days To Process |
| Office of the AG | 401 | 17 | 23 | 480 | 2 | 135 |
| Office of the DAG | 246 | 17 | 15 | 291 | 0 | 0 |
| Office of the ASSOC. AG | 52 | 44 | 4 | 344 | 1 | 47 |
| | | | | | | |
| ATF | 2,437 | 7 | 0 | N/A | 0 | N/A |
| Antitrust | 145 | 18 | 13 | 412 | 1 | 18 |
| BOP | 15,047 | 15 | 684 | 28 | 13 | 1 |
| Civil | 859 | 9 | 0 | N/A | 0 | N/A |
| Civil Rights | 473 | 8 | 60 | 283 | 0 | N/A |
| CRS | 8 | 10 | 0 | N/A | 0 | N/A |
| Criminal | 0 | N/A | 1,414 | 16 | 2 | 31 |
| DEA | 0 | N/A | 1,933 | 12 | 0 | N/A |
| ENRD | 0 | N/A | 177 | 40 | 0 | N/A |
| EOIR | 7,811 | 29 | 681 | 89 | 65 | 26 |
| EOUSA | 4,848 | 46 | 0 | N/A | 73 | 195 |
| EOUST | 0 | N/A | 61 | 6 | 0 | N/A |
| FBI | 10,253 | 6 | 394[*]; 54[*] | 410[*]; 636[*] | 35 | 41 |
| FCSC | 17 | 5 | 0 | N/A | 0 | N/A |
| JMD | 3,128 | 8 | 31 | 35 | 0 | N/A |
| NDIC | 80 | 22 | 3 | 30 | 0 | N/A |
| COPS | 101 | 14 | 0 | N/A | 2 | 6 |
| ODR | 8 | 5 | 0 | N/A | 0 | N/A |
| OFDT | 27 | 7 | 2 | 105 | 0 | N/A |
| OIP | 434 | 12 | 1 | 397 | 0 | N/A |
| OIG | 241 | 10 | 0 | N/A | 0 | N/A |
| OIPR | 28 | 8 | 6 | 27 | 0 | N/A |
| OIPL | 15 | 41 | 0 | N/A | 0 | N/A |
| OJP | 496 | 1 | 59 | 25 | 0 | N/A |
| OLC | 55 | 10 | 9 | 30 | 0 | N/A |
| OLP | 47 | 37 | 2 | 188 | 0 | N/A |
| OLA | 58 | 84 | 6 | 386 | 0 | N/A |
| Pardon Attorney | 40 | 29 | 3 | 100 | 0 | N/A |
| OPR | 129 | 19 | 7 | 389 | 0 | N/A |
| Public Affairs | 20 | 137 | 3 | 226 | 0 | N/A |
| OSG | 73 | 60 | 0 | N/A | 2 | 8 |

| | | | | | |
|---|---|---|---|---|---|
| PRAO | 13 | 3 | 0 | N/A | 0 | N/A |
| TAX | 226 | 0 | 27 | 15 | 0 | N/A |
| USMS | 1,531 | 21 | 16 | 130 | 0 | N/A |
| USNCB | 271 | 5 | 10 | 24 | 2 | 3 |
| USPC | 0 | N/A | 1,351 | 20 | 0 | N/A |
| | | | | | | |
| TOTALS | 49,618 | N/A | 7,049 | N/A | 198 | N/A |

\* In addition to the expedited track, the FBI maintains three tracks for requests: small (0-500 pages), medium (501-2,500 pages), and large (more than 2,500 pages). The former is reported in the "simple requests" category; the latter two are reported as "complex requests."

## B. STATUS OF PENDING REQUESTS

| | NUMBER OF REQUESTS PENDINGS AS OF END OF FISCAL YEAR | MEDIAN NUMBER OF DAYS PENDING | |
|---|---|---|---|
| Office of the AG | 187 | 71; 129; 235 | Uses three tracks: expedited, simple, and complex |
| Office of the DAG | 97 | 71; 129; 235 | Uses three tracks: expedited, simple, and complex |
| Office of the ASSOC. AG | 27 | 71; 159; 0 | Uses three tracks: expedited, simple, and complex |
| | | | |
| ATF | 187 | 46 | |
| Antitrust | 0; 0; 56 | 0; 0; 251 | Uses three tracks: expedited, simple, and complex |
| BOP | 710;56 | 6; 19 | Uses two tracks: simple and complex |
| Civil | 15 | 13 | |
| Civil Rights | 171 | 239 | |
| CRS | 0 | N/A | |
| Criminal | 768 | 304 | |
| DEA | 124 | 11 | |
| ENRD | 43 | 50 | |
| EOIR | 1,441 | 45 | |
| EOUSA | 1,694 | 280 | |
| EOUST | 2 | 104 | |
| FBI | 2,007 | 133 | |
| FCSC | 0 | N/A | |
| JMD | 17 | 156 | |
| NDIC | 5 | 12 | |
| COPS | 4 | 2 | |
| ODR | 0 | N/A | |
| OFDT | 0 | N/A | |

| | | | |
|---|---|---|---|
| OIP | 40 | 71; 99; 273 | Uses three tracks: expedited, simple, and complex |
| OIG | 5 | 13 | |
| OIPR | 19 | 40 | |
| OIPL | 3 | 0; 263; 0 | Uses three tracks: expedited, simple, and complex |
| OJP | 8 | 15 | |
| OLC | 5; 2 | 3; 20 | Uses two tracks: simple and complex |
| OLP | 34 | 100; 99; 0 | Uses three tracks: expedited, simple, and complex |
| OLA | 55 | 100; 99; 235 | Uses three tracks: expedited, simple, and complex |
| Pardon Attorney | 5 | 63 | |
| OPR | 10; 11 | 33; 276 | Uses two tracks: simple and complex |
| Public Affairs | 32 | 0; 136; 267 | Uses three tracks: expedited, simple, and complex |
| OSG | 13 | 30 | |
| PRAO | 0 | N/A | |
| TAX | 0 | N/A | |
| USMS | 190 | 31 | |
| USNCB | 0 | N/A | |
| USPC | 12 | 30 | |
| | | | |
| TOTALS | 8,055 | N/A | |

Go to: Table of Contents // DOJ FOIA Page // Justice Department Home Page