UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

CITIZENS FOR RESPONSIBILITY AND :
ETHICS IN WASHINGTON :
11 Dupont Circle, N.W. :
Washington, D.C.  20036 :
 :
       Plaintiff, :
 :
   v. : Civil Action No. 05-2078 (EGS)
 :
U.S. DEPARTMENT OF JUSTICE :
950 Pennsylvania Avenue, N.W. :
Washington, D.C.  20530 :
 :
      Defendant. :
_____:

**PLAINTIFF'S 0PPOSITION TO DEFENDANT'S MOTION FOR
EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR**

During the February 9, 2006 hearing held in this matter the Court determined that

plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") should be afforded an

opportunity to supplement the record with respect to its request for discovery.  Accordingly, after

full consultation with the parties, the Court established a briefing schedule that granted

defendant U.S. Department of Justice ("DOJ") its requested two weeks in which to respond to

plaintiff's submission.  Now, two days before DOJ's response is due, DOJ has requested an

eight-day extension on the grounds that it has "many other important obligations . . . that cannot

be completely ignored."  Defendant's Motion for Extension of Time to Respond to Plaintiff's

Motion for Discovery ("DOJ's Motion"), p. 1.  As set forth below, DOJ's motion should be

denied as unjustified, unwarranted, and prejudicial to CREW.

First and foremost, this request is yet another example of the delay and obfuscation that

have characterized DOJ's conduct in this matter.  That DOJ has refused to date to treat CREW's

Freedom of Information Act ("FOIA") requests with the urgency and care they deserve is all the more apparent by its cavalier attitude in responding to a Court-ordered deadline, specifically waiting until the eleventh hour to inform the Court that it has more important business that must take precedence. Tellingly absent from DOJ's motion, however, are any specifics about these other "particularly pressing and squarely conflicting" obligations. DOJ's Motion at 1. Broad statements of this sort are a patently inadequate justification for the requested extension.

Second, DOJ suggests an extension is warranted by the "lengthy brief" CREW filed, id. at 2, and the "many arguments raised in plaintiff's motion." Id. at 1. In point of fact, 12 of the 24 pages that comprise the substance of Plaintiff's Motion for Discovery are background, leaving a mere 12 pages dedicated to three discrete arguments. Nor should any of these arguments have been a surprise to DOJ, given that CREW first outlined its position on why this case warrants discovery and the nature of its requested discovery in the Joint Report submitted by the parties on January 25, 2006, and amplified that position at the February 9, 2006 hearing. Simply stated, DOJ's claim of surprise is not well-founded.

Third, CREW will suffer clear prejudice if DOJ's motion is granted. CREW served on DOJ its two FOIA requests that are the subject of this lawsuit over eight months ago and has yet to receive a single document in response. Instead CREW has been met with delay after delay, apparently designed to ensure that the public is denied access to documents that would explain whether or not DOJ's decision to so drastically reduce the penalty it was proposing in the tobacco litigation was the product of improper influence at the political levels of DOJ. Further delay based on the insubstantial justifications proffered here by DOJ would be unconscionable, especially since it would require further adjustments to a schedule for briefing and oral argument

that would delay the ultimate resolution not only of CREW's discovery request, but also of any public accountability for DOJ's actions.

CREW is mindful that unanticipated events often warrant adjustments to briefing schedules.  DOJ's pending motion, however, does not rest on such events.  Instead, it is a last-minute request that the Court take a back seat to "the other business of the Department of Justice."  DOJ's Motion, p,. 1.  CREW respectfully requests that it be this case that finally be given precedence at DOJ.

## CONCLUSION

For the foregoing reasons, defendant's motion for extension of time should be denied.

Respectfully submitted,


_____/s/_____
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and
  Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff


Dated: March 7, 2006