IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    )
CITIZENS FOR RESPONSIBILITY AND,)
ETHICS IN WASHINGTON,               )
                                    )
          Plaintiff,                )
                                    )
     v.                             )  Civil Action No. 1:05-cv-02078
                                    )
UNITED STATES DEPARTMENT OF         )
JUSTICE,                            )
                                    )
                                    )
          Defendant.                )
                                    )
```

## DECLARATION OF JAMES M. KOVAKAS

I, James M. Kovakas, make the following declaration under penalty of perjury.

1. I am Attorney-In-Charge of the Freedom of Information and Privacy Acts (FOI/PA) Office, Civil Division, Department of Justice. The FOI/PA Office responds to FOI/PA requests for records of the Civil Division, Department of Justice, made under the Freedom of Information Act (FOIA), 5 U.S.C. §552 (1994), as amended by the Electronic Freedom of Information Act Amendments of 1996, 5 U.S.C.A. §552, and/or the Privacy Act (PA), 5 U.S.C. §552a (1994). Pursuant to Civil Division Directive No. 137-80, I am authorized to exercise the authority of the Assistant Attorney General, Civil Division, to deny requests for records under 5 U.S.C. §§ 552 and 552a. My official duties include the supervision of all processing of such requests for Civil Division records. Pursuant to my duties I am familiar with the

administrative procedures used in the processing of record
requests under the FOIA at the Department of Justice.  My
knowledge of the processing of Crew's request which is at issue
in this case results from my personal review of the documents as
well as information obtained in my official capacity.  In the
event that I am called as a witness, I could competently testify
to the facts contained in this declaration.

**Administrative Processing of Request**

2.  By letter dated June 28, 2005, CREW requested "all
records relating in any way to the government's proposed penalty
in *United States of America v. Philip Morris, Inc.*, *et al.*, Civil
Action No. 99-2496(GK)(D.D.C.)."  A copy of this letter is
attached as Exhibit A.

3.  By letter dated June 7, 2005, I granted CREW's request's
request for expedited processing but denied its request for a
waiver of the processing fees.  I further advised CREW that
because of the "unusual circumstances" of the large volume of
records which must be gathered and reviewed, the Civil Division
could not meet the time limits prescribed in 5 U.S.C.
§552(6)(A)(ii) and provided CREW with the opportunity to either
limit the scope of the request so it might be processed within
the prescribed time limits or arrange an alternate time frame to
process the records.   A copy of this letter is attached as
Exhibit B.

4.  By letter dated July 11, 2005 CREW appealed my denial of

its request for a fee waiver.  A copy of the letter is attached as Exhibit C.

5.   The Civil Division received no response to its request that, as set forth in 5 U.S.C. §552(6)(A), the requester work with the agency to determine scope and a time frame for response to the request.

6.   By letter dated January 23, 2006 the Office of Information and Privacy acted upon CREW's fee waiver appeal and upheld the Civil Division's denial.  A copy of this letter is attached as Exhibit D.

7.   On October 24, 2005, plaintiff filed suit.  As a result of discussions between plaintiff and defendant's counsel, on January 9, 2006 plaintiff narrowed its request.  By letter dated March 8, 2006, I advised plaintiff that search fees for documents responsive to the modified request will likely exceed $90,000.00 and requested a partial payment before continuing with the processing of its request.  I also denied plaintiff a waiver of these search fees for the reason in my letter.  A copy of my March 8, 2005 letter is attached as Exhibit E.

### Scope of Search

8.   CREW's request was for all documents pertaining to the proposed penalty in *US v. Philip Morris* from January 1, 2001 to the present.  A special group of attorneys and support staff within the Civil Division (Tobacco Litigation Team) was established to litigate this case.  The Tobacco Litigation Team

(TLT) headed by Director Sharon Eubanks generated millions of pages of documents relating to the remedy phase of the litigation beginning in 2001. Reading the request broadly, as departmental regulations recommend, virtually every document generated during this time frame would "relate to" the remedy phase. Even assuming that CREW is not requesting copies of filed pleadings, this would include every draft pleading, every internal communication among approximately 35 attorneys and some 200 supporting staff members concerning the filing of pleadings, as well as research.

9. The FOIA Office, Civil Division, consulted the TLT Director Sharon Eubanks who was involved in and ultimately responsible for the case and requested that she advise us regarding the scope of documents responsive to the request. She advised us that to collect every document that every TLT attorney and support staff member generated in preparing for this trial would be time-consuming and yield hundreds of thousands of pages of attorney work product alone. Intermingled with substantive discussions of what remedies the government would propose are many documents which would "relate" to the proposed penalty but which are non-substantive or procedural in nature. If the search were to including all documents "relating in any way" to the government's proposed penalty such as pleadings, draft pleadings, and non-substantive documents mentioning the word "penalty" or "remedy," the result would likely be millions of pages.

10.   In responding promptly to the request, it was unreasonable to begin searching for every document from 2001 relating in any way to the proposed penalty.   However, the Civil Division had granted expedited processing based upon the media interest in recent developments relating to the penalty phase. Moreover, CREW also specifically requested a subset of records "discussing, mentioning, or referring in any way to the government's decision to reduce the penalties it is seeking against the tobacco industry from $130 billion to $10 billion." Further, the request focuses on internal departmental predecisional communications and communications from outside sources (the government's witnesses) prior to the government's final position on remedies.

11.   For these reasons, and in an effort to respond promptly, the Director identified a smaller pool of documents dating from May of 2005 relating to the remedies sought by the government, and/or to alleged changes in the government's position on remedies.

12.   These documents were also requested by the Office of Professional Responsibility (OPR), in its investigation into allegations of professional misconduct arising in connection with the tobacco case.

13.   Because of her personal involvement with and knowledge of the documents prepared in the tobacco case as well as those documents compiled in response to the OPR inquiry, Ms. Eubanks

advised us that the non-public responsive documents consisted of internal department memoranda and email communications which discussed, analyzed, commented upon, and recommended a proposed remedy in the litigation.

14.    This office reviewed a memorandum dated May 30, 2005 from Sharon Eubanks and Stephen Brody to the Associate Attorney General and related documents in which the directors analyze differing views concerning the major components of the smoking cessation proposed remedy and seek authorization for the precise remedies the trial team would seek in closing arguments scheduled for early June 2005.  I determined that these records in their entireties reflected the deliberative process and work product of agency attorneys and were exempt pursuant to the FOIA, 5 U.S.C. §552(b)(5).

15.    Based upon this review and the scope of the inquiry into penalty amounts, I determined that the remaining documents responsive to the request (the work of attorneys litigating the tobacco case) would also likely be exempt for the same reasons.

16.    By letter dated July 11, 2005, CREW appealed my July 7, 2005 fee waiver denial.  As part of its review of the Civil Division's fee waiver denial, the Office of Information and Privacy wanted to be sure that the Civil Division had reviewed a sufficient number of records upon which to base its conclusion that the records responsive to the request were either non-substantive and of no interest to anyone or were exempt under the

FOIA and could not be disclosed.

17.   In its July 11, 2005 letter, CREW appealed the Civil Division's denial of its request but offered no further guidance on the potential narrowing of the request to yield a smaller number of documents.  Without further response from CREW, this office undertook another expanded search.

18.   Co-Director of the TLT, Stephen Brody, provided this office with copies of documents relating to the testimony of key witnesses Messrs. Bazerman and Ericksen and communications relating to the changes in the government's position on remedies from April of  2005 through the date of the government's oral argument in early June of 2005.

19.   A detailed review of these documents consisting of over 500 pages revealed that all were exempt pursuant to 5 U.S.C. §552(b)(5).  These documents were also included among the documents provided to OPR and are therefore exempt pursuant to 5 U.S.C. §552(b)(7)(A).

20.   I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on this _____ 10th _____ day of March, 2006.

James M. Kovakas
Attorney-In-Charge
FOI/PA Office, Civil Division
Department of Justice

Exhibit A

# CREW | citizens for responsibility and ethics in washington

145-FOI-8394
#9294

June 28, 2005

**FOIA REQUEST**

James M. Kovakas
Freedom of Information/Privacy Act Officer
Civil Division
Department of Justice
Room 7304
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530-0001

**BY FAX: 202-616-8202**

Dear Mr. Kovakas:

      Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, et seq, and U.S. Department of Justice regulations, 28 CFR Part 16.

      This request is for any all records relating in any way to the government's proposed penalty in <u>United States of America v. Philip Morris, Inc., et al.,</u> Civil Action No. 99-2496 (GK) (D.D.C.) (hereinafter "tobacco lawsuit"). Specifically, CREW seeks all memoranda, communications and records of any kind and from any source, regardless of format, medium, or physical characteristics, from January 1, 2001, to the present, discussing or mentioning in any way any penalty that the U.S. Department of Justice, on behalf of the plaintiff United States of America, can, may, should or will propose in the above-referenced litigation. This request includes, but is not limited to, records discussing, mentioning, or referring in any way to the government's decision to reduce the penalties it is seeking against the tobacco industry from $130 billion to $10 billion. CREW also seeks all records relating in any way to any offer of settlement in the tobacco lawsuit from any source whatsoever, including, but not limited to, Philip Morris, Inc., R.J. Reynolds Tobacco Co., Brown & Williamson Tobacco Corp., Lorillard Tobacco Co., Inc., Liggett Group, Inc., American Tobacco Co., Philip Morris Companies, N.C., British American Tobacco, P.L.C., British American Tobacco, Ltd., Philip Morris Companies, BAT P.C.C. & BAT Investments, the Council for Tobacco Research – U.S.A., Inc., and The Tobacco Institute, Inc.

      We seek records of any and all kind, including electronic records, audiotapes, videotapes, and photographs. Our request includes any telephone messages, voice mail

messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail regarding meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts or notes of any such meetings and/or discussions.

If it is your position that any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents as required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1972). As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." Founding Church of Scientology v. Bell, 603 F.2d 945, 949 (D.C. Cir. 1979). Moreover, the Vaughn index must "describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of supplying the sought-after information." King v. U.S. Dep't of Justice, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis added). Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" Id. at 224 (citing Mead Data Central v. U.S. Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977).

In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. See 5 U.S.C. §552(b). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document. Mead Data Central, 566 F.2d at 261. Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a Vaughn index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

## Request for Expedition

Pursuant to 5 U.S.C. §552(a)(6)(E)(I) and Department of Justice regulations, 28 CFR Part 16, CREW requests that the Department of Justice expedite the processing of this request in light of the compelling need for the requested information. CREW is a non-profit corporation engaged primarily in disseminating information it gathers from a variety of sources, including the Freedom of Information Act, and seeks the information requested in this FOIA request for the express purpose of disseminating it to the public. CREW's website, www.citizensforethics.org, contains numerous examples of its efforts,

including a link to a site, prepared by CREW, that details the many activities of Jack Abramoff, a Washington lawyer and lobbyist currently under criminal investigation, and the many powerful individuals linked to Abramoff through such things as campaign contributions. CREW recently published a report, *Addicted to Porn: How Members of Congress Benefit from Pornography*, that details the campaign contributions that members of Congress had received from corporations involved in pornography. It is CREW's hope that by disseminating this type of information, the public will be better able to evaluate the actions of our public officials and will have a more effective voice, including in the voting booth.

There is a particular urgency in informing the public about the circumstances surrounding the Department of Justice's proposed penalties in the tobacco lawsuit. News reports have suggested that the proposed penalty was the product of improper political influence brought to bear on the government's trial team of career lawyers and that these influences included improper attempts to have government witnesses alter their trial testimony. The public, as well as the court that is considering this matter, has a need to know the true facts underlying the government's proposed penalties. Accordingly, CREW requests that this request be expedited.

### Fee Waiver Request

In accordance with 5 U.S.C. §552(a)(4)(A)(iii), CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government and the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. §552(a)(4)(A)(iii). See, e.g., McClellan Ecological v. Carlucci, 835 F.2d 1282, 1285 (9th Cir. 1987). Specifically, these records are likely to contribute to the public's understanding of the individuals and organizations that influence or attempt to influence the litigating position of the United States of America in a lawsuit of major and far-reaching consequences.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to the protection of the citizen's right to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the government decision-making process. CREW uses a combination of research, litigation, and advocacy to advance its mission. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request, and will likely share its analysis with the public, either through memorandums, reports or press releases.

Under these circumstances, CREW fully satisfied the criteria for a fee waiver.

If you have any questions about this request or foresee any problems in releasing fully the requested records on an expedited basis, please call either Anne Weismann or Melanie Sloan at (202) 588-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact our office immediately upon making such determination. Please send the requested documents to Anne Weismann, Citizens for Responsibility and Ethics in Washington, 11 Dupont Circle, N.W., 2nd Floor, Washington, D.C. 20036.

Sincerely,

ANNE L. WEISMANN

Exhibit B

U.S. Department of Justice

Civil Division

---

*Washington, D.C. 20530*

JMK:jk:145-FOI-8394                    July 7, 2005

Anne L. Weismann, Esq.
CREW
11 Dupont Circle, N.W., 2nd Floor
Washington, D.C. 20036

Dear Ms. Weismann:

This letter is in response to your June 28, 2005 request, made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. §552, for copies of all documents pertaining to the proposed penalty in *U.S. v. Philip Morris USA, et al.*, No. 99-CV-2496-GK, from January 1, 2001 to the present. We received your request in this office on June 28, 2005 and assigned control number 145-FOI-8394 to your request.

In your letter you also requested expedited review of your request because you anticipate that documents responsive to your request will provide "information essential to news gathering and public policy issues."

We reviewed your request under departmental regulations and have granted your request to expedite processing pursuant to 28 CFR 16.5(d)(1)(ii).

In your letter you also requested a waiver of the fees for the processing your request. After careful review, I have determined that a fee waiver is not appropriate. My denial is based upon analysis of your request and the application of criteria for fee waivers set out at 28 CFR R §16.11(k).

A fee waiver may be granted when disclosure "is likely to contribute significantly to public understanding of the operations or activities of the government." I considered the following three criteria in determining whether a fee waiver would be justified. The three criteria are: (1) Does the record concern the operations and activities of the government? (2) If the record concerns the operations or activities of the

government, is its disclosure likely to contribute to public understanding of these operations and activities? (3) If there is likely to be a contribution to public understanding, will that contribution be significant?

The government activity at issue in this instance is the government's prosecution of the tobacco litigation. We have reviewed a portion of the documents responsive to your request and except for documents filed as part of the public court record or otherwise in the public domain, the documents responsive to your request are internal Civil Division and department memoranda and electronic communications discussing, analyzing, commenting upon, and recommending a proposed remedy in the litigation. As such these records reflect the deliberative process and work product of agency attorneys and are not subject to disclosure under the FOIA. Additionally, release of these records cannot be made at this time, because such release would interfere with ongoing law enforcement proceedings. Because these documents cannot be released, the public's understanding will not be enhanced either quantitatively or qualitatively. Accordingly, a waiver of fees is therefore not appropriate under 28 CFR §16.11(k)(1)(2).

If, as we proceed with the processing of this request, we determine that records can be released, we will reevaluate our determination at that time. We estimate the search fees will likely exceed $25.00 and in fact may be considerably more than that. Please advise me if you are willing to incur fees associated with the processing of your request and specify an amount you are willing to expend for fees.

We have undertaken a preliminary search for records responsive to your request. Your request is broadly worded to include records relating "in any way to the government's proposed penalty" in the tobacco litigation. In prosecuting the tobacco litigation, the Civil Division generated a large volume of records relating to the remedy phase of this litigation. These records must be gathered and reviewed. Due to the need to search for, collect, and review this volume of records, I have determined that "unusual circumstances" pursuant to 5 U.S.C. §552(B)(iii)(II) exist.

Because of these "unusual circumstances," I am notifying you that we cannot meet the time limits prescribed in 5 U.S.C. §552(6)(A)(ii). Accordingly, we are providing you with the opportunity to either limit the scope of your request so that it

-3-

might be processed within the prescribed time limits or arrange an alternate time frame to process these records.

Please contact me at (202) 514-3319 to discuss these arrangements with you.

You may appeal my determination regarding your request for a fee waiver by writing within 60 working days of the receipt of this letter to Co-Director, Office of Information and Privacy, Suite 570, FLAG Bldg., United States Department of Justice, Washington, D.C. 20530. Both the letter appealing the decision and the envelope should be clearly marked "FOIA APPEAL."

Thereafter, judicial review would be available in the U.S. District Court in the district in which you reside or have your principal place of business or in the United States District Court for the District of Columbia.

Sincerely,

James M. Kovakas
Attorney In Charge
FOI/PA Unit, Civil Division

Exhibit C

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**JUL 2 8 2005**

Ms. Anne L. Weismann
Citizens for Responsibility and Ethics in Washington
11 DuPont Circle NW., 2nd Floor
Washington, DC 20036

            Re: Your letter of July 11, 2005

Dear Ms. Weismann:

        This is to advise you that your administrative appeal from the action of the Civil Division on your request for information from the files of the Department of Justice was received by this Office on July 22, 2005.

        The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **05-2367**. Please mention this number in any future correspondence to this Office regarding this matter.

        We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

                        Sincerely,

                        Priscilla Jones
                        Chief, Administrative Staff

Civil

# CREW | citizens for responsibility and ethics in washington

July 11, 2005

Co-Director
Office of Information and Privacy
Suite 570, FLAG Building
United States Department of Justice
Washington, D.C. 20530

OFFICE OF INFORMATION
AND PRIVACY

JUL 2 2 2005

RECEIVED

**Re: Freedom of Information Act Appeal**

Dear Sir/Madam:

By letter dated July 7, 2005, James M. Kovakas, Attorney In Charge, FOI/PA Unit, Civil Division, U.S. Department of Justice ("DOJ"), advised Citizens for Responsibility and Ethics in Washington ("CREW") that our request for a fee waiver for our Freedom of Information Act ("FOIA") request of June 28, 2005, was denied. CREW hereby appeals that initial determination and requests that you reverse it for the reasons set forth below.

Our June 28, 2005 FOIA request sought copies of all records relating to the government's proposed penalty in United States v. Philip Morris USA, et al., No. 99-CV-2496 (GK). In accordance with the six factors set forth in 5 U.S.C. §552(a)(4)(A)(iii), CREW requested a waiver of fees associated with processing this request for records.

CREW satisfies fully the requirements for a fee waiver. There has been wide public attention given to the government's proposed penalty and whether it was the product of improper political influence brought to bear on the government's trial team of career lawyers and government witnesses. As explained in our request, the subject of this request concerns the operations of the federal government and the disclosure will likely contribute significantly to a better understanding of the individuals and organizations that influenced, or attempted to influence, the litigating position of the United States in a lawsuit of major and far-reaching consequences.

DOJ's initial assessment, expressed in the July 7, 2005 letter, is that, based on a review of "a portion of the documents responsive" to our request, the documents CREW has requested cannot be released, with the exception of documents filed as part of the public court record or ones that are already in the public domain. DOJ therefore concluded that because these documents cannot be released, "the public's understanding will not be enhanced either quantitatively or qualitatively," and that CREW's request for fees was therefore denied.

11 DuPont Circle, N.W., 2nd Floor • Washington, D.C. 20036
(o) 202.588.5565 (c) 202.841.5096

DOJ's initial fee determination is wrong as a matter of law.  As at least one court has found, DOJ's approach here would "invert the burden of proof and foist upon [the requester] a burden that is not provided under the FOIA." Project on Military Procurement v. Dep't of the Navy, 710 F.Supp. 362, 367 (D.D.C. 1989).  The law, however, is clear – it is the government, not the requester, that bears the burden of demonstrating the propriety of its withholdings. Id. To require the requester to instead bear that burden, before the agency has even completed its review of the responsive documents, much less withheld material under a claim of exemption, would be contrary to the statutory scheme and common sense.  At this point, with no knowledge about what the universe of responsive documents is, CREW is simply not in a position, legally or factually, to refute DOJ's speculative claim that all of the documents CREW requests would be exempt from disclosure, save those already in the public domain.

This conclusion is reinforced by DOJ's concession that its initial determination on CREW's request for a fee waiver is based on a review of only a "portion" of responsive documents. Letter of July 7, 2005, to CREW from James K. Kovakas.  That DOJ contemplates asserting exemptions over all of the non-public material based on a "nonexistent" record of review and decision, Project on Military Procurement, 711 F.Supp. at 367, underlines the premature and faulty conclusion DOJ has reached to date on CREW's fee waiver request.

From its initial fee determination, DOJ appears to concede that CREW has met the other criteria for a fee waiver.  As a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code, CREW is committed to the protection of the citizen's right to be aware of the activities of government officials and to ensuring the integrity of those officials.  CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the governmental decision-making process.  CREW uses a combination of research, litigation, and advocacy to advance is mission.   The release of information garnered through this request is not in CREW's financial interest.  CREW will analyze the information responsive to this request, and will share its analysis with the public, either through memoranda or reports.  As a review of CREW's website – www. citizensforethics.org – illustrates, CREW has an established history of using the Freedom of Information Act for these purposes.

Under these circumstances, CREW satisfies fully the criteria for a fee waiver and, accordingly, DOJ's initial determination to deny CREW a fee waiver must be reversed.

Sincerely,

ANNE L. WEISMANN

2

Exhibit D



U.S. Department of Justice

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

ADVANCE COPY BY FAX                    JAN 2 3 2006

Anne L. Weismann, Esq.
Citizens for Responsibility
   and Ethics in Washington
Second Floor                         Re:    Appeal No. 05-2367
11 Dupont Circle, NW.                        Request No. 0145-FOIA-8394
Washington, DC  20036                        MAP:JGM

Dear Ms. Weismann:

        You appealed on behalf of Citizens for Responsibility and Ethics in Washington (CREW)
from the fee waiver determination made by the Civil Division with regard to your organization's
request for access to records concerning the government's proposed penalty in United States v.
Philip Morris USA, et al., No. 99-2496 (D.D.C.), "of any kind and from any source, regardless of
format," and including records related "in any way to any offer of settlement" from thirteen
enumerated companies and institutions.  (CREW request dated June 28, 2005, ¶ 2 at 1.)

        As you know, the statutory standard for evaluating fee waiver requests provides that fees
shall be waived or reduced "if disclosure of the information is in the public interest because it is
likely to contribute significantly to public understanding of the operations or activities of the
government and is not primarily in the commercial interest of the requester."  5 U.S.C.
§ 552(a)(4)(A)(iii) (2000).  In determining whether you have satisfied this statutory standard, we
considered the six factors set out in the Department of Justice regulation that puts this statutory
standard into effect.  See 28 C.F.R. § 16.11(k) (2005).

        In support of your appeal you state that there has been wide public attention to the
government's proposed penalty and seemingly question whether the penalty was a result of
improper political influence.  You also state that your request concerns the operations of the
federal government and that "disclosure will likely contribute significantly to a better
understanding of the individuals and organizations that influenced, or attempted to influence, the
litigating position of the United States."  (CREW appeal dated July 11, 2005, ¶ 3 at 1.)  You
further state that CREW is a nonprofit corporation organized under section 501(c)(3) of the
Internal Revenue Code and that CREW is committed to "protection of citizen rights to be aware
of the activities of government officials," to "ensuring the integrity of those officials," and to
"empowering citizens to have an influential voice in government decisions."  (CREW appeal
dated July 11, 2005, ¶ 3 at 2.)  Your letter of appeal also describes the methods by which CREW
advances its mission and advises that this request is not in its financial interest.  And your letter
asserts that CREW will analyze the information that it receives and will share that analysis with
the public.

-2-

With regard to the Civil Division's response to CREW of July 7, 2005, advising you of its fee waiver determination, you appear to have misconstrued that response inasmuch as you concluded that the Civil Division had "speculative[ly] claim[ed]" that all records responsive to CREW's request were exempt from disclosure (with the exception of those already in the public domain), thus resulting in a "premature and faulty" fee waiver determination. (CREW appeal dated July 11, 2005, ¶¶ 1-2, at 2.) This Office regards that letter as a partial fee waiver determination limited to the records found as a result of the Civil Division's preliminary search (of approximately three hours). (See Civil Division response dated June 7, 2005, ¶ 1 at 2.)

Your conclusion that the Civil Division's fee waiver determination encompasses all responsive records is at odds with the Civil Division's explanation to you that "if, as we proceed with the processing we determine that records can be released" it would evaluate those records for fee waiver purposes. (Id. ¶ 2 at 2.) Likewise, your reading of the Civil Division's letter gives no effect to Civil Division's statement that it "reviewed a portion of the documents responsive to your request." ( Id. ¶ 1 at 2.) While the Civil Division's letter ultimately finds that a "waiver of fees is therefore not appropriate," a reading of that sentence, in conjunction with the entire paragraph in which it is located, makes it clear that all references to "these records" in that paragraph are made with regard to only a portion of the records responsive to your request. It is "these records," therefore, that are the subject of this response.

While I understand that there is some likelihood that records similar to those already located will be found among the records that have yet to be reviewed, until that review is completed, and a fee waiver determination is made by the Civil Division for that portion of records, this Office cannot (nor can the Civil Division) predict what that result might be.

It also appears that you have misconstrued the meaning of at least a portion the statutory fee waiver standard. The language of the fee waiver standard speaks to whether "disclosure" of the requested information would likely contribute to the public's understanding of government operations. If the Civil Division were to simply award a fee waiver to CREW based upon the existence of responsive records, without taking into account which of those records would likely be "disclosed," its action would not comport with the directive of the fee waiver provision that the public interest requirement be met through "disclosure of the information." 5 U.S.C. § 552(a)(4)(A)(iii); see also, e.g., Van Fripp v. Parks, No. 97-0159, slip op. at 10 (D.D.C. Mar. 16, 2000) (stating that "reviewing agencies and court should consider . . . whether the disclosable portions of requested information are meaningfully informative in relation to the subject matter requested" (citing agency's fee waiver regulation)).

You seemingly would have had the Civil Division, and now this Office, find (or, to use your own words, "speculatively claim") that all of the records responsive to your request "satisf[y] fully the criteria for a fee waiver" as you have stated in your appeal. Such a position not only is inconsistent with the wording of the statute as explained above, as it would have been made without an assessment of the nature of the information likely to be disclosed, but it also would place the agency in the untenable position of potentially being unable to recoup fees to

- 3 -

which it might otherwise be entitled.[1] The majority of courts that have addressed this issue have concluded that until a fee waiver determination has been made and (if a full fee waiver is not granted) the requester has agreed to pay all the assessable fees, the request is not yet ripe for processing because that has been no compliance with the fee requirements of the FOIA.

With regard to those records that already have been located and reviewed, this Office has concluded that the fee waiver determination made by the Civil Division was correct. In reaching this decision on your appeal, the six factors referenced above were analyzed as they apply to CREW's request. It is apparent that many of these records concern the operations or activities of the federal government (fee waiver factor one) and that CREW's interest in the records do not appear to be primarily commercial (fee waiver factors five and six). Further, you have provided some support for CREW's intention to analyze the records that it receives and that analysis will be shared with the public through various methods (factor three). Your request, however, fails to satisfy the remaining factors. As you are aware, the requester bears the initial burden of demonstrating that it is entitled to a fee waiver.

The releasable records that have been identified thus far consist of records that are part of the public court record in the tobacco litigation. A fee waiver is not appropriate for such records as the public understanding will not be significantly enhanced by release of information that is already available to the public (fee waiver factors two and four). See, e.g., Judicial Watch, Inc. v. Dep't of Justice, No. 03-5093, 2004 WL 980826, at *18 (D.C. Cir. May 7, 2004) (finding "no basis to conclude that [plaintiff] is entitled to a blanket fee waiver" where plaintiff did not take issue with the reasonableness of the district court's finding of the public availability of the documents already released; upholding the government's refusal to process additional documents without payment of fees); Carney v. United States Dep't of Justice, 19 F.3d 807, 815 (2d Cir. 1994) (noting that "where records are readily from other sources . . . further disclosure by the agency will not significantly contribute to public understanding"); McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282, 1286 (9th Cir. 1987) (recognizing that new information has more potential to contribute to public understanding).

---

[1] If fee waivers were granted simply on the basis of the face of the request without an assessment of the records likely to be disclosed, and thereafter during the actual processing of the records it were determined that the requested records are properly exempt from disclosure, the agency (having already granted a fee waiver) would be without recourse to demand payment. This is further so because Department of Justice regulations require -- in accordance with the fee guidelines issued by the Office of Management and Budget -- that when assessable fees exceed $25.00, the requester must commit to pay them in writing before the agency is obligated to process that request; in other words -- no commitment, no obligation to process. While this procedure was created in part to give the requester some protection against fees without first receiving notification from the agency and then agreeing to them, it could have an extraordinary impact on an agency's ability to collect fees if fee waivers, as you appear to suggest, were determined merely on the basis of the nature of the request alone.

-4-

You emphasize in both your initial request and appeal, presumably to enhance CREW's claim that it is entitled to a fee waiver, that CREW is a nonprofit corporation organized under section 501(c)(3) of the Internal Revenue Service Code. While this statement is not disputed, it is irrelevant with regard to CREW's entitlement to a fee waiver. It is well settled that there is no automatic waiver of fees for nonprofit institutions. Further, you describe CREW's commitment to the "protection of the citizen rights to be aware of the activities of government officials and to ensuring the integrity of those officials," and that "CREW is dedicated to empowering citizens." (CREW request dated June 28, 2005, ¶ 3 at 3.) Again, such characterizations address CREW's mission statement and not its qualifications under the statutory standard, and so they are not helpful to this Office in its evaluation of CREW's entitlement to a fee waiver. Accordingly, with regard to the records thus far located and reviewed by the Civil Division, your appeal is denied.

While you have been provided with your full measure of statutory entitlement with regard to search time, your entitlement to one hundred pages of releasable records without cost has not yet been exhausted. Given the wording of your request, however, it would appear that CREW is not interested in receiving the publicly available information that has been located to date. If this is incorrect please inform the Civil Division directly. You should understand, however, that because you have not been granted a fee waiver at this time and because you have not indicated an amount that CREW is willing to pay in the absence of a fee waiver, no further action is required by the Civil Division beyond your statutory entitlements. See 5 U.S.C. § 552(a)(3); see also, e.g., Vennes v. IRS, No. 89-5136, slip op. at 2-3 (8th Cir. Oct. 13, 1989) (explaining that agency is under no obligation to produce material until either requester agrees to pay fee or fee waiver is approved); Casad v. HHS, No. 01-1911, 2003 U.S. Dist. LEXIS 13007, at *18 (D.D.C. June 20, 2003) (recognizing that where fee waiver is denied, no action by agency is required until requester agrees to pay fee associated with request); Daniel v. United States Dep't of Justice, No. 99-2423, slip op. at 2 (D.D.C. Mar. 30, 2001) (dismissing complaint for production of records where plaintiff had failed to pay fee after fee waiver was denied), summary affirmance granted, No. 01-5119, 2001 WL 1029156, at *1 (D.C. Cir. Aug. 28, 2001). The Civil Division previously had asked that you specify an amount of fees that you are willing to expend for this request. To date you have not done so. Please be advised that should you do so and if upon further processing by the Civil Division records are identified that are releasable and qualify for a fee waiver, any money owed by CREW would be reduced commensurate with the amount of the fee waiver granted.

With reference to the breadth of your request, I note that your request, as originally submitted, sought records related to any penalty with regard to the tobacco litigation, as well as records related to any offer of settlement over a multi-year period. There was an enormous volume of potentially responsive records responsive to that request. I now have been informed that as a result of recent discussions between the parties, the volume of records to be reviewed has been substantially reduced.

While I would still suggest that you give consideration to agreeing to pay a particular amount of fees and informing the Civil Division's FOIA Office of that amount in a letter, you might also consider contacting that office, assuming such communications are viable, and asking that it provide you with an estimate of the fees needed to process your request as now modified.

-5-

If you choose the former, it would allow the Civil Division to move forward with your request upon receipt of your commitment letter.  By choosing the latter and after receiving the fee estimate, you may then give consideration to agreeing to pay the full amount estimated or a portion of it.  As previously mentioned, upon further processing of your request, if it is determined that records reviewed do qualify for a fee waiver, any money owed by CREW would be reduced commensurate with the amount of the fee waiver granted.

Even though this Office is aware that you already have proceeded to litigation, agency regulations require that you be informed of your right to judicial review of this action in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

Exhibit E

U.S. Department of Justice

Civil Division

_Washington, D.C. 20530_

JMK:jk:145-FOI-8394                    March 8, 2006

Anne L. Weismann, Esq.
CREW
11 Dupont Circle, N.W., 2nd Floor
Washington, D.C. 20036

Dear Ms. Weismann:

This is in further response to your June 28, 2005 request,
made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C.
§552, for copies of all documents pertaining to the proposed
penalty in _U.S. v. Philip Morris USA, et al._, No. 99-CV-2496-GK,
from January 1, 2001 to the present.

Your request subsequently became the subject of the
litigation titled _CREW v. U.S. Department of Justice._ I was
advised by Civil Division counsel defending the department, that
you have narrowed your request for records of the Civil Division.
It is my understanding that the following language describes
records sought by your narrowed request:

> Documents dealing with the identification and selection of
> remedies sought by the Department and any changes to particular
> remedies sought by the Department from January 2005 onward,
> including records discussing, mentioning or referring in any way
> to the government's decision to reduce the penalties it is seeking
> against the tobacco industry from $130 billion to $10 billion or
> the government's decision to offer testimony from any witness
> during the remedies phase of trial in United States v. Philip
> Morris.

Pursuant to a subsequent review we have determined that all
of the records potentially responsive to your modified request
are  included in the compilation of documents which are part of
an ongoing investigation into congressional allegations
concerning penalties proposed in the tobacco litigation and are

exempt pursuant to 5 U.S.C. §552(b)(7)(A).  Additionally, we have
reviewed internal department memoranda and electronic
communications referring to the government's decision to reduce
the penalty sought from $130 billion to $10 billion.  These
records reflect the deliberations of the trial team in
determining what the proposed remedy should be.  Pursuant to that
review, we determined that the documents reviewed are also exempt
from disclosure pursuant to 5 U.S.C. §552(b)(5). We believe that
it is likely that most if not all remaining responsive records
are likely to be exempt under (b)(5).

     In light of your modification of your request and also the
Civil Division's expanded search, I am reconsidering your request
for a waiver of the fees for the processing your request.  After
careful review, I have determined that a fee waiver is not
appropriate.  My denial is based upon analysis of your request
and the application of criteria for fee waivers set out at 28 CFR
R §16.11(k).

     A fee waiver may be granted when disclosure "is likely to
contribute significantly to public understanding of the
operations or activities of the government."  I considered the
following three criteria in determining whether a fee waiver
would be justified.  The three criteria are: (1) Does the record
concern the operations and activities of the government? (2) If
the record concerns the operations or activities of the
government, is its disclosure likely to contribute to public
understanding of these operations and activities? (3) If there is
likely to be a contribution to public understanding, will that
contribution be significant?

     The government activity at issue in this instance is the
government's prosecution of the tobacco litigation, specifically,
the government's decision to reduce the penalties against the
tobacco industry from $130 billion to $10 billion or the
government's decision to offer testimony from any witness during
the remedies phase of trial in *United States v. Philip Morris*.
The portion of the documents responsive to your request that we
have reviewed in depth to date are internal communication among
attorneys discussing a proposed remedy in the litigation.  As
such, these records reflect the deliberative process and work
product of agency attorneys and are not subject to disclosure
under the FOIA.  Because the remaining documents to be identified
are likely to be work product of department attorneys prosecuting
the tobacco litigation, they are also likely to be exempt for the
same reason.  Additionally, release of these records cannot be

made at this time, because such release would interfere with ongoing law enforcement proceedings. Because these documents cannot be released, the public's understanding will not be enhanced either quantitatively or qualitatively. Accordingly, a waiver of fees is therefore not appropriate under 28 CFR §16.11(k)(1)(2).

If, as we proceed with the processing of this request, we determine that records can be released, we will reevaluate our determination at that time. We estimate the search fees will likely exceed $90,000. Please provide us with partial payment of $10,000. Your check should be made payable to the United States Treasury and sent to this office (Room 7304, 20 Massachusetts Avenue, N.W., Washington, D.C. 20530.

Please contact me at (202) 514-3319 to if you have any questions in this regard.

Sincerely,

James M. Kovakas

James M. Kovakas
Attorney In Charge
FOI/PA Unit, Civil Division