IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON
11 Dupont Circle, N.W.
Washington, D.C. 20036

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Defendant

Civil Action No. 1:05-cv-02078

Judge: Emmet G. Sullivan

DECLARATION OF H. MARSHALL JARRETT

I, H. MARSHALL JARRETT, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct:

1. I submit this declaration in support of the Defendant's Opposition to Plaintiff's Motion for Discovery in the above captioned matter.

2. On May 24, 1998, the Attorney General appointed me Counsel on Professional Responsibility for the United States Department of Justice ("Department" or "DOJ"), and I have held that appointment continuously since that time. As Counsel, I am the head of the Department's Office of Professional Responsibility ("OPR" or the "Office") and have general supervisory responsibility for that office.

3. OPR's authority and jurisdiction to investigate allegations of professional misconduct derive from the authority of the United States Attorney General under 5 U.S.C. § 301 and 28 U.S.C. §§ 509-510. Under 5 U.S.C. App. 3 § 8E(b)(3), Attorney General Order No. 1931-94, and the United States Attorneys' Manual 1-4.100, *et seq.*, OPR's jurisdiction includes the investigation of allegations of misconduct involving Department attorneys that relate to the exercise of their authority to investigate, litigate or provide legal advice, as well as allegations of misconduct by law enforcement personnel when they are related to allegations of attorney misconduct within the jurisdiction of OPR.

4. Pursuant to 28 C.F.R. § 0.39, OPR reports directly to the Attorney General (AG) and Deputy Attorney General (DAG). As Counsel, I do not report to the Associate Attorney General.

5. OPR's investigations concern attorneys in all the various divisions and components in the Department, including those in the Antitrust, Civil, Civil Rights, Criminal and Tax Divisions, the U.S. Attorney's Offices, the Executive Office of Immigration Review, and senior management offices within the Department.

6. I am a career Department attorney and not a political appointee. The Counsel on Professional Responsibility does not typically change when a new Attorney General is appointed or a new administration is elected. Only two people have held the position of Counsel since OPR was created in 1975.

7. As Department officials have previously acknowledged, OPR is currently conducting an investigation into, inter alia, whether improper political interference influenced the Department of Justice to lower a remedy it is seeking in the ongoing tobacco litigation, and whether the Department asked certain witnesses to change their testimony in that litigation for improper political reasons.

8. I have read the plaintiff's Motion for Discovery in this matter, which asserts at footnote 16 that "[w]hile DOJ's Office of Professional Responsibility reports directly to the Attorney General, it is our understanding that the Associate Attorney General, who has been publicly identified as the individual primarily responsible for DOJ's decision to reduce its proposed penalty in the tobacco litigation, has had at least some involvement in overseeing OPR's investigation."

9. That assertion is incorrect. The Associate Attorney General, Robert McCallum, has taken no part in supervising or directing OPR's investigation in this matter. Even while serving as the Acting Deputy Attorney General from August 16, 2005 through October 31, 2005, Mr. McCallum did not attend any of the meetings I attended with officials in the Office of the Deputy Attorney General to discuss OPR's work, and gave no instructions or guidance on OPR's conduct of the investigation.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 3/10/06        Signed: _____
                              H. MARSHALL JARRETT