UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILE COPY

FILED
MAR 3 0 2001
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BUDDY S. DANIEL,

    Plaintiff,

v.

    Civil Action No. 99-2423 (EGS)

U.S. DEPARTMENT OF JUSTICE,
et al.,

    Defendants.

## MEMORANDUM OPINION

    Plaintiff Buddy S. Daniel filed this complaint *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, seeking records from various divisions of the United States Department of Justice.[1] The Department of Justice has filed a motion for summary judgment, supported by declarations of appropriate personnel of the several divisions from which Plaintiff sought records. Plaintiff has filed a response to the motion, in which he withdraws all except certain claims. Accordingly, the Court will grant Defendant's motion for summary judgment as to records requested from the Criminal Division, the Federal Bureau of

---

[1] Only the Department of Justice is a proper party in a FOIA action, 5 U.S.C. §§ 552(a)(4)(B), 552 (f)(1).

    Plaintiff also named as Defendants the Police Department of Chattanooga, Tennessee, the Chief of Police, and a Chattanooga police officer. The motion of these Defendants to dismiss was granted earlier. [Dkt. # 49.]

Investigation, and the Office of Information and Privacy.[2] The complaint will be dismissed without prejudice as to records sought from the Executive Office for United States Attorneys, Plaintiff having failed to exhaust his administrative remedies by paying an assessed fee after his request for a fee waiver was denied. *See Oglesby v. Dep't of Army*, 920 F.2d 57, 66 (D.C. Cir. 1990); *Trueblood v. United States Dep't of the Treasury*, 943 F. Supp. 64, 67 (D.D.C. 1996). *Crooker v. United States Secret Service*, 577 F. Supp. 1218, 1219 (D.D.C. 1983).

In responding to the motion for summary judgment, Plaintiff states that he withdraws all claims except requests for the following information:

> 1. All agreements Clyde Dudley Ridge and Jerry Gill had with the Government for immunity;
> 2. All criminal history information withheld by the government on Ridge and Gill;
> 3. All statements Ridge and Gill made to the D.E.A. Chattanooga Police Department and AUSA Sullivan; and
> 4. All other evidence that falls under F.R. Crim. P. 16.

In support of the motion for summary judgment Defendant submitted a declaration from the Drug Enforcement Administration ("DEA") which may relate to the items to which Plaintiff has now narrowed his request. According to this declaration from Paralegal Specialist Leila I. Wassom, 44 responsive pages were located in response to Plaintiff's FOIA request. Six pages referred to the FBI were released in their entirety. Of the remaining 38 pages, 28 were released with portions withheld based on various FOIA exemptions and 10 were withheld in their entirety. Several of these pages

---

[2] A declaration from the Criminal Division states that after an appropriate search no records responsive to Plaintiff's request were found. The Federal Bureau of Investigation states that no records were found except copies of three letters from Plaintiff, which he could obtain by contacting the Knoxville office of the Bureau. The Office of Information and Privacy would neither confirm nor deny that it had records relating to any investigation of a particular Assistant United States Attorney, based on FOIA Exemption 7(C), 5 U.S.C. § 552(b)(7)(C), since the individual had not consented to release.

contain information provided by cooperating individuals and therefore may be documents responsive to Plaintiff's request as now limited. *See* Wassom Decl. ¶¶ 25-30 and Exhibit K, the *Vaughn* index.[1] Wasson states that this information was withheld pursuant to FOIA Exemption 7(D), 5 U.S.C. § 552(b)(7)(D), which exempts information compiled for law enforcement purposes when disclosure could reasonably be expected to reveal the identity of a confidential source or the information provided by such source.

To justify application of Exemption 7(D), the agency must establish either by direct or circumstantial evidence that the source spoke with the investigators with an understanding that the communication would remain confidential except as necessary for law enforcement purposes. *United States Dep't of Justice v. Landano*, 508 U.S. 165 (1993). The Supreme Court suggested that implied confidentiality may be found if the individual was a paid informant. Other circumstances might include the type of crime being investigated and the informant's relation to the crime, for example if the informant was a witness to a gang-related murder. *Landano*, 508 U.S. at 179. *Accord Billington v. U.S. Dep't of Justice*, 233 F.3d 581, 585 (D.C. Cir. 2000).

Wasson describes the documents withheld in whole or in part pursuant to this exemption as containing information about Plaintiff and his drug trafficking activities obtained from confidential informants of the Chattanooga police department and another cooperating individual. Wassom Decl. ¶¶ 27-30 and *Vaughn* index. Wassom states that Plaintiff "has been characterized as an illicit multi-ounce cocaine trafficker" and it "is reasonable to infer that the individuals who provided information about the plaintiff would fear for their safety if their identities or the information they provided was revealed." Wassom Decl. ¶ 31. Moreover, she states, release would jeopardize future investigations

---

[1] *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

in which the cooperation of these or similar individuals might be needed. Wassom Decl. ¶ 31. The Court is satisfied that this representation justifies the inference that the individuals who provided information did so with the implicit understanding that the information would not be generally disclosed, i.e., with an implied promise of confidentiality.

The unpublished opinion affirming Plaintiff's conviction states that Clyde Dudley Ridge and Jerry Gill both testified at Plaintiff's trial under a grant of immunity. *United States v. Daniel*, 149 F.3d 1185 (6th Cir.), *cert denied*, 525 U.S. 916 (1998). Assuming *arguendo* that these witnesses provided some or all of the information for which Exemption 7(D) has been asserted, their testimony does not waive the exemption. *See Parker v. Department of Justice*, 934 F.2d 375 (D.C. Cir. 1991). Although statements these witnesses made, their criminal history information, and relevant immunity agreements may have been produced at or before the trial pursuant to 18 U.S.C. § 3500 or other criminal discovery rules, the exemption remains applicable to previously undisclosed information furnished by the source. *See Lesar v. United States Dep't of Justice*, 636 F.2d 472 (D.C. Cir. 1980); *Crooker v. Internal Revenue Service*, 1995 WL 430605 (D.D.C. 1995). Plaintiff is not entitled to this information under his FOIA request.

The Court has reviewed the Wassom Declaration and its detailed *Vaughn* index and concludes that the DEA conducted an appropriate search of the records in which references to Plaintiff are likely to exist and that all relevant documents have been produced, with the exception of segregable portions that are exempt from disclosure. *See Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999).

Plaintiff also requests "evidence that falls under" Rule 16 of the Federal Rules of Criminal Procedure. Under Rule 16, before his criminal trial a defendant receives copies of statements made

4

by him, a copy of his or her prior record, access to certain documents and tangible objects, copies of reports of examinations and tests, and a summary of proposed testimony of expert witnesses. Statements of other witnesses, grand jury testimony, and internal government documents such as Plaintiff apparently seeks are specifically not discoverable under Rule 16. Any complaint Plaintiff has regarding the government's compliance with Rule 16 in the course of his criminal trial should be made in a different forum.

Accordingly, the complaint will be dismissed without prejudice insofar as it seeks information from EOUSA, and the Defendant's motion for summary judgment will be granted in other respects.

An appropriate order accompanies this Memorandum Opinion.

EMMET G. SULLIVAN
United States District Judge

DATE: 3/29/01

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BUDDY S. DANIEL,

    Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,
et al.,

    Defendants.

Civil Action No. 99-2423 (EGS)

FILED
MAR 3 0 2001
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is by the Court this 29th day of March, 2001,

ORDERED that the complaint is DISMISSED without prejudice as to Defendant Executive Office for United States Attorneys for lack of subject matter jurisdiction. It is

FURTHER ORDERED that the motion of Defendant U.S. Department of Justice for summary judgment [Dkt. # 43-1] is GRANTED and the action is DISMISSED with prejudice as to the Department of Justice and all other federal Defendants.

This is a final appealable order. Rule 4(a), Federal Rules of Appellate Procedure.

EMMET G. SULLIVAN
United States District Judge

57