FILE COPY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC. | : |
|     Plaintiff, | : |
| v. | : Civil Action No. 1:01CV00639 (GK) |
| UNITED STATES DEPARTMENT OF JUSTICE, | : |
|     Defendant. | : FILED |
| JUDICIAL WATCH, INC. | : MAR 3 1 2003 |
|     Plaintiff, | : NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |
| v. | : Civil Action No. 1:01CV00720 (GK) |
| UNITED STATES DEPARTMENT OF JUSTICE, | : |
|     Defendant. | : |

## MEMORANDUM OPINION

Plaintiff, Judicial Watch Inc., a non-profit public interest organization, filed this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., case against the United States Department of Justice ("DOJ"), seeking documents concerning pardon applications considered or granted by former President Clinton. This matter is before the Court on Defendant's Motion for Reconsideration, or Alternatively, a Renewed Motion for Summary Judgment. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, Defendant's Motion for Reconsideration is granted.

## I. BACKGROUND

Plaintiff made identical FOIA requests to two components of DOJ on January 29, 2001, and February 22, 2001. Plaintiff's requests sought all documents that referred or related to pardon applications considered or granted by former President Clinton. Along with its initial FOIA requests, Plaintiff also sought a blanket fee waiver for duplication and search costs on the grounds that the documents at issue were "likely to contribute significantly" to the public interest. 5 U.S.C. § 552(a)(4)(A)(iii).

On February 28, 2001, DOJ disclosed to Plaintiff 202 pages of public record documents and two CDs containing digital copies of all clemency warrants that President Clinton signed. DOJ also denied Plaintiff's fee waiver request, concluding that any documents that could be released pursuant to its request were already found in the public domain. Plaintiff then sought judicial review of DOJ's decision to deny its request for a fee waiver, 5 U.S.C. § 552(a)(4)(A). Subsequently, Defendant released more than 1,150 pages of documents to Plaintiff and moved for summary judgment on the fee waiver issue.

On March 22, 2002, the Court denied without prejudice Defendant's Motion for Summary Judgment with regard to Plaintiff's request for a fee waiver. The Court concluded that "because the documents are of significant public interest, and because <u>Defendant</u>

has not established that all documents in issue are in the public domain,...Plaintiff is entitled to a fee waiver at this time." Mem. Op. at 9 (emphasis added). The Court found that the Plaintiff "ha[d] not seen any of the documents at issue, and [was] therefore in no position to contest whether the documents are publicly available." Id. at 8.

The Court also found that because the Defendant had not yet completed the processing of Plaintiff's FOIA request, it was "unclear how the Defendant could represent at this early juncture that all documents that are likely to be responsive and disclosable to Plaintiff are currently in the public domain." Id. at 9 (emphasis in original). However, the Court did stipulate that if it became clear, upon completion of the processing of Plaintiff's FOIA request, that some or all of the disclosable documents were publicly available at the time of Plaintiff's FOIA request, the Court would consider a motion by Defendant for reimbursement by Plaintiff of duplicating costs for the publicly available documents. Id. at 9.

On April 12, 2002, DOJ provided Plaintiff with 6,938 additional pages of documents responsive to its FOIA request. DOJ filed the present motion six days later, on April 18, 2002, seeking reconsideration of the Court's denial without prejudice of its Motion for Summary Judgment with regard to the fee waiver. On May 1, 2002, two weeks before Plaintiff filed its opposition to this

motion, DOJ released an additional 4,593 pages of documents responsive to Plaintiff's FOIA request.

## II. STANDARD OF REVIEW

Motions for reconsideration should be granted only if the court "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal citations and quotations omitted). In other words, the moving party must show "new facts or clear errors of law which compel the court to change its prior position." National Ctr. for Mfg. Sciences v. Department of Defense, 199 F.3d 507, 511 (D.C. Cir. 2000) (internal citation omitted). A motion for reconsideration will not be granted if a party is simply attempting to renew factual or legal arguments that it asserted in its original briefs and that have already been rejected by the court. See State of New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995); Assassination Archives and Research Ctr. v. United States Dep't of Justice, 828 F. Supp. 100, 101-102 (D.D.C. 1993).

## III. ANALYSIS

Defendant argues that reconsideration is warranted in this case because the Court's prior decision "improperly shifts to [DOJ] the burden of proof with respect to the fee waiver issue, effectively requiring [DOJ] to complete the processing of Plaintiff

Judicial Watch's FOIA request before [DOJ] can move for reimbursement of duplicating costs." Def.'s Mot. at 1-2. Defendant also contends that its submission of 6,938 additional pages of documents provided to Plaintiff and a declaration that categorizes and describes the disclosable, responsive DOJ documents that are also in the public domain, see Second Decl. of Samuel T. Morrison, Def.'s Ex. 1 ("Morrison Decl."), addresses "the Court's concerns about whether most of the documents are publicly available, and demonstrates that [DOJ] is entitled to a commitment to reimbursement from Plaintiff before it incurs the considerable cost of duplicating thousands of pages of publicly available documents." Def.'s Mot. at 2. Plaintiff opposes Defendant's motion, arguing that the Court's prior opinion correctly applied the burden of proof with respect to fee waivers and that the DOJ's release of some documents shown to be in the public record does not prove that all documents requested are in the public record.

    A.   Plaintiff Must Prove that Its FOIA Requests Are in the Public Interest to Receive a Fee Waiver.

FOIA permits an agency to charge a reasonable fee for processing FOIA requests. 5 U.S.C. § 552(a)(4)(A)(iii). However, that fee must be waived or reduced when disclosure of requested information is in the public interest, i.e., when it is "likely to contribute significantly to the public's understanding of the operations or activities of the government." Id. When determining whether disclosure is "likely to contribute significantly to the

public's understanding," DOJ regulations set forth four factors for consideration: (1) the subject of the requested records must concern the "operations or activities" of the government; (2) disclosure must be "likely to contribute" to an understanding of government operations; (3) disclosure must contribute to the understanding of the public at large, and not merely to that of the individual requester; and (4) the contribution to the public's understanding must be "significant." 28 C.F.R. § 16.11(k)(2).

In order to receive a fee waiver, Plaintiff bears the burden of establishing that disclosure of requested information is in the public interest. Carney v. United States Department of Justice, 19 F.3d 807, 814 (2d Cir. 1994). The Court's previous opinion recognized that FOIA requestors would not be entitled to a fee waiver for information that is available from public sources because

> information that is already in the public domain generally would not be "likely to contribute significantly to the public interest...." Furthermore, courts routinely deny fee waivers for material in the public domain on the basis that it is not "likely to contribute significantly to the public interest."

Mem. Op. at 7-8 (internal citations omitted); see also Durham v. United States Dep't of Justice, 829 F. Supp. 428, 434-35 (D.D.C. 1993)(denying fee waiver for over 2,000 pages of publicly available records). Likewise, DOJ regulations expressly state that information requested with a fee waiver must not be "information

that is already in the public domain, in either a duplicative or substantially identical form." 28 C.F.R. § 16.11(k)(2)(ii).

    B.    **Plaintiff Is Not Entitled to a Fee Waiver Because It Has Failed to Prove that Its FOIA Request Was Likely to Contribute Significantly to the Public Interest.**

At the time of the Court's prior decision, Plaintiff had received more than 1,500 pages of documents from the DOJ, none of which the Plaintiff argued were not in the public record. In addition, Plaintiff had received DOJ's fee waiver denial letter and the decision on appeal of DOJ's Office of Information and Privacy ("OIP"), both of which clearly indicated that a fee waiver was not appropriate because the responsive documents that could be disclosed were already in the public record. See Def.'s Ex. 3 (Feb. 28, 2001 letter from DOJ to Plaintiff); Def.'s Ex. 4 (June 26, 2001 letter from OIP to Plaintiff).

Thus, there was sufficient evidence on the record, at the time of the Court's prior decision, that the disclosable documents responsive to Plaintiff's FOIA request were already in the public record. Moreover, Plaintiff failed to provide evidence that further, free release of documents in response to its request was likely to contribute significantly to the public interest. Thus, the Court's previous decision improperly shifted the burden of establishing eligibility for a FOIA fee waiver from Plaintiff to Defendant, essentially requiring DOJ to process Plaintiff's entire

FOIA request for free without requiring Plaintiff to meet its burden of proof.

Since the Court's previous decision, DOJ has released 11,500 additional pages of documents to Plaintiff--more than 15% of the approximate 50,000-60,000 total pages of non-exempt documents responsive to Plaintiff's FOIA request. See Morrison Decl. at ¶ 19. The supplemental declaration submitted by DOJ establishes that any additional pardon documents that Plaintiff will be entitled to receive are also in the public domain, such as publicly-filed legal documents relating to the offense for which the pardon is sought, reported and unreported judicial and administrative decisions, trial and sentencing transcripts, published media reports, and legal research material compiled by DOJ staff. See Morison Decl. ¶¶ 17, 22-23.

While Plaintiff contends that DOJ has not proven that all documents responsive to its request are in the public record, DOJ does not have to release documents that it determines to be "in either a duplicative or substantially identical form" to those in the public record. 28 C.F.R. § 16.11(k)(2)(ii). The Court finds that it is not unreasonable to conclude, given the additional information provided by DOJ, that a vast majority of the responsive documents requested by Plaintiff were--and remain to be--publicly available and should not be provided to Plaintiff free of charge.

IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration is granted. Accordingly, Plaintiff is not entitled to a fee waiver for the continued processing of its FOIA request. An Order will issue with this Opinion.

March 31, 2003
DATE

GLADYS KESSLER
UNITED STATES DISTRICT JUDGE

COPIES TO:
Larry Klayman
Paul Orfanedes
501 School Street, S.W., Ste. 725
Washington, D.C. 20024

Anne Weismann
Susan K. Ullman
United States Department of Justice
Civil Division, Federal Programs
PO Box 883, Room 932
Washington, D.C. 20530

9