UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:05-cv-02078 |
| U.S. DEPARTMENT OF JUSTICE, | ) ) | Magistrate Judge Alan Kay |
| Defendant. | ) ) | |

**DEFENDANT'S MOTION FOR A PROTECTIVE ORDER REGARDING
DEPOSITIONS, AND SUPPORTING MEMORANDUM**

Pursuant to Fed. R. Civ. P. 26(c), defendant hereby moves the Court for a protective order (1) restricting attendance at the depositions of Robert McCallum, Stephen Brody, and Daniel Metcalfe to the parties and their legal counsel, and (2) restricting the use of the deposition videotape of Robert McCallum solely to purposes that are related to this litigation. Through its reticence plaintiff has intimated that it will attempt to admit members of the public or the media to the depositions and disseminate the videotape publicly. Such publication would serve no purpose except to enable plaintiff to further dramatize this matter as an "unfolding scandal." See Plaintiff's Motion for Discovery and Supporting Memorandum of Points and Authorities at 1. Indeed, plaintiff will suffer no prejudice whatsoever by limiting attendance at the upcoming depositions and distribution of the videotape to the participants in the litigation. Parties and counsel will be present, and both the transcript and videotape will be fully available to both sides for their use in the litigation. Accordingly, a protective order should therefore be entered to prevent abuses of the discovery process. Plaintiff's counsel has informed defendant's counsel

that plaintiff opposes this motion.

1.    ATTENDANCE AT THE DEPOSITIONS SHOULD BE LIMITED TO THE PARTIES
      AND THEIR LEGAL COUNSEL

        Fed. R. Civ. P. 26(c) authorizes the Court to issue a discovery order "to protect a party or

person from annoyance, embarrassment, oppression, or undue burden or expense."  "Rule 26(c)

confers broad discretion on the trial court to decide when a protective order is appropriate and

what degree of protection is required."  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

Further, Fed. R. Civ. P. 26(c)(5) authorizes the Court to issue an order "that discovery be

conducted with no one present except persons designated by the court."  The Court should limit

attendance at the depositions to the parties and their legal counsel.  Plaintiff has refused to

respond to defendant's inquiry as to whom plaintiff plans to bring to the three depositions.

Plaintiff has also refused to agree to hold Robert McCallum's deposition at his office building

(the Main Justice Building), indicating that defendant's two available conference rooms there,

each of which plaintiff was informed holds ten or more people, were – for unspecified reasons –

unsatisfactory.  Defendant has thereby been led to believe that plaintiff will attempt to bring

nonparties or representatives of the media to defendant's depositions.[1]

        For members of the public to attend the depositions would be inappropriate.  "Pretrial

depositions . . . are not public components of a civil trial.  Such proceedings were not open to the

public at common law . . . and, in general, they are conducted in private as a matter of modern

---

        [1] Plaintiff's opposition to this motion leaves the government with no other conclusion but
that plaintiff intends to invite the public to these depositions and/or circulate Mr. McCallum's
videotaped deposition outside the confines of the litigation.  Defendant is filing this motion well
in advance of the depositions so that the matter can be resolved beforehand and the depositions
can proceed without delay.

practice." Seattle Times, 467 U.S. at 33; see also In re Reporters Comm. for Freedom of the

Press, 773 F.2d 1325, 1338  (D.C. Cir. 1985) ("It can thus hardly be said that there was a

tradition, or is even now a general practice, or public access to pretrial depositions.").

      Taking their lead from Seattle Times, courts generally have denied requests of reporters

or the public to attend depositions.  See, e.g., Bal v. Hughes, 1995 WL 244757 (S.D.N.Y. 1995);

United States v. Poindexter, 732 F. Supp. 165, 169 (D.D.C. 1990); Amato v. Richmond, 157

F.R.D. 26, 27 (E.D. Va. 1994); Kimberlin v. Quinlan, 145 F.R.D. 1, 2 (D.D.C. 1992).  The

rationale for this result is that depositions "'are not a judicial trial, nor a part of a trial, but a

proceeding preliminary to a trial, and neither the public nor representatives of the press have a

right to be present at such taking.'"  Kimberlin v. Quinlan, 145 F.R.D. 1, 2 (D.D.C. 1992)

(quoting Times Newspapers, Ltd. v. McDonnell Douglas Corp., 387 F. Supp. 189, 197 (C.D. Cal.

1974)).  In denying press attendance at depositions,  the court in Kimberlin observed that

depositions are only open to the public in antitrust actions brought by the United States pursuant

to the Sherman Act, 15 U.S.C. § 30.  Kimberlin, 145 F.R.D. at 2.  According to the court, this

specific statutory provision was intended to exempt only these antitrust actions from "the implicit

assumption in the Federal Rules of Civil Procedure that a 'deposition is not a trial, and the rights

of the press are not . . . even involved.'" Id. at 2 (quoting Times Newspapers, 387 F. Supp. at

196-97).

      Apart from the lack of legal authority for public attendance at depositions, "public policy

and concerns for judicial economy strongly militate against allowing" it.  Kimberlin, 145 F.R.D.

at 2.  "Allowing the media to attend every deposition in any case of public interest would

significantly hinder the discovery process and burden the courts with increased litigation over

discovery issues." Id.; see also Amato, 157 F.R.D. at 27 (same).

There is no reason for anyone to attend the depositions in question except the parties and their legal counsel. The presence of anyone else will merely distract from the proceedings and impede the process. Moreover, transcripts containing the testimony will be publicly available after the completion of the depositions. Neither the media nor any other member of the public has any right, much less any reason, to attend, and they should be prohibited from doing so.

2.    THE USE FOR NON-LITIGATION-RELATED PURPOSES OF THE DEPOSITION VIDEO RECORDING SHOULD BE PROHIBITED

Plaintiff has stated that it will videotape the deposition of Associate Attorney General Robert McCallum, who is the third-highest ranking official in the Department of Justice. The Federal Rules of Civil Procedure certainly provide plaintiff with the right to do so. See Fed. R. Civ. P. 30(b)(2). The Rules do not, however, provide plaintiff a right to use the videotape to embarrass or annoy. Fed. R. Civ. P. 26(c). Thus, the Court should issue a protective order prohibiting the use of the videotape for any purpose unrelated to this litigation.

The immediate purpose of these depositions is to discover whether the processing of plaintiff's FOIA request was unreasonably delayed in bad faith. Public dissemination of the videotape is not necessary for the gathering of this factual information. The courts must "preserve the integrity of the discovery system and protect litigants from 'annoyance, embarrassment, oppression, or undue burden or expense,' [Fed. R. Civ. P.] 26(c), and must guard against abuse of their own processes." Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. 866, 912 (E.D. Pa. 1981). The Supreme Court has held that discovery could be properly denied altogether "when the purpose of a discovery request is to gather information for use in

proceedings other than the pending suit," or when the party's aim is to "embarrass or harass the person from whom he seeks discovery." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 n.17 (1978); see also Westmoreland v. CBS, Inc., 584 F. Supp. 1206, 1213 (D.D.C. 1984) (same). The Supreme Court has noted the "danger that the court could become a partner in the use of [discovery] material 'to gratify private spite or promote public scandal,' [citation omitted] with no corresponding assurance of public benefit." Nixon v. Warner Communications, Inc., 435 U.S. 589, 603 (1978); see also Word of Faith World Outreach Center Church, Inc. v. Morales, 143 F.R.D. 109, 113 (W.D. Tex. 1992) ("To allow a party to use that information for purposes unrelated to the litigation and in a manner which harms the giver of that information is abusive, and courts have a significant interest in preventing such usage"). A protective order should be entered here that will protect against misuse of the videotape for purposes outside this litigation and to achieve improper aims.

Under circumstances analogous to those in the present case, the court in Westmoreland denied permission to a news organization to videotape the deposition of a public figure where the deponent suspected that CBS wanted to videotape in order to accumulate potentially attractive broadcast material for its archives, and CBS would not agree unequivocally never to broadcast the tape. 584 F. Supp. at 1213. The deponent submitted that the spectacle of a former Director of the CIA and U.S. ambassador being interrogated, under oath, in the quasi-adversarial setting of a discovery deposition would be, inter alia, "both demeaning of him and inimical to the national interest . . . ." Id. The court denied CBS permission to videotape the deposition, finding no "exclusively case-oriented reason to find CBS' interest in videotaping Ambassador Helms'

deposition sufficient to overcome his own well-founded objections to it."[2]  Id.; see also

Westmoreland v. CBS, Inc., 770 F.2d 1168, 1175 (D.C. Cir. 1985) (sanctioning CBS for seeking

to have Helms held in civil contempt because of his refusal to be videotaped during his

deposition); see also Int'l Union, United Auto., Aerospace and Agric. Implement Workers of

Am. v. Nat'l Caucus of Labor Comm., 525 F.2d 323 (2d Cir. 1975) (denying mandamus where

district court barred videotaping deposition in view of potential abuse).  Similar circumstances

compel restrictions on the use of the videotape in this case, where plaintiff has not agreed to

disseminate it and could use it to distort Mr. McCallum's testimony and demean his office as

well as these proceedings.

Recently, just such an abuse of the discovery process occurred when a comedy television

broadcast, the Daily Show, aired the deposition testimony of Dale Watson, former head of

counter-terrorism at the FBI, taken in the case of Yousseff v. FBI, No. 03-CV-1551 (D.D.C.).

See (CD attached as Exhibit 1).  Noting this misuse in a subsequent case, and to prevent similar,

future abuse, the government successfully moved for a protective court to prohibit the use of the

deposition videotape of the Director of the FBI for purposes unrelated to the litigation.  See April

10, 2006 Order, Hatfill v. Ashcroft, No. 03-CV-1793 (D.D.C.) (attached as Exhibit 2).  The

potential for similar exploitation of the discovery process exists here, where plaintiff has vaunted

this lawsuit on its website and could acquire further publicity or even financial gain from the

dissemination of the videotape.  Discovery is "not intended to be a vehicle for generating content

for broadcast and other media."  Paisley Park Enterprises, Inc. v. Uptown Productions, 54 F.

---

[2] Although Westmoreland predates the amendment of the Federal Rules permitting parties
to videotape as a matter of right, the principles of the decision and its rationale remain the same
and are applicable here.

Supp. 2d 347, 349 (S.D.N.Y. 1999) (granting protective order limiting the use of deposition

videotape in light of defendants' apparent intention to post the video recording on their website);

see also Drake v. Benedek Broadcasting Corp., 2000 WL 156825 (D. Kan. 2000) (same).  A

protective order should be issued to prevent it from becoming such a vehicle here.

CONCLUSION

For the foregoing reasons, a protective order should be entered (1) restricting attendance

at the depositions to parties and their legal counsel, and (2) restricting the use of the videotape to

purposes related to this litigation only.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

**/s/ Lisa A. Olson**
ELIZABETH J. SHAPIRO
LISA A. OLSON (D.C. Bar #38266)
U.S. Department of Justice
20 Mass. Ave., N.W., Room 6118
Washington, D.C. 20530
Telephone: (202) 514-5633
Telefacsimile: (202) 616-8460
E-mail: lisa.olson@usdoj.gov

Dated: June 30, 2006        Counsel for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 30, 2006, Exhibit 1 (consisting of a CD) to Defendant's

Motion for a Protective Order Regarding Depositions, and Supporting Memorandum, was filed

with the Court by hand and served by first-class mail, postage prepaid, upon plaintiff's counsel as

follows:

> Anne L. Weismann
> Melanie Sloan
> Citizens for Responsibility and Ethics
>    in Washington
> 11 Dupont Circle, N.W.
> Second Floor
> Washington, DC 20036
> Email: aweismann@citizensforethics.org

/s/ **Lisa A. Olson**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:05-cv-02078 |
| U.S. DEPARTMENT OF JUSTICE, | ) ) | Magistrate Judge: Alan Kay |
| Defendant. | ) ) ) | |

<u>ORDER</u>

The Court having considered defendant's motion for a protective order, and good cause having been shown, it is hereby

ORDERED that defendant's motion is granted, and it is further

ORDERED that attendance at the depositions of Robert McCallum, Daniel J. Metcalfe, Stephen Brody shall be restricted to the parties, their counsel, and the individuals responsible for reporting the deposition by stenographic means or videotape, and it is further

ORDERED that the videotaped deposition of Robert McCallum will be subject to the following conditions:

1.    The original videotape and any copies made of Robert McCallum's deposition shall be used solely for purposes of this litigation.

2.    Each party will be entitled to one copy of the videotaped deposition.  No other copies shall be made without further order of the Court.

3.    No persons shall be permitted to view the videotaped deposition except for the

following: the Court hearing this case, and any person in attendance at any hearing at which the videotaped deposition is played; the parties; the parties' counsel, and persons in the regular employ of the parties' counsel who are assisting the parties' counsel in this lawsuit.

Dated: _____, 2006

                                                                     _____

                                                                     ALAN KAY

                                                                     UNITED STATES MAGISTRATE JUDGE