IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ECF

STEVEN J. HATFILL, M.D., )
 )
      Plaintiff, )
 )
v. ) Civ. A. No. 03-1793 (RBW)
 ) (Judge Walton)
ATTORNEY GENERAL )
JOHN ASHCROFT, et al. )
 )
      Defendants. )

## ORDER

Upon consideration of the Consent Motion to Amend Protective Order, it is hereby

ORDERED that Paragraph 1 of the Protective Order signed by the Court on May 12, 2005, and entered on May 13, 2005, is AMENDED to read as follows:

1. For purposes of this Order, the term "Protected Information" shall mean:

    (a) the names of lower-level non-supervisory attorneys, investigative agents, or support personnel;

    (b) records of telephone calls or summaries or analyses thereof;

    (c) unpublished telephone numbers identified as belonging to the U.S. Department of Justice and the Federal Bureau of Investigation (collectively, the "Agency Defendants"), or any person whose name is protected under paragraph (a), that the Agency Defendants may disclose during discovery and specifically identify as "Protected Information"; *provided, however*, that certain information may be excluded from the class of "Protected Information" by agreement of the parties, whenever the information is of such relevance that treatment of such information as "Protected Information" would unduly inhibit the progress of discovery; and

    (d)    the videotape deposition of Robert S. Muller, III, Director of the Federal Bureau of Investigation.

Dated *April 10*, 2006

*/s/ Reggie B. Walton*
Reggie B. Walton
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN J. HATFILL, M.D.,           )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )   Civ. A. No. 03-1793 (RBW)
                                   )   (Judge Walton)
ATTORNEY GENERAL                   )
JOHN ASHCROFT, et al.              )
                                   )
        Defendants.                )

## PROTECTIVE ORDER

Upon consideration of the Agency Defendants' Motion for a Protective Order, and pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY ORDERED as follows:

1. For purposes of this Order, the term "Protected Information" shall mean the names of lower-level non-supervisory attorneys, investigative agents, or support personnel that the U.S. Department of Justice and the Federal Bureau of Investigation (collectively, the "Agency Defendants") may disclose during discovery and specifically identify as "Protected Information"; *provided, however,* that certain names may be excluded from the class of "Protected Information" by agreement of the parties, whenever the persons in question possess discoverable information about this case or are likely to be named frequently enough in discovery that treatment of such information as "Protected Information" would unduly inhibit the progress of discovery.

2. The limitations set forth in this Order shall not apply to documents, discovery requests, discovery responses, deposition transcripts, or other materials if the Protected Information contained therein has been fully redacted and cannot be determined from context.

1

3. Documents that contain Protected Information shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation. For any records, such as computer data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking. Discovery requests or responses to discovery requests, if any, that contain Protected Information shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation. At the request of counsel for the Department of Justice, deposition transcripts, if any, that contain Protected Information shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation. Except as provided herein, no person having access to Protected Information shall make public disclosure of Protected Information without further Order of the Court.

4. Protected Information shall be used by the plaintiff or his representative(s) only for purposes of litigating this case, including any appeals, and shall not be disclosed by the plaintiff or his representative(s) to the public or any other person or entity for any reason other than for purposes of litigating this case.

5. Except as specifically provided in this Order, or as otherwise ordered by this Court, any Protected Information may be disclosed only to the following persons: (a) parties and counsel for the parties in this action; (b) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in

2

this case; (c) persons retained by the parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this case; (d) persons with factual knowledge relating to this case who may be called as witnesses at any hearing, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this case; (e) any deponent in this case during his or her deposition; and (f) any other person as to whom counsel for the Department of Justice expressly consents in writing.

6. Except for the persons described in subparagraphs 5(d) and 5(e), all individuals to whom Protected Information is disclosed shall be provided with and shall agree with the terms of this Order and shall not otherwise disclose the Protected Information to the public or to any person or entity, and shall, before receiving Protected Information, acknowledge their agreement to comply with the provisions of this Order by signing a copy of the attached acknowledgment form. The same procedure shall be followed with persons described in paragraphs 5(d) and 5(e), but the refusal of any such person to sign the acknowledgment shall not prevent the plaintiff from serving any subpoena or propounding any question, and any person under the subpoena power of the Court shall be bound by this Order whether or not he or she signs the acknowledgment. To the extent such person falls outside the subpoena power of this Court, the parties must obtain from the court issuing the subpoena an order protecting against the further dissemination of the Protected Information before the Protected Information is disclosed to the person.

7. The plaintiff or other third party to this Order may challenge the Agency Defendants' designation of particular information as Protected Information (or the refusal to exclude particular information from the class of Protected Information pursuant to paragraph 1) by

3

moving the Court to have the information made public or for other appropriate relief. In addition, each party reserves the right to move to modify the terms of this Protective Order at any time, and each party reserves the right to oppose any motion to modify the terms of the Protective Order.

8. Unless Protected Information is fully redacted from documents, briefs, or other materials presented to the Court, and cannot be determined from context, those portions of the documents, briefs, or other materials containing the Protected Information shall be filed under seal. Except as provided herein, neither plaintiff nor any third party may use Protected Information in open Court or at trial, orally or through documents, without first obtaining the written consent of the Department of Justice or an Order from the Court ruling that the Protected Information is relevant and may be publicly disclosed.

9. Within sixty days of the conclusion of this case, including any appeals, documents, discovery requests, discovery responses, and deposition transcripts, and all copies thereof, containing Protected Information and produced or served in connection with this case must be returned by the plaintiff or other receiving party to the Agency Defendants. Within sixty days of the conclusion of this case and any appeals, plaintiff or plaintiff's counsel or other person receiving protected documents, discovery requests, discovery responses, or deposition transcripts must certify in writing that all documents, discovery requests, discovery responses, and deposition transcripts, and all copies thereof, containing Protected Information and produced or served in connection with this case have been returned to the Agency Defendants. Within sixty days of the termination of this case, including any appeals, plaintiff or plaintiff's counsel or other person receiving documents, discovery requests, discovery responses, or deposition transcripts containing Protected Information must also certify in writing that any documents he or she or his or her attorneys or agents have created which contain Protected Information derived solely from the

4

protected documents, discovery requests, discovery responses, or deposition transcripts have been fully redacted with respect to the Protected Information or destroyed; provided, however, no party is required to redact or destroy any document that has been filed with this Court or with a court of appeals of competent jurisdiction in connection with this case.

10. Neither the United States Department of Justice nor the Federal Bureau of Investigation nor any of their officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any Protected Information obtained by plaintiff's counsel under this Order.

11. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

12. This Order does not apply to any information or documents other than the Protected Information as defined in paragraph 1, and this Order shall not be precedent for adopting any procedure with respect to the disclosure of any other information.

IT IS SO ORDERED this 12th day of May, 2005

*[signature]*
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN J. HATFILL, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ATTORNEY GENERAL )<br>JOHN ASHCROFT, et al. )<br>)<br>Defendants. )<br>_____) | Civ. A. No. 03-1793 (RBW)<br>(Judge Walton) |

ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, hereby acknowledge that I have read and understand the Protective Order entered in this action. I hereby agree to be bound by the terms of the Order. Specifically:

1. I agree that I will use information protected by the Order only for purposes of this litigation, including any appeals, and not for any other purpose of any kind, including that I will not disclose any such information to the public.

2. I agree that I will return all documents, discovery requests, discovery responses, and deposition transcripts containing information subject to this order to counsel for the U.S. Department of Justice and the Federal Bureau of Investigation (collectively, the "Agency Defendants") within sixty days of the termination of this litigation or, when I am no longer a party to or assigned or retained to work on this case, to the plaintiff's counsel who within sixty days of the termination of this litigation will return such records to the Agency Defendants. I also agree to destroy or redact, or to return to plaintiff's counsel for destruction or redaction, any records created

1

that contain information subject to this Order, within sixty days after the termination of this litigation.

3.  I (or plaintiff's counsel on my behalf) will certify to the Agency Defendants that any documents created that contain information subject to this Order have been destroyed or redacted within sixty days after the termination of this litigation.

4.  I agree that I will disclose information protected by the Order solely to the Court (under seal), the parties to this action and their attorneys of record, persons regularly in the employ of such attorneys, and any experts or consultants hired for this case by the parties or their attorneys and who (except the Court, the Agency Defendants' employees and the Agency Defendants' counsel) have signed an acknowledgment like this one and have a need for such information to perform duties specifically related to the conduct of this litigation.

5.  Should I wish to disclose the information which is subject to the Order to any additional persons except those indicated in the Order and herein, I will first seek the Agency Defendants' consent. If the Agency Defendants do not consent to the disclosure, then I may, on motion, seek modification of the Order from the Court.

6.  I agree that any information subject to the Order may not be disclosed in open Court, orally or through documents, without first obtaining an Order from the Court or the written consent of the Department of Justice. I further agree that portions of filings that contain information subject to this Order shall be filed under seal.

7.  I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for all time.

8.  I hereby consent to the personal jurisdiction of the United States District Court for

2

the District of Columbia in the above-captioned case for the purpose of enforcing the

aforementioned Order.

[signature]

[print name]

DATED:

3