UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, ) ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | Civil Action No. 05-CV-02078 (EGS)(AK) |
| U.S. DEPARTMENT OF JUSTICE, ) ) ) | |
| Defendant. ) ) | |

## ORDER

Pending before this Court is Defendant U.S. Department of Justice's ("DOJ's") Motion for a Protective Order Regarding Depositions (Mot.) [17], Citizens for Responsibility and Ethics in Washington's ("CREW's") Opposition (Opp'n) [18] and Supplement (Supp.) [19] and Defendant's Reply [20].[1]

The parties to be deposed are 1) Associate Attorney General Robert McCallum, 2) Director of DOJ's Office of Information and Privacy, Daniel Metcalfe, and 3) Stephen Brody, the member of the tobacco team responsible for assembling documents responsive to CREW's FOIA request. DOJ requests that attendance at the depositions of all three individuals be limited to the parties and their counsel. DOJ also seeks to limit use of the videotape of Robert McCallum's

---

[1]This case is a Freedom of Information Act ("FOIA") request in which CREW has sought documents relating to the DOJ's proposed penalty in the tobacco litigation also presently pending in this district court. See Mem. Op. and Order at 3 n. 2 (D.D.C. June 1, 2006) (Dkt. No. 16). Judge Sullivan granted Plaintiff's motion for discovery regarding the adequacy of DOJ's response to Plaintiff's FOIA request and referred the case to the undersigned for supervision of the depositions and resolution of any issues arising therein. See id. at 19.

deposition to purposes reasonably related to the instant FOIA litigation and to place restrictions on viewing and copying of the videotape.

DOJ claims that a protective order is necessary because CREW has "intimated" that it intends to invite the public and media to the depositions and/or disseminate the videotape publically. Although CREW rejects such allegations as "nonsensical," (Opp'n at 12), CREW admits that the purpose of their FOIA request was to "shed public light on a decision" and reserves the right to "make public the videotape of McCallum's deposition." (Opp'n at 11-12.)

Depositions are not "public components" of a trial and attendance of the press or public presence at a deposition is generally not appropriate. Kimberlin v. Quinlan, 145 F.R.D. 1, 1-2 (D.D.C. 1992). Because the scope of discovery is inherently broader than that which will be admissible at trial, not all material obtained during discovery will necessarily be made public. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1982). If and when the video and/or transcript of the deposition is filed with the court for use at trial, then CREW may disseminate such information as it sees fit, unless otherwise restricted by the trial court. Until then, it is within this Court's discretion to restrict access to the depositions as necessary to protect any person "from annoyance [or] embarrassment." Fed. R. Civ. P. 26(c).

It is, accordingly, this _17th_ day of July, 2006 hereby

ORDERED that attendance at the depositions of the above-named individuals shall be limited to the parties, their counsel, a stenographer, and a videographer, and it is

FURTHER ORDERED that use of the videotape of Associate Attorney General Robert McCallum's deposition shall be restricted to purposes reasonably related to the instant litigation, specifically counsel for the parties and those persons assisting counsel, subject to a good cause showing by CREW stating why it should be made public, and it is

FURTHER ORDERED that reproduction of the video is limited to one copy per party; the parties may petition the Court for permission to make additional copies, and it is

FURTHER ORDERED that Defendant's request to limit the identities of persons who may view the videotape is denied. Such further limitation is unnecessary given the restrictions granted above, and it is

FURTHER ORDERED that the Plaintiff's request for sanctions is denied.

SO ORDERED.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE