# EXHIBIT A

**U.S. Department of Justice**

Office of Information and Privacy

*Telephone: (202) 514-3642*                     *Washington, D.C. 20530*

Ms. Anne Weismann                               JAN 19 2006
Citizens for Responsibility and Ethics
   in Washington                              Re:   AG/05-R0788
11 Dupont Circle, N.W.                                DAG/05-R0789
2nd Floor                                             ASG/05-R0790
Washington, DC 20036                                  MAP:VRB

Dear Ms. Weismann:

    This is in response to your Freedom of Information Act (FOIA) request dated June 28, 2005, and received in this Office on July 1, 2005, in which you requested certain records concerning the government's litigation of United States v. Philip Morris, Inc. This response is made on behalf of the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General.

    By letter dated July 11, 2005, we acknowledged receipt of your request and, in an effort to speed up our searches for responsive records, suggested that you narrow the scope of your request. However, because we did not receive any response or indication from you that you were willing to narrow the scope of your request, we initiated records searches based on the phrasing of your initial letter to this Office, which sought records "discussing or mentioning in any way any penalty that the U.S. Department of Justice . . . can, may, should or will propose" in the litigation of United States v. Philip Morris, Inc. since January 2001, as well as records of a number of contacts "concerning in any way the tobacco lawsuit." Subsequently, on January 9, 2006, after the commencement of litigation in this case, you agreed to narrow the scope of your request to "documents dealing with the identification and selection of remedies sought by the Department and any changes to particular remedies sought by the Department from January 2005 onward, including records discussing, mentioning or referring in any way to the government's decision to reduce the penalties it is seeking against the tobacco industry from $130 billion to $10 billion or the government's decision to offer testimony from any witness during the remedies phase of trial in United States v. Philip Morris." On other occasions, you also advised that you are not interested in receiving Court filings or correspondence. Accordingly, we were able to significantly narrow the scope of our records searches based on this new formulation of your request.

    You have requested a "public interest" fee waiver for this request. A fee waiver is appropriate only when "disclosure of the [requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); see also 28 C.F.R. § 16.11(k) (2005) (six fee waiver factors to be considered). While the records you seek do concern the operations or activities of the Department of Justice and you do not appear to have an overriding commercial interest in the

-2-

records, other relevant factors have not been met. Your blanket assertion that "these records are likely to contribute to the public's understanding of the individuals and organizations that influence or attempt to influence the litigating position of the United States of America in a lawsuit of major and far-reaching consequences" is not a sufficient basis for me to grant a fee waiver. First, you provide no evidence that, in fact, any individual or organization attempted to influence or did influence the government's litigating position. Moreover your statement is too ephemeral a basis on which to grant a fee waiver. See American Fed'n of Gov't Employees v. United States Dep't of Commerce, 632 F. Supp. 1272, 1278 (D.D.C. 1986) (finding allegations of malfeasance too ephemeral to warrant waiver of search fees without further evidence that informative material will be found), aff'd on other grounds, 907 F.2d 203 (D.C. Cir. 1990); Fazzini v. United States Dep't of Justice, No. 90 C 3303, slip op. at 11 (N.D. Ill. May 2, 1991) (holding that allegations of government coverup, unsupported by objective evidence, do not create legitimate public interest for purposes of fee waiver); Conklin v. United States, 654 F. Supp. 1104, 1105 (D. Colo. 1987) (finding mere allegations of wrongdoing do not justify fee waiver).

Further, a fee waiver is granted when it is determined that the substantive content of the disclosable portions of the records requested is likely to contribute significantly to public understanding of government operations or activities. See 28 C.F.R. § 16.11(k)(2)(ii). Based upon our review of the documents we have located, our knowledge of the subject matter, and our general familiarity with the records that are responsive to this request, I have determined that a fee waiver is not appropriate. The records you seek are virtually inherently protected by the attorney work-product, attorney-client, and deliberative process privileges. To warrant a waiver or reduction of fees, the public's understanding of the subject matter in question, as compared to the level of public understanding existing prior to the disclosure, must be likely to be enhanced by the disclosure to a significant extent. For the records that are being withheld, there can be no increase in public understanding of the government's operations, and so a fee waiver is not warranted. See Van Fripp v. Parks, No. 97-0159, slip op. at 10 (D.D.C. Mar. 16, 2000) (stating that "reviewing agencies and courts should consider . . . whether the disclosable portions of requested information are meaningfully informative in relation to the subject matter requested" (citing agency's fee waiver regulation)). Thus, we have denied your request for a fee waiver at this time. If in the course of processing your request further we determine that a fee waiver is appropriate for a particular document, we will provide it without cost.

We have determined that you are a non-media, non-commercial requester pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(III). Therefore, you are entitled to two free hours of search time and 100 pages of records per component without incurring search or duplication charges. See 28 C.F.R. § 16.11(d). Beyond the two hours of free search time per component to which you are entitled, you will be required to pay for additional search time incurred at the cost of $28.00 for each hour spent by professional personnel in obtaining these records. See 28 C.F.R. § 16.11(c)(1)(ii). Duplication fees beyond one hundred pages will be assessed at ten cents per page. See 28 C.F.R. § 16.11(c)(2). Because you have not been granted a fee waiver and have not indicated an amount that you are willing to pay, by this letter we are providing you with the results of the two free hours of search time per component that we have provided you.

-3-

We conducted records searches in the Departmental Executive Secretariat, which is the official records repository for the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General, and in the Offices of the Attorney General and Deputy Attorney General. We also initiated a records search in the Office of the Associate Attorney General; however, we were unable to complete our search in that Office within your two hours of free search time. At this time, five documents, totaling twenty pages, responsive to your request have been located. One document, totaling one page, is being withheld in full pursuant to Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5), which pertains to certain inter- and intra-agency communications protected by the attorney-client, attorney work-product, and deliberative process privileges. This document is not appropriate for discretionary disclosure.

We have referred two documents, totaling thirteen pages, to the Civil Division, and two documents, totaling six pages, to the Criminal Division.

As mentioned above, we have not yet completed our records search in the Office of the Associate Attorney General. We estimate that it will take an additional twelve hours to complete our search in that Office. If you wish for us to continue searching for responsive documents in the Office of the Associate Attorney General, you must pay for the additional search time at a rate of $28.00 per hour, for a total of $336.00. Because this estimate exceeds $250.00, we require an advance payment of $250.00. See 28 C.F.R. § 16.11(i)(2). You may also choose to specify a particular amount you are willing to pay and forward a check for that amount.

Please forward your check or money order, made payable to the United States Treasury, to the Office of Information and Privacy, Flag Building, Suite 570, Washington, D.C. 20530-0001. Both your check or money order and the envelope should be marked with the reference numbers AG/05-R0788; DAG/05-R0789; ASG/05-R0790. If we do not receive your payment within thirty calendar days from the date of this letter, we will assume that you are not interested in any further records search and we will consider your request closed in this Office.

Although I am aware that your request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you that you have the right to file an administrative appeal.

Sincerely,

Melanie Ann Pustay
Deputy Director