UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 1:05-cv-02078 |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
RECONSIDERATION OF PROTECTIVE ORDER REGARDING DEPOSITIONS

The Court's protective order was well within its "broad discretion" under Rule 26(c) "to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).  Fed. R. Civ. P. 26(c) authorizes the Court to issue a discovery order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Plaintiff's publication of the videotape in this case wouldconstitute an abuse of the discovery process, and the protective order should be affirmed. Furthermore, while "'[a] party may invoke Federal Rule 72(a) and Local Rule 72.2 to seek reconsideration of a magistrate judge's determination in a discovery dispute'" in the district court. Neuder v. Battelle Pac. Nw. Nat'l Lab., 194 F.R.D. 289, 292 (D.D.C.2000) . . . . [t]he district court 'shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.' Fed. R. Civ. P. 72(a); see also LCvR 72.2(c) ("[A] judge may modify or set aside any portion of a magistrate judge's order under this rule found to be clearly erroneous or contrary to law.")". Moore v. Chertoff, 2006 WL

1442447 (D.D.C.); see also Adem v. Bush, 1193853, *1 (D.D.C.) (denying reconsideration where Magistrate's decision was not clearly erroneous and contrary to law).  The Magistrate's decision was not erroneous here.

Plaintiff offers no new facts or circumstances to support the reversal of the Court's protective order, and instead merely parrots its original brief in the hope that it will be received more favorably this time around.  More to the point, the exact uses to which plaintiff intends to put the videotape remain shrouded in secrecy.  However, plaintiff's objection to the Court's requirement that they make a showing of good cause suggests that they will in fact, as defendant has shown, exploit it for private gain.  Indeed, the only imaginable reason for the urgency which they ascribe to their motion is that they plan to offer it tomorrow "while it's hot."

Furthermore, plaintiff fails to distinguish between its right to videotape the deposition, which defendant does not dispute, and their nonexistent alleged "right" to publicize it.  As the Supreme Court has made clear, "[p]retrial depositions . . . are not public components of a civil trial.  Such proceedings were not open to the public at common law . . . and, in general, they are conducted in private as a matter of modern practice."  Seattle Times, 467 U.S. at 33; see also In re Reporters Comm. for Freedom of the Press, 773 F.2d 1325, 1338  (D.C. Cir. 1985) ("It can thus hardly be said that there was a tradition, or is even now a general practice, or public access to pretrial depositions.").  Allowing the unrestricted publication of the deposition videotape would be tantamount to allowing not only the press, but the public into the deposition, a practice which courts generally have prohibited.  See, e.g., Bal v. Hughes, 1995 WL 244757 (S.D.N.Y. 1995); United States v. Poindexter, 732 F. Supp. 165, 169 (D.D.C. 1990); Amato v. Richmond, 157 F.R.D. 26, 27 (E.D. Va. 1994); Kimberlin v. Quinlan, 145 F.R.D. 1, 2 (D.D.C. 1992).  The

rationale for this result is that depositions "'are not a judicial trial, nor a part of a trial, but a proceeding preliminary to a trial, and neither the public nor representatives of the press have a right to be present at such taking.'"  Kimberlin v. Quinlan, 145 F.R.D. at 2 (quoting Times Newspapers, Ltd. v. McDonnell Douglas Corp., 387 F. Supp. 189, 197 (C.D. Cal. 1974)).

Finally, plaintiff has failed to show that they will be prejudiced in any way by the Order, or that it will prevent plaintiff from "shedding light" on this case.  The transcript of Mr. McCallum's deposition will be available to plaintiff and at its disposal for that alleged purpose.  The purpose of the videotape is to assist the Court in assessing the credibility of the witness, and the protective order serves that objective.

Because plaintiff's motion is substantively virtually a verbatim repetition of their original brief, in the interest of economy, and in view of the extremely foreshortened (@ 1.75 hours) deadline imposed by the Court, defendant is attaching herewith its original motion for a protective order and reply, which are incorporated by reference herein, and which respond to the arguments in plaintiff's motion for reconsideration.[1]

## CONCLUSION

For the foregoing reasons, a protective order should be affirmed restricting the use of the videotape to purposes related to this litigation only.

Respectfully submitted,

---

[1] The exhibits to these briefs are already in the Court's files and will not be attached hereto.  Exhibit 1 to Defendant's Motion for a Protective Order Regarding Depositions, and Supporting Memorandum, consists of a CD of a portion of the Daily Show which defendant will bring to the 9:30 A.M. hearing tomorrow morning and play for the Court.

|  |  |
|---|---|
|  | KENNETH L. WAINSTEIN |
|  | United States Attorney |
|  |  |
|  | **/s/ Lisa A. Olson** |
|  | ELIZABETH J. SHAPIRO |
|  | LISA A. OLSON (D.C. Bar #38266) |
|  | U.S. Department of Justice |
|  | 20 Mass. Ave., N.W., Room 6118 |
|  | Washington, D.C. 20530 |
|  | Telephone: (202) 514-5633 |
|  | Telefacsimile: (202) 616-8460 |
|  | E-mail: lisa.olson@usdoj.gov |
| Dated: July 17, 2006 | Counsel for Defendant |

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on June 30, 2006, Exhibit 1 (consisting of a CD) to Defendant's Motion for a Protective Order Regarding Depositions, and Supporting Memorandum, was filed with the Court by hand and served by first-class mail, postage prepaid, upon plaintiff's counsel as follows:

>  Anne L. Weismann
>  Melanie Sloan
>  Citizens for Responsibility and Ethics
>      in Washington
>  11 Dupont Circle, N.W.
>  Second Floor
>  Washington, DC 20036
>  Email: aweismann@citizensforethics.org

     /s/ **Lisa A. Olson**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:05-cv-02078 |
| U.S. DEPARTMENT OF JUSTICE, | ) ) | Magistrate Judge: Alan Kay |
| Defendant. | ) ) ) | |

ORDER

The Court having considered defendant's motion for a protective order, and good cause having been shown, it is hereby

ORDERED that defendant's motion is granted, and it is further

ORDERED that attendance at the depositions of Robert McCallum, Daniel J. Metcalfe, Stephen Brody shall be restricted to the parties, their counsel, and the individuals responsible for reporting the deposition by stenographic means or videotape, and it is further

ORDERED that the videotaped deposition of Robert McCallum will be subject to the following conditions:

1. The original videotape and any copies made of Robert McCallum's deposition shall be used solely for purposes of this litigation.

2. Each party will be entitled to one copy of the videotaped deposition. No other copies shall be made without further order of the Court.

3. No persons shall be permitted to view the videotaped deposition except for the

following: the Court hearing this case, and any person in attendance at any hearing at which the videotaped deposition is played; the parties; the parties' counsel, and persons in the regular employ of the parties' counsel who are assisting the parties' counsel in this lawsuit.

Dated: _____, 2006    _____
　　　　　　　　　　　　　　　　ALAN KAY
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE