UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND<br>ETHICS IN WASHINGTON<br>11 Dupont Circle, N.W.<br>Washington, D.C. 20036<br><br>           Plaintiff,<br><br>      v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br><br>           Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No. 05-2078 (EGS)<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR RECONSIDERATION OF PROTECTIVE ORDER**

In opposing the motion of plaintiff Citizen for Responsibility and Ethics in Washington ("CREW") to reconsider the order of Judge Kay entering a protective order defendant U.S. Department of Justice ("DOJ") makes three points. First, DOJ argues that CREW does not satisfy the standards for reconsideration because CREW has merely parroted the arguments it made in its original brief before Judge Kay. Defendant's Opposition to Plaintiff's Motion for Reconsideration of Protective Order Regarding Depositions (DOJ's Oppos."), p. 2. Second, DOJ argues that the case law does not support a right to publicize a videotaped deposition, merely the right to videotape it in the first place. Id. Finally, DOJ argues that because plaintiff has not shown any prejudice from the Order its motion for reconsideration should be denied. Id. at 3. As discussed below, each of these arguments is without merit.

1, While it is true that CREW, forced by the circumstances of time, largely reiterated the

legal and factual arguments it had made to Judge Kay this does not equate to a lack of merit in CREW's motion for reconsideration.  This is because here Judge Kay failed to even address, much less distinguish or refute, the substantial body of case law recognizing the public interest in the videotaped deposition of a public official regarding his or her official acts.  It was precisely because Judge Kay's order was contrary to law that CREW sought reconsideration, a valid basis under the case law DOJ cites in its opposition.  *See* DOJ's Oppos., pp. 1-2.

Ignoring this case law[1] DOJ relies instead on its wild and still unsubstantiated accusation that CREW intends to exploit the videotape "for private gain," which DOJ claims to "have shown."  Id. at 2.  This is patently false.  CREW, as a non-profit organization organized under secdtion 501(c)(3) of the Internal RevnueCode, has no profit motive.  Moreover, DOJ has made no factual showing whatsoever, either here or before Judge Kay.  A careful perusal of its papers before Judge Kay makes clear that DOJ's motion for a protective order was based solely on its unsupported and unsupportable fears and "intimations" it had somehow gleaned from CREW's request for basic information on the size of possible rooms at Main Justice so CREW could determine the best location for Mr. McCallum's deposition.  Tellingly, Judge Kay cites to no facts before him that support DOJ's allegations of improper purpose and intended misuse.

In sum, CREW has met the standards for reconsideration.

2.  DOJ also argues that CREW is relying on its nonexistent alleged 'right' to publicize" the videotape of Mr. McCallum's deposition.  DOJ's Oppos., p. 2.  The problem with this

---

[1] In the briefs DOJ filed with Judge Kay DOJ failed to distinguish, much less discuss, the decisions recognizing a public right to a videotaped deposition in cases such as this one, and instead argued only that the cases were not from this district or Circuit.  In its Opposition brief here DOJ has yet to address this case law, an apparent concession that it has nothing with which to refute it.

argument is that it is based wholly on rhetoric. DOJ does not even mention, much less address, the cases cited in CREW's motion that provide a clear and unequivocal right to CREW to disseminate the videotape to the public. Indeed, many of the cases on which DOJ relies were decided before the amendments to Rule 30(b)(2) of the Federal Rules of Civil Procedure granting to a party noticing a deposition the unilateral right to choose the method of recordation, including by videotape. And DOJ also relies on cases addressing the right of the press to be present at a deposition – an issue not presented here as CREW is not seeking reconsideration of that part of Judge Kay's order limiting attendance at the depositions to parties, their counsel, and the deponents.

Moreover, while the courts may not have recognized a "tradition . . . of public access to pretrial depositions" (DOJ's Oppos. at 2), they have recognized a general right of public access to the depositions of high level officials when their conduct in office is at issue. *See generally* CREW's Motion for Reconsideration.

3. Finally, DOJ argues that plaintiff's motion should be denied because plaintiff has not shown it will be prejudiced by the Order. While CREW, in moving for reconsideration, must demonstrate how Judge Kay's order is contrary to law, fact, or both, it need not also show prejudice from the Order, and DOJ has not demonstrated otherwise. CREW nevertheless submits that there is a very real risk of harm to the public, for which CREW is a proxy, if DOJ is allowed to shroud Mr. McCallum's deposition in secrecy and shield him from the full light of public scrutiny. Simply stated, public access guarantees public accountability.

## CONCLUSION

CREW was afforded the right to take discovery, including Mr. McCallum's deposition,

precisely because of the government's inability, or outright refusal, to explain its very significant delay in processing CREW's FOIA requests. That delay has harmed more than just CREW. The public is still in the dark about why DOJ, and Mr. McCallum in particular, chose to scale back the government's proposed remedy in the tobacco litigation. DOJ's delay has ensured that the public remains in the dark. Allowing public dissemination of Mr. McCallum's videotaped deposition would go a long way to satisfying the public that high level government officials can and will be held accountable for their actions. For these reasons, as well as those set forth in CREW's opening brief, the Court should grant CREW's Motion for Reconsideration.

Respectfully submitted,

\_\_\_/s/_____
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
 In Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

Dated: July 17, 2006