UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, : : : : Plaintiff, : : v. : : U.S. DEPARTMENT OF JUSTICE, : : Defendant. : : | Civil Action No. 05-2078 (EGS) |

**PLAINTIFF'S RESPONSE TO NOTICE OF APPARENT VIOLATION
OF COURT ORDER**

The U.S. Department of Justice ("DOJ"), defendant in the above-captioned matter, has today filed a Notice of Apparent Violation of Court Order. Without any factual predicate whatsoever, DOJ suggests plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") has apparently violated the Order of Judge Kay directing the parties not to disseminate certain documents that were made exhibits to the deposition of Robert McCallum.[1] As discussed below, the filing is based on a patently false misreading of the *Associated Press* article on which it relies and is otherwise completely lacking in merit.

As purported support for its filing, DOJ relies on a July 20, 2006 *Associated Press* article which, according to DOJ, "contains extensive comments from CREW." Notice of Apparent Violation of Court Order ("D's Notice) at 1. To the contrary, the article contains not one comment from CREW. Instead, the article quotes Ms. Sharon Eubanks, the former director of DOJ's tobacco litigation team, who the article identifies as "now work[ing] for Citizens for

---

[1] DOJ never directly accuses CREW of anything but it captions its filing as a notice of apparent violation.

Responsibility and Ethics in Washington." Exhibit to D's Notice at 1. This is the sole reference to CREW and there is nothing in the text of the article that says, either expressly or impliedly, that Ms. Eubanks was speaking on behalf of CREW in any way whatsoever. For the government to so blatantly misrepresent the clear text of the article is disgraceful.

Moreover, as CREW has formally advised DOJ, Ms. Eubanks is recused from all aspects of this case, including offering any advice or information on an informal basis. See Letter from Anne L. Weismann to Lisa Olson, July 22, 20006 (Exhibit A). As this letter outlines, pursuant to D.C. Bar Rule of Professional Responsibility 1.11(d)(2), CREW has taken all appropriate steps to ensure that Ms. Eubanks does not participate in or discuss in any way this litigation. Ms. Eubanks also sent letters to both Ms. Olson and Attorney General Gonzales attesting, under Rule 1.11(d), that she "will not participate in any manner in [CREW v. DOJ] or in the representation," and further that she "will not discuss the matter or the representation with any partner, associate, or of counsel lawyer at Citizens for Responsibility and Ethics in Washington." Letter from Sharon Y. Eubanks to The Honorable Alberto Gonzales, July 11, 2006; letter from Sharon Y. Eubanks to Lisa Olson, July 11, 2006 (attached as Exhibit B).

To the extent DOJ is suggesting that the publication on CREW's website of the *Associated Press* article itself constitutes a violation of the Court's order, Supreme Court precedent makes clear that such a proscription would run afoul of the First Amendment. In Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984), a case on which DOJ relied extensively when it sought a protective order in this case, the Supreme Court held that a protective order that prohibited the dissemination of information gathered through the discovery process did not violate the First Amendment. The Court made clear that its ruling was premised in significant

part on the fact that the protective order in question was limited to information gained through discovery, but left the parties free to "disseminate the identical information covered by the protective order **as long as the information is gained through means independent of the court's processes.**" (emphasis added) 467 U.S. at 34.

Moreover, as DOJ is well aware, CREW is by far not the only entity in possession of the sealed documents. On June 28, 2006, Robert McCallum responded in writing to a question posed by the Senate Foreign Relations Committee in conjunction with his nomination to be Ambassador to Australia. The Committee asked the following question:

> Question: On June 9, 2005, USA Today published an oped under your name regarding the tobacco cessation remedy proposed in the tobacco litigation. **The Committee has received a copy of some internal Justice Department emails about the drafting of the article; these emails indicate that the individuals at the White House had a role in editing or supervising the final text of the article, and that you were copied on these emails**.
>
> Do you recall the involvement of the White House in the approval of this article? Does the evidence that White House staff may have been involved in the drafting of this article alter your position that no one at the White House ever tried to influence any aspect of your decisions in the case?

(Emphasis added) (Attached as Exhibit C). From this, DOJ was on fair notice that the emails in question were available to numerous other parties outside of DOJ separate and apart from CREW. And CREW reiterated to DOJ's counsel during Mr. McCallum's deposition that numerous entities were already in possession of the documents in question. Accordingly, there is no basis to attribute to CREW the publication in the *Associated Press* article of information subject to the Court's order.

3

Finally, there is nothing more important to CREW and its counsel than our ethical and legal obligations to this Court and the Bar. We are shocked and disappointed that the Department of Justice has been so reckless and irresponsible in its filing, which insinuates otherwise.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court strike DOJ's Notice of Apparent Violation of Court Order from the record in this matter.

Respectfully submitted,

\_\_/s/_____
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and
 Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

Dated: July 20, 2006