UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | : : : |
| Plaintiff, | : : |
| v. | : Civil Action No. 05-2078 (EGS) : |
| U.S. DEPARTMENT OF JUSTICE, | : : |
| Defendant. | : : |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE/
SEALING ORDER AND FOR RETURN OF FEDERAL DOCUMENTS**

**STATEMENT**

Under the guise of a motion for a protective order, the U.S. Department of Justice ("DOJ") seeks to compel Citizens for Responsibility and Ethics in Washington ("CREW") to return to the government all copies of certain documents that have been sealed pending resolution of DOJ's motion.[1] As demonstrated herein, DOJ's motion is both procedurally improper and substantively without foundation. DOJ's real motive here could not be clearer – ensuring that the public does not have access to information that raises a serious question about the veracity of the government's witness, Robert McCallum, the former Associate Attorney General.

First, DOJ's motion is premised on its claim that the documents in question were stolen. DOJ has not, however, offered any evidence to support this extraordinary and inflammatory

---

[1] Judge Kay's order sealing these documents was not based on a consideration of the merits of DOJ's claims regarding sealing, but was an effort to preserve the status quo until this Court could address the issues.

allegation. There was absolutely nothing improper in the manner in which CREW acquired these documents and there is simply no evidence from which the Court can properly conclude that the documents were, in fact, stolen. Should there be any question, CREW is hereby submitting a declaration that attests to the fact that CREW did not acquire these documents in an improper manner. If the Court needs more information beyond what CREW has provided in its public filing, CREW will be happy to make an *in camera*, *ex parte* proffer further explaining the details of how CREW acquired the documents in question.

Second, DOJ has not demonstrated that the documents are federal records. Mr. McCallum made clear in his deposition testimony that he likely did not retain a copy of McCallum Exhibit $2^2$ as he did not consider it worthy of preservation. Similarly, McCallum Exhibit 3 lacks any indicia that it is a federal record worthy of preservation. At most, these were temporary or personal records with a limited usefulness, which the creator had no obligation to preserve as federal records.

Third, DOJ has not established that McCallum Exhibit 3 is privileged, and any privilege that attaches to McCallum Exhibit 2 is outweighed by CREW's need for the documents to address the very serious issue of Mr. McCallum's veracity during his deposition. As the D.C. Circuit has recognized, the deliberative process privilege must yield "where there is reason to believe the document sought may shed light on government misconduct." In re Sealed Case, 121 F.3d 729, 739 (D.C. Cir. 1997). That is precisely the case here.

Fourth, the relevance of the information in both sealed documents could not be plainer.

---

[2] Because these documents are currently under seal, CREW will refer to them herein as McCallum Exhibits 2 and 3. With this brief CREW is also filing under seal the complete text of both McCallum Exhibits 2 (attached as Exhibit A) and 3 (attached as Exhibit B).

Mr. McCallum testified very specifically during his deposition     **REDACTED**

Fifth, McCallum Exhibit 2 was already in the public domain before CREW attempted to use it during Mr. McCallum's deposition. That DOJ never before sought the documents' return or even suggested they were improperly in the public domain underscores DOJ's true motive here – to keep the Court and the public from considering evidence that bears directly on Mr. McCallum's veracity.

Finally, DOJ has not justified its extraordinary request that the Court compel CREW to return to DOJ all copies of these documents in CREW's possession. DOJ's rhetoric aside, this is far from an "extraordinary case." Defendant's Motion for a Protective/Sealing Order and For Return of Federal Documents ("D's Motion") at 9. To equate this case to ones involving classified information, diplomatic codes, or secret grand jury information is absurd. The only value to the information at issue here is its role in establishing Mr. McCallum's lack of truthfulness.

## ARGUMENT

**1. DOJ Has Not Offered Any Evidence To Support Its Claim That The Documents At Issue Were Stolen.**

DOJ's extraordinary request that the Court compel CREW to return to DOJ all copies of McCallum Exhibits 2 and 3 in CREW's possession rests on DOJ's unsubstantiated claim that the documents are stolen. DOJ offers no proof for this serious charge, relying instead on two unproven assertions: (1) the documents "appear to have been printed from the government computer of former Department employee Sharon Eubanks," D's Motion at 2, and (2) DOJ "has never authorized the release of the e-mails in question." Id. at 5.

As to the first assertion, DOJ has simply offered its own assessment of the documents,

untethered to any forensic or other external evidence. Even more to the point, DOJ has not explained the significance of its observation, beyond implying that this is a sufficient basis from which to conclude that Ms. Eubanks, the former Director of the tobacco litigation team, stole the documents. That Ms. Eubanks may have printed out the e-mails in question (which DOJ has not proven) reveals nothing about how those e-mails came into the public domain. The declaration of Anne L. Weismann, Chief Counsel for CREW ("Weismann Decl."), attests to the fact that CREW did not acquire the documents from Ms. Eubanks or any other source that had a past or current connection to DOJ.[3] *See* Weismann Decl. at ¶3 (attached as Exhibit C). In short, the mere fact that Ms. Eubanks' name appears at the top of the e-mails reveals nothing about how they left DOJ.

As to DOJ's second claim that DOJ never authorized the release of the e-mails, this too is a bald assertion without any support whatsoever. DOJ has not offered any evidence, by declaration or otherwise, attesting to what DOJ has done to verify is claim of unauthorized disclosure. More fundamentally, DOJ has not even proven that the e-mails in question have been preserved at DOJ, much less that someone stole them from DOJ files. Nor has DOJ demonstrated who had access to the e-mails, in whose files they reside, and whether or not any of those individuals followed authorized procedures for removing the documents. Absent such evidence, DOJ's naked allegations are insufficient support for its demand that the documents be returned to the government.

**2. DOJ Has Not Proven That The Documents In Question Are Federal Records.**

---

[3] According to DOJ, CREW has "refused to disclose" how it "came to acquire" the e-mails at issue. D's Motion at 5. Judge Kay never requested that CREW make such a disclosure.

It is axiomatic that DOJ can only lay claim to documents that are federal records. In this regard, not every document created by a government employee during the course of his or her employment qualifies as a "record." Instead, that term has a very specific meaning assigned by statute:

> 'records' includes all books, papers, maps, photographs, machine readable materials, or other documentary materials, regardless of physical form or characteristics, made or received by an agency of the United States Government under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency or its legitimate successor as *evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the Government or because of the informational value of data in them* . . .

44 U.S.C. §3301 (emphasis added).

DOJ has not made any showing of how the documents in question qualify as federal records worthy of preservation. This alone is fatal to its motion for a protective/sealing order.

Mr. McCallum was quite clear in his testimony that the contents of McCallum Exhibit 2 were not the kind he would normally preserve. Indeed, he was quite dismissive about their significance, testifying:

**REDACTED**

Deposition of Robert D. McCallum, Jr. ("McCallum Depo.) at 78 (attached as Exhibit D). In view of the fact that the documents concern **REDACTED**, his views on their insignificance and their lack of an informational value carry special weight.[4]

---

[4] Should DOJ dispute Mr. McCallum's characterization, then CREW assumes these e-mails are within the documents DOJ purported to have identified months ago as responsive to CREW's FOIA requests. Given that DOJ has refused to provide CREW with any information about the nature of the responsive documents, CREW requests that the Court require DOJ to make a showing of whether DOJ identified McCallum Exhibits 2 and 3 as responsive to

McCallum Exhibit 3 has even less indicia that it is a federal record worthy of preservation. The fairest characterization of the document is that it is from one DOJ employee to another DOJ employee memorializing a telephone conversation the first employee had with a supervisor during which that employee complained about a non-litigation matter over which the supervisor had no control and no decision-making role to play. Surely DOJ cannot be suggesting that it is entitled to the return of what is clearly a personal e-mail that memorializes **REDACTED**.[5]

DOJ's rhetoric aside, there is simply no evidence that these documents are federal records that were ever maintained as such in DOJ files pursuant to the Federal Records Act, 44 U.S.C. §3301.

### 3. McCallum Exhibit 3 Is Not Privileged And Any Privilege That Attaches To McCallum Exhibit 2 Is Outweighed By CREW's Need For The Document.

A fundamental underpinning to the government's motion is that the documents at issue contain privileged or confidential information to which CREW and the public do not have a right of access. DOJ has failed to carry its burden of establishing that any privilege attaches to McCallum Exhibit 3. With respect to McCallum Exhibit 2, any interest the government has in preserving the confidentiality of its decision-making process is outweighed by CREW's interest in information that bears directly on Mr. McCallum's veracity and for which CREW has no other

---

CREW's FOIA requests. DOJ's failure to include these documents would be entirely inconsistent with its claim here that they are federal records that were in the possession of DOJ.

[5] DOJ suggests that because McCallum Exhibit 3 appears to contain a missing paragraph, CREW may be in possession of an unredacted version that contains privileged or confidential information. D's Motion at 3. As the Weismann Declaration makes clear, DOJ's ominous speculation is unfounded – CREW has never had access to any other material that may have been contained in the body of this e-mail. See Weismann Decl. at ¶5.

source.

First, as a matter of process, DOJ has asked the Court to accept that the documents are subject to the deliberative-process privilege, but has failed formally to invoke the privilege. The government has made no formal claim of privilege attested to by an individual who is authorized to make the claim and who has personally considered the matter. Neither has the government substantiated such a claim by a detailed specification of the information over which DOJ is claiming the privilege and the harm that would flow from disclosure of the agency's internal processes. *See* Landry v. Federal Deposit Ins. Corp., 204 F.3d 1125, 1135 (D.C. Cir. 2000) (*citing* Northrop Corp. v. McDonnel Douglas Corp., 715 F.2d 395, 399 (D.C.Cir. 1984)). Instead, DOJ relies on the generalized characterizations of its counsel that the documents are pre-decisional drafts (McCallum Exhibit 2) or contain an attorney's "recommendations to her superior" (D's Motion at 3 describing McCallum Exhibit 3). DOJ's failure to make the requisite evidentiary showing to establish that the privilege even applies in the first instance is alone a basis to deny its motion.

As a substantive matter, even if DOJ had properly invoked the deliberative process privilege (which it has not), that privilege is a qualified one that can be overcome by a greater showing of need.[6] In balancing the interests of the two parties, this court must consider:

> (I) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the

---

[6] In the FOIA context, by contrast, the deliberative process privilege – which is encompassed within Exemption 5 – is treated as absolute in that courts do not weigh the needs of the individual FOIA requester for the information against the government's need to withhold the information. The dispute here arises in a discovery context, where the deliberative process privilege is always treated as a qualified privilege that can be overcome by a sufficient showing of need.

>litigation and the issues involved; (iv) the role of the govern-
>ment in the litigation ; and (v) the possibility of future
>timidity by government employees who will be forced to
>recognize that their secrets are violable.

First Eastern Corp. v. Mainwaring, 21 F.3d 465, 468 (D.C. Cir. 1994), *quoting* In re Subpoena Served Upon Comptroller of Currency, 967 F.2d 630, 634 (D.C. Cir. 1992).  Applying these factors here it is clear that the balance is struck in favor of disclosure.

First, the evidence CREW seeks is highly relevant as it bears directly on Mr. McCallum's veracity.  **REDACTED**

During his deposition in this matter, CREW asked Mr. McCallum expressly whether, in light of McCallum Exhibit 2, he felt a need to correct **REDACTED**.  Mr. McCallum responded

>**REDACTED**

McCallum Depo. at 42-43 (Exhibit D).

Following his deposition, CREW obtained a copy of Mr. McCallum's written "clarification" that he had referenced in his testimony.  On June 28, 2006, mere weeks before his deposition in this matter, Mr. McCallum provided a written response to the following question:

>Question: On June 9, 2005, USA Today published an oped under your name regarding the tobacco cessation remedy proposed in the tobacco litigation.  The Committee has received a copy of some internal Justice Department emails about the drafting of the article; these emails indicate that the individuals at the White House had a role in editing or supervising the final text of the article, and that you were copied on these emails.
>
>Do you recall the involvement of the White House in the approval of this article?  Does the evidence that White House staff may have been involved in the drafting of this article alter your position that no one at the White

8

>   House ever tried to influence any aspect of your decisions
>   in the case?

(Attached as Exhibit F)  Mr. McCallum responded in pertinent part: "My answer remains the same relating to my public statements, specifically the op-ed below, in that I don't recall ever discussing it with anyone at the White House.  Nor do I recall the involvement of the White House in the review or approval of this op-ed."  Id.

In other words, either Mr. McCallum did not testify truthfully in his deposition **REDACTED**, or he did not respond truthfully to Senator Biden.  In either case, this is evidence that bears on his credibility and veracity as a witness in this matter.

The government makes the remarkable suggestion that only his veracity in testimony relating to his processing of CREW's FOIA requests is relevant.  D's Motion at 6.  The veracity of a witness is not, however, a piecemeal affair.  If Mr. McCallum testified untruthfully about the **REDACTED**, this Court is entitled to infer that he may not have testified truthfully about his knowledge of and role in the processing of CREW's FOIA requests.

McCallum Exhibit 3 also evidences a lack of truthfulness on Mr. McCallum's part.

**REDACTED**

.[7]  The possibility that Mr. McCallum may have submitted inaccurate or untruthful responses to the questions of the Senate Foreign Relations Committee is again relevant evidence on his veracity in these proceedings.

In addition, CREW has no other source for this information.  Absent the ability to match

---

[7] As explained in CREW's motion to reconsider Judge Kay's limitations on the scope of the depositions, CREW was not permitted to ask any follow-up questions on this topic or on the substance of McCallum Exhibit 3.

up Mr. McCallum's testimony here and his responses to the questions of the Senate Foreign Relations Committee with contemporaneous documents that reflect a different truth, CREW has no way of disproving Mr. McCallum's version of events. Moreover, the seriousness of the issue that this discovery is aimed at answering – whether the government acted in bad faith – tips the balance decidedly in favor of overriding any claim of privilege.

Indeed, the D.C. Circuit has recognized that "where there is reason to believe the documents sought may shed light on government misconduct, 'the privilege is routinely denied,'" on the grounds that shielding internal government deliberations in this context does not serve 'the public's interest in honest, effective government.'" In re: Sealed Case, 121 F.3d 729, 738 (D.C. Cir. 1997), *quoting* Texaco Puerto Rico, Inc. v. Dep't of Consumer Affairs, 60 F.3d 867, 885 (1st Cir. 1995) (citations omitted). Under this rationale, this Court should not hesitate to override any claim of privilege for documents **REDACTED**, but which shed light potentially on government misconduct.[8] To otherwise allow DOJ to hide behind the deliberative process privilege would plainly not serve "the public's interest in honest, effective government." DOJ's privilege claim with respect to McCallum Exhibit 3 is even more unsound. According to DOJ, this exhibit is protected by the deliberative process privilege because it "recounts" Ms. Eubanks' "recommendations to her superior." D's Motion at 3. Mr. McCallum, however, has denied having any authority **REDACTED**. In response to Senator Biden's written question of whether **REDACTED**, Mr. McCallum responded "No." Exhibit E at 22. DOJ cannot have it both ways – either **REDACTED**

---

[8] CREW notes that it seeks the documents not for the evidentiary value of the deliberations themselves, but rather to prove **REDACTED**

, in which case he did not answer Senator Biden's question truthfully, or he had no role to play**,** **REDACTED**                      .  As a necessary corollary, the deliberative process privilege is not available to shield the contents of that discussion from public view.

Beyond identifying the deliberative process privilege, DOJ's motion repeatedly characterizes the documents in question as "confidential."  DOJ has failed to specifically invoke any other privilege, however, and the cases it cites that deal with confidential law enforcement information, classified information, national defense information, secret grand jury information, and diplomatic codes (D's Motion at 4-5) are simply inapposite.

### 4. As DOJ Knew, McCallum Exhibit 2 Was In The Public Domain Prior To Mr. McCallum's Deposition.

In support of its claim that CREW should be ordered to return the documents to the federal government, DOJ claims that the e-mails contained in McCallum Exhibit 2 had not found their way into the public domain prior to an *Associated Press* article of July 20, 2006.  D's Motion at 5.  This is untrue.

On June 28, 2006, Mr. McCallum offered a written clarification to a question from Senator Biden regarding his *USA Today* editorial.  The question to which he was responding referenced specifically the fact that the Committee had "**received a copy of some internal Justice Department emails about the drafting of the article; these emails indicate that the individuals at the White House had a role in editing or supervising the final text of the article, and that you were copied on these emails**." (emphasis added) (Exhibit F).  Mr. McCallum never questioned the Committee about how it had come into possession of these e-mails, nor did he or anyone else at DOJ assert that they were government property subject to a claim of privilege.

It is clear from DOJ's conduct that it is selectively claiming privilege when it suits the government's needs or the needs of high-level DOJ officials. DOJ's failure to seek the documents' return or to invoke a privilege upon first being notified that the documents were in the public domain constitutes a waiver. *See* SEC v. Lavin, 111 F.3d 921, 930 (D.C. Cir. 1997). It also highlights the disingenuous nature of DOJ's claim that the documents have found their way into the public domain because of CREW's actions, rather than the actions of a third party or parties not before this Court.

### 5. DOJ Has Not Justified Its Extraordinary Request That The Court Compel CREW To Return All Copies Of The Documents To DOJ.

Relying on Rule 26(c) of the Federal Rules of Civil Procedure and the All Writs Act, 28 U.S.C. §1651(a), DOJ asks the Court to compel CREW to return to the government all copies of McCallum Exhibits 2 and 3. D's Motion at 8-9. DOJ offers no support for its novel interpretation of Rule 26(c) as authorizing its requested relief, and CREW knows of none. Given that the requested relief is plainly not encompassed within the eight categories of relief expressly authorized by Rule 26(c),[9] that Rule provides no basis for its issuance.

While DOJ recognizes that a mandatory writ issued under the All Writs Act is "an

---

[9] As set forth in Rule 26(c) a court is authorized to order: "(1) that the disclosure or discovery not be had; (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition, after being sealed, by opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court."

Case 1:05-cv-02078-EGS

extraordinary remedy," D's Motion at 8, it makes the self-serving claim that "this is an extraordinary case." Id. The facts reflect otherwise.

As shown above, DOJ has not demonstrated that the documents in question are federal records, that they were taken improperly, that they are properly privileged, or that they were not already in the public domain before the July 20, 2006 *Associated Press* article. Relying on innuendo and character attacks, DOJ claims the extraordinary writ it seeks is justified by the mere fact that CREW currently employs Sharon Eubanks who, DOJ seems to assume (incorrectly) provided CREW with the documents. This assumption, like every other stated basis for the relief, is false.

## CONCLUSION

During the past week, DOJ has accused CREW of stealing government documents, its counsel has accused CREW of trying to "con" this Court,[10] and now it has accused CREW of violating a Court order. Such charges reflect a distinct lack of civil discourse by government counsel. But even more seriously, they impugn the integrity, ethics, and professionalism of CREW and its counsel, and demonstrate a reckless disregard for the rules of law and evidence. For the reasons set forth herein, CREW respectfully requests that the Court deny DOJ's Motion and order that McCallum Exhibits 2 and 3 and all portions of the transcript that contain information from these exhibits be unsealed.

Respectfully submitted,

---

[10] *See* Deposition of Daniel Metcalfe at 40 (attached as Exhibit G).

           /s/_____
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and
 Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

Dated:  July 24, 2006