# EXHIBIT 2

to

Reply in Support of Defendant's Motion for a Protective/Sealing Order
and for Return of Federal Documents

DOJ 2710.8C



# Removal and Maintenance of, and Access to, Documents

**Approval Date:** November 7, 2000
**Approved By:** JANET RENO
Attorney General
**Distribution:** BUR/H-1; OBD/H-1, SPL-23
**Initiated By:** Justice Management Division
Office of General Counsel

1. **PURPOSE.** This order establishes policy and procedures on removal from Department of Justice custody, and requests for maintenance of or access to documentary materials, by current, departing, and former employees. It establishes the responsibilities of component heads with regard to such materials, and establishes a Department Document Committee to provide recommendations regarding requests for removal of or access to nonpublic documents.

2. **SCOPE.** This order applies to all employees (see paragraph 5h of this order) in all bureaus, offices, boards, and divisions (hereinafter components) in the Department of Justice regardless of the type or duration of their appointment.

3. **CANCELLATION.** Order DOJ 2710.8B is canceled.

4. **REFERENCE.** This order is issued under authority provided in 5 U.S.C. § 301, 28 U.S.C. § 507, 28 C.F.R. § 0.75(j), and 36 C.F.R., Chapter XII, § 1222.40.

5. **DEFINITIONS.**

    a. **Removal.** Permanent removal from the custody of the Department of Justice. This does not include the withdrawal of materials for official business by authorized employees.

    b. **Access.** Opportunity to review documents on government premises or at another agreed-upon location.

    c. **Departing Employee.** One who leaves the Department's employment. This does not include one changing jobs within the Department. The prohibitions regarding removal apply to current as well as departing employees.

    d. **Documentary Materials.** All Federal records, nonrecord materials, and personal papers, regardless of the nature of the medium or the method or circumstances of recording.

    e. **Federal Records or Records.** All books, papers, maps, photographs,

machine-readable materials, or other documentary materials, regardless of physical form or characteristics, that are made or received by an agency of the United States Government under Federal law or in connection with the transaction of public business, and that are preserved or appropriate for preservation by that agency or its legitimate successor as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the Government or because of the informational value of the data in them. (44 U.S.C. § 3301.) Electronic communications such as electronic mail messages may meet this definition.

  f. **Nonrecord Materials.** Nonrecord materials include:

   (1) Those Federally-owned documentary materials that do not meet the statutory definition of records (44 U.S.C. § 3301) (see paragraph 5e) or that have been specifically excluded from coverage. Materials excluded from the definition of records include extra copies of documents (but only if the sole reason such copies are preserved is for convenience of reference); library and museum materials (but only if such materials are made or acquired and preserved solely for reference or exhibition purposes); and stocks of publications and of processed documents. (These are defined as "nonrecord materials" by regulations of the National Archives and Records Administration (NARA) (36 C.F.R. § 1222.34).)

   (2) Documentary materials not owned by the Federal government, including documentary materials (or any reasonably segregable portion thereof) of a private or nonpublic character that do not relate to, or have an effect upon, the conduct of agency business. (These are defined as "personal papers" by NARA regulations (36 C.F.R. § 1222.36).)

  g. **Classified Information.** Information that requires protection against unauthorized disclosure in the interest of national security and that is within the scope of 28 C.F.R. Part 17.

  h. **Officer or Employee.** An "officer" as defined by 5 U.S.C. § 2104 and an "employee" as defined by 5 U.S.C. § 2105. The term "employee" will be used to designate both officers and employees, and refers to all personnel employed by the Department of Justice.

6. **POLICY ON SEGREGATION OF DOCUMENTARY MATERIALS.** The following procedures will assist in making subsequent determinations regarding the removal of documentary materials.

  a. **Separation of Personal Papers.** Personal papers (not relating to agency business) shall be clearly designated as such and shall at all times be maintained separately from office files. (See paragraph 5f(2).)

  b. **Partial Federal/Personal Record.** If information about personal matters and Department of Justice business appears in the same document, the document shall be copied with the personal information deleted, and the

remaining record treated as a Federal record. (See paragraph 5e.)

c. **Use of Labeling.** Documentary materials labeled "personal," "confidential," or "private," or similarly designated, used in the transaction of public business and which meet the definition of a record, are Federal records subject to the provisions of pertinent laws and regulations. The use of a label such as "personal" is not sufficient to determine the record status of documentary materials.

7. **POLICY ON REMOVAL OF DOCUMENTARY MATERIALS.**

   a. The following types of documentary materials may NEVER be removed:

   (1) Any federal record;

   (2) The only copy of any documentary materials involved in the conduct of the affairs of the Department or any other components of the Federal Government, whether or not judged to be records (including any copy that is unique, for example because it contains the signature or initials of the writer, reviewers, and/or concurring parties);

   (3) Any documentary materials (whether or not judged to be records) the removal of which will create such a gap in the files as to impair the completeness of essential documentation;

   (4) The only copy of indices or other finding aids (whether or not judged to be records) that are necessary to the use of office files;

   (5) Portions of documentary materials (whether or not judged to be records) that constitute classified information;

   (6) Portions of documentary materials (whether or not judged to be records) that constitute information subject to the Privacy Act of 1974, 5 U.S.C. § 552a; and

   (7) Portions of any other documentary materials (whether or not judged to be records) that constitute information the disclosure of which is prohibited by law, such as grand jury, tax, and trade secret information.

   All other types of nonpublic Federally-owned documentary materials, including privileged materials, may be removed only with specific approval, as described in paragraph 8. (A publicly available document such as a brief filed in court or a newspaper article may be removed without approval.)

8. **DOCUMENT REQUESTS BY DEPARTING OR FORMER EMPLOYEES.**

   a. Prior to departure, employees may assemble copies of documents that they

originated, reviewed, or signed while employees of the Department, for the purpose of making a request pursuant to paragraph 8b. Except for requests made for purposes of responding to an official inquiry, as referenced in paragraph 8g, documents must be assembled prior to making a request pursuant to paragraph 8b.

b. Departing or former employees may request the following:

   (1) **Removal or access subject to a nondisclosure agreement.** The requester must agree in writing to safeguard the information from unauthorized disclosure and not to further disclose the information by any means of communication. Determinations regarding such removal or access shall be made in accordance with the standards set forth in, or established pursuant to, this order, including paragraphs 8d and paragraph 9; and/or,

   (2) **Removal or access not subject to a nondisclosure agreement.** Determinations regarding such removal or access shall be made in accordance with applicable standards for public disclosure, subject to the provisions of paragraph 8d; or,

   (3) **Maintenance by the Department for a limited period of time.** A departing or former employee may request maintenance of assembled documents for a specific period of time during which he or she may request removal or access pursuant to paragraphs 8b(1) and/or (2).

c. A request must be submitted in writing to the head of the component in which the requester is or was employed. In the case of component heads, the request must be submitted to the Assistant Attorney General for Administration (AAG/A). In the case of the AAG/A, the request must be submitted to the Deputy Attorney General.

d. The deciding official may, at his or her discretion, deny the request in whole or in part on any reasonable basis, such as to protect privacy interests, governmental privilege, law enforcement interests, or commercial interests, or because of the administrative burden of reviewing the documents requested.

e. In cases where the AAG/A is the deciding official and the Department Document Committee (as established in paragraph 9) intends to recommend denial of the request on the basis of administrative burden, it shall notify the requester of its proposed recommendation and give the requester an opportunity to negotiate an accommodation. If no agreement can be reached, the requester shall be given an opportunity to present his or her position to the AAG/A prior to the AAG/A's decision. If the AAG/A denies a request on the basis of administrative burden, upon request, the AAG/A shall provide the requester with a written explanation of the reason for the denial, including a description of the administrative burden that processing the request would entail.

f. If a request under paragraphs 8b(1) or (2) is denied based in whole or in part on administrative burden, the deciding official may agree to maintain those

    documents for a limited period of time after the denial, during which time a requester may submit a more narrow request for consideration.

    g. At any time, regardless of prior assembly of documents, former employees of the Department may be granted access to documents that they originated, reviewed, or signed while employees of the Department, for the purpose of responding to an official inquiry by a federal, state, or local government entity or professional licensing authority, pursuant to 28 C.F.R § 16.300. In addition to obtaining access pursuant to 28 C.F.R § 16.300, former employees may at the same time also request approval to remove any of these documents pursuant to the procedures and standards set forth in paragraph 8.

9. **DEPARTMENT DOCUMENT COMMITTEE.** There is established a Department Document Committee (DDC) to make recommendations to the AAG/A regarding requests from all departing or former employees who seek the AAG/A's approval to remove nonpublic documents and to provide such other advice as the AAG/A may request. The DDC will consist of five members, including one representative of each of the following components: the Office of Legal Counsel, the Office of Legislative Affairs, the Justice Management Division, the Office of Information and Privacy, and one of the leadership offices. The head of each component represented on the DDC will designate an employee within his or her component to serve on the DDC, and the Deputy Attorney General will designate a representative for the leadership offices. If the AAG/A deviates from a recommendation of the DDC, the AAG/A shall note the final decision in writing.

10. **DELEGATION.**

    a. The head of each component is responsible for:

        (1) Deciding upon requests made pursuant to paragraph 8; and

        (2) Ensuring that:

            (a) Each employee is apprised of the contents of this order.

            (b) Each departing employee is provided the guidance shown at Appendix 2.

            (c) Each departing employee who is removing or accessing documents subject to a nondisclosure agreement executes such agreement before removing documents or obtaining access. The nondisclosure agreement shown at Appendix 1 shall be used.

            (d) There is established a centralized office file of executed nondisclosure agreements within the component, with such executed agreements to be retained for ten (10) years.

    b. The component head may delegate this authority.

11. **STATUTORY PENALTIES AND REQUIREMENTS.**

   a. The disposal of Federal records in agency custody is governed by specific provisions of chapter 33 of title 44, United States Code.

   b. Criminal penalties are provided in 18 U.S.C. § 2071 for the unlawful removal or destruction of Federal records.

   c. Criminal penalties are provided in 18 U.S.C. §§ 793, 794, and 798 for the unlawful disclosure, loss, or destruction of certain information pertaining to national defense or national security.

   d. Other criminal and civil penalties may apply for unlawful disclosure of statutorily confidential information.

   e. The Attorney General is required by 44 U.S.C. § 3106 to notify the Archivist of the United States of any actual, impending, or threatened unlawful removal, defacing, alteration, or destruction of Federal records in the custody of the Department.

12. **NO RIGHT OF ACTION.** This order does not create any right or benefit, substantive or procedural, enforceable at law by a party against the United States.

/s/JANET RENO
Attorney General


### APPENDIX 1. REQUEST AND NONDISCLOSURE AGREEMENT.

I request permission under Order DOJ 2710.8C to remove copies of the following types of materials that I have worked on during my tenure at the Department [briefly describe materials]:

_____

_____

_____

These materials do not include any classified information, information that is protected by the Privacy Act, or any other materials the removal of which is prohibited by Order DOJ 2710.8C.

I agree to keep all nonpublic materials absolutely confidential and will not disclose their contents or existence without prior permission of the Department.

_____
Employee's Signature

```
                                            _____
                                            Date

Permission is:
____ Granted
____ Denied


_____        _____
Name of Approving Official          Title


_____        _____
Signature                           Date
```

A printable copy of this form is available here.

## APPENDIX 2. PRIVACY ACT GUIDANCE FOR DEPARTING EMPLOYEES.

The Privacy Act, 5 U.S.C. § 552a, prohibits the disclosure of certain records about an individual except under certain specified circumstances. This document provides a practical guide for those employees who are unfamiliar with the specific requirements of the Privacy Act. We note that this guide probably prohibits the removal of a broader range of materials than would be prohibited by the statute. Therefore, if you follow the guidance, you will not violate the Privacy Act. You are free, however, to consult the statute itself to determine how to comply with the Privacy Act.

As an employee of the Department of Justice, you were entitled to have access to and/or copies of records about an individual when such access was necessary for you to perform your official duties. However, once you cease to be an employee of the Department, you are no longer entitled to the special access that you previously had by virtue of that position. This is true even if you authored or had a role in the preparation of particular records.

Consequently, upon your departure, you should not remove any records or copies from the Department that are about an individual. Generally, a record is about an individual if it contains some substantive information about the individual (e.g., employment records, medical records, home address). A record is not about an individual if it is about a person or entity that is not afforded Privacy Act protection (e.g., a corporation or organization, a person who is neither a U.S. citizen nor a permanent resident, a deceased person), or if it does not identify the individual who is the subject of the record by name or other identifier and provide information about that individual (e.g., an agency memorandum that contains the name of the author of the memorandum, the name of the recipient, and perhaps even other employee names on a distribution list but that does not contain any information about those or any other individuals mentioned in the record). The Department may permit you to take materials about an individual if they officially have been placed in the public domain.