UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON :<br><br>     Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br><br>     Defendant. | :<br>:<br>:<br>:<br>: Civil Action No. 05-2078 (EGS)<br>:<br>:<br>:<br>: |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE/SEALING ORDER**

On September 8, 2006, during a hearing on pending motions, the Court requested that the parties file supplemental briefs addressing the application of Judicial Watch, Inc. v. Dep't of Justice, 432 F.3d 366 (D.C. Cir. 2005), to defendant's request for a protective order. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") hereby responds to the Court's request.

The issue before the U.S. Court of Appeals for the D.C. Circuit in the Judicial Watch case was whether the district court had erred in requiring the government to provide plaintiff with reasonably segregable portions of documents under the Freedom of Information Act ("FOIA") which the government had claimed were attorney work-product and therefore exempt under FOIA Exemption 5. The Court concluded that the government had no duty to segregate under the FOIA, relying in part on Circuit case law that the work-product doctrine applies to both factual and deliberative material. 432 F.3d at 371.

As applied here, this decision does not provide any support for the request by the U.S.

Department of Justice ("DOJ") that CREW be compelled to return to DOJ all copies of certain documents that temporarily have been placed under seal. First, DOJ has not formally invoked any privilege over these documents, instead taking the position that whether or not they are privileged is not critical to DOJ's motion. There is, therefore, no issue of privilege for the Court to resolve.

Second, the documents in question are not, in any case, subject to the attorney work-product doctrine and DOJ has not suggested otherwise. Instead, DOJ has claimed, without formally invoking any privilege, that the first set of e-mails, which contains drafts of and comments on an editorial circulated to the White House for clearance, would be subject only to the deliberative process privilege. Defendant's Motion for a Protective/Sealing Order and for Return of Federal Documents, p. 3. Similarly, with respect to the second e-mail at issue, DOJ has suggested only that it too would be subject to the deliberative process privilege (a claim that is ludicrous on its face). Id. at 3-4.

Moreover, the Judicial Watch decision does not provide any support for a claim that the contested documents are subject to the work-product doctrine. In Judicial Watch it was "uncontested that all nine emails involve communications between Department of Justice ("DOJ") officials, containing discussions about whether DOJ should file an *amicus* brief in the *Boim* litigation and what the Department's position should be if such a brief were filed." 432 F.3d at 368. Each email at issue was written by or to an attorney. Id. at 369. As such, the Court readily concluded that they were prepared in anticipation of litigation and met the requirements of the work-product doctrine. Id. at 370.

By contrast, the emails before this Court lack all characteristics of work-product. Unlike

the Judicial Watch emails, they are not all to and from attorneys and they do not concern pending or anticipated litigation. Instead, the first set concerns an entirely peripheral issue about how DOJ should spin for the public its version of why then-Associate Attorney General Robert McCallum decided to so drastically reduce the government's proposed penalty in the tobacco litigation. As DOJ and Mr. McCallum have emphasized, these discussions took place after he had made his decision and, according to Mr. McCallum, the White House had no role to play in his decision. This alone places them entirely outside the litigation process and outside the work-product doctrine.

Similarly, the second email memorializes a conversation between Sharon Eubanks and Mr. McCallum concerning a procedural aspect of an investigation that DOJ's Office of Professional Responsibility was conducting and for which Mr. McCallum was the target. That investigation is entirely separate and distinct from any pending litigation and, accordingly, any discussion about the investigation cannot be subject to the attorney work-product doctrine.

In sum, the Judicial Watch decision did not break new ground with respect to the applicability of the attorney work-product doctrine to email communications. The emails at issue in Judicial Watch were subject to the doctrine because they met its longstanding requirements; their character as emails had no relevance to the privilege. Here, by contrast, the emails do not satisfy any of the criteria of the work-product doctrine. Accordingly, the Judicial Watch case provides no support for DOJ's motion for a protective order.[1]

---

[1] At the hearing the Court also provided CREW with an opportunity to address further DOJ's last-minute suggestion that CREW not be compelled to return the documents at issue and instead that the documents be subject to a protective order in this case. CREW submits that DOJ has not provided an adequate justification for the issuance of such an order. The documents are not subject to any privilege and are relevant on the issue of Mr. McCallum's veracity – an issue

Respectfully submitted,

__/s/_____
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and
 Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

Dated: September 12, 2006

---

that should be aired fully on the public record given that Mr. McCallum is a government official and the issue to be resolved is whether DOJ acted in bad faith.