# EXHIBIT H

Case 1:05-cv-02078-EGS   Document 47-2   Filed 12/01/2006   Page 1 of 3

## Anne Weismann

| | |
|---|---|
| **From:** | Anne Weismann [aweismann@citizensforethics.org] |
| **Sent:** | Monday, January 09, 2006 12:54 PM |
| **To:** | 'Lisa.Olson@usdoj.gov' |
| **Subject:** | RE: CREW v. DOJ |

Lisa, your proposed language on how to narrow is ok with us.  Thanks.  Anne

-----Original Message-----
From: Lisa.Olson@usdoj.gov [mailto:Lisa.Olson@usdoj.gov]
Sent: Friday, January 06, 2006 11:04 AM
To: aweismann@citizensforethics.org (Receipt Notification Requested) (IPM Return Requested)
Subject: RE: CREW v. DOJ

Hi, Anne. On the issue of the 8-10 million documents, Steve Brody, who knows the documents best, explained that CREW's request would encompass all documents relating to work with experts -- our own and those identified by defendants -- related to remedies.  The time period selected would include work done internally and with consultants at a time when we attempted to have the medical cost recovery counts reinstated after the court's decision on our motion to dismiss; work related to the disgorgement calculation, including massive datasets and computer code; defendants' marketing plans and related documents, totaling hundreds of thousands or even millions of pages, as reviewed by attorneys and consultants to formulate and proposed injunctive relief; and voluminous scientific reports addressing the comparative risks of low tar and higher tar cigarettes.

How about this language to narrow it:

Documents dealing with the identification and selection of remedies sought by the Department and any changes to particular remedies sought by the Department from January 2005 onward, including records discussing, mentioning or referring in any way to the government's decision to reduce the penalties it is seeking against the tobacco industry from $130 billion to $10 billion or the government's decision to offer testimony from any witness during the remedies phase of trial in United States v. Philip Morris.


Let me know if this would work, or if you can think of any other way to narrow it.  If not, we can just go with the broader language.

Thank you for agreeing to February 7 so that we can take full advantage of Andrea's time-share in Utah.  I'll draw up something in accordance with the court's instructions on changing the date.


-----Original Message-----
From: aweismann@citizensforethics.org [mailto:aweismann@citizensforethics.org]
Sent: Tuesday, December 27, 2005 9:51 AM
To: Olson, Lisa (CIV)
Subject: RE: CREW v. DOJ

Lisa, sorry about the delay in getting back to you -- I was out of the office until today.  Feb. 7 is fine for a status conference.  As to your proposed language, I still need more information to explain why responding to our request, as we framed it and excluding court-filed documents, would encompass 8-10 million documents.  Anne

-----Original Message-----
From: Lisa.Olson@usdoj.gov [mailto:Lisa.Olson@usdoj.gov]
Sent: Friday, December 16, 2005 5:21 PM
To: aweismann@citizensforethics.org
Subject: CREW v. DOJ

Hi, Anne.  Steve Brody proposed language along the lines of "documents dealing with the identification and selection of remedies sought by the Department and any changes to

1

particular remedies sought by the Department from January 2005 onward."  Steve said this would limit our responses to about 2-3 boxes of material, as opposed to 8-10 million documents.  We are in the process of looking at a random selection of responsive documents from that time period anyway, because they are bound to be the most relevant, for purposes of litigating the fee issue.

Roger and I will be away Jan. 28-Feb. 4, so I'd propose a status conference on Feb. 7 or anytime thereafter.  The court wants us to propose alternative dates and has scheduled other deadlines on Jan. 19 and 26, so it would be easier to have the status conference a few days later rather than sooner, especially because I will be in a better position to know more about the documents.

Let me know what you think.  Thanks.  Lisa

2