UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 05-2078 (EGS) |
| U.S. DEPARTMENT OF JUSTICE | : : | |
| Defendant. | : : | |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ON ISSUE OF DEFENDANT'S BAD FAITH**

In its opposition to Plaintiff's cross-motion for summary judgment, the Department of Justice ("DOJ") makes the remarkable argument that this Court lacks authority to grant plaintiff any relief for DOJ's bad faith in processing CREW's Freedom of Information Act ("FOIA") request. This argument cannot be reconciled with prevailing law that unquestionably grants this Court broad equitable power to grant the requested relief. Indeed, given the clarity with which the courts have spoken on these issues, DOJ's arguments border on the frivolous.

As the Supreme Court has recognized, "with the express vesting of equitable jurisdiction in the district court by §552 (a) [of FOIA], there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court." Renegotiation Bd. v. Bannercraft Clothing Co., 415 U.S. 1, 20 (1974) ("Bannercraft"). Relying on Bannercraft, the D.C. Circuit noted that "[t]he FOIA imposes *no limits* on courts' equitable powers in enforcing its terms." Payne Enterprises, Inc. v. United States, 837 F.2d 486, 494 (D.C. Cir. 1988) (emphasis added), citing Bannercraft, 415 U.S. at 19-20. *See also* Natural Resources

Defense Council v. Abraham, 223 F.Supp. 2d 162, 182 (D.D.C. 2002) (recognizing court's "significant discretion" as well as duty to craft some form of equitable relief for statutory violation) (citation omitted). Accordingly, it cannot legitimately be disputed that this Court has the authority to remedy DOJ's violations of its statutory obligations under the FOIA. Indeed, not only does the Court have the discretion to grant CREW equitable relief, it has an affirmative duty to do so. See id.

DOJ nevertheless challenges this Court's ability to issue an injunction ordering release of all non-exempt documents to CREW before adjudication of the fee waiver issue. Defendant's Opposition to Plaintiff's Cross-Motion for Summary Judgment ("D's Opp.") at 15. Tellingly, DOJ cites no authority for this proposition, but relies instead on a false characterization of the requested relief as being nothing more than an instruction that DOJ " in essence, follow the law." Id. From this DOJ argues that granting such an injunction would be inappropriate.

This argument misconstrues entirely the nature of the requested injunction, and thus the long line of cases DOJ cites in support for the proposition that injunctions must do more than simply require the party to obey the law are completely inapposite. That is not the relief CREW is seeking. Rather, based on the fact that DOJ has already violated FOIA's mandates in the processing of CREW's requests, and that such violations are likely to continue in the absence of judicial relief, CREW requests that the Court issue an injunction remedying the statutory violations and ensuring that they do not continue.

Indeed, this is relief that is expressly authorized by the FOIA, which confers jurisdiction on the courts to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. §552(a)(4)(B). While plaintiff argues

that under this statutory authority a court can issue injunctive relief only at the final stages of FOIA litigation after examining claims of exemption, the case law is to the contrary. *See, e.g.*, The Washington Post v. Dep't of Homeland Security, Civil No. 061737, Memorandum Opinion, October 19, 2006, p. 5 (attached as Exhibit C to plaintiff's opening brief) (upholding authority of district court to issue preliminary injunction to order agency to immediately process expedited request). Not surprisingly DOJ cites no case law in support of its novel interpretation which, in any event, contravenes the Supreme Court's considerably more expansive view of the equitable powers of a reviewing court. *See* Bannercraft, *supra*.

DOJ's claim that the injunctive relief CREW seeks is barred by sovereign immunity, because CREW's claims arise under provisions of the FOIA that do not waive sovereign immunity, D's Opp. at 17, also ignores the reality of what is going on here. CREW brought this litigation because DOJ withheld and continues to withhold documents in violation of its duties to process expedited FOIA requests "as soon as practicable," 5 U.S.C. § 552(a)(6)(E)(iii), and to do so in good faith. To date, CREW has not received a single document in response to its FOIA requests of June 28, 2005 and, even more disturbingly, DOJ has so delayed processing that if and when CREW gets any documents, the information in them will be so stale as to be of little utility. If this Court agrees, then the records CREW seeks were "improperly withheld" from CREW. The FOIA clearly waives sovereign immunity for such an injunction, *See* 5 U.S.C. §552(a)(4)(B).

DOJ also appears to be arguing that sovereign immunity bars attorney fees in this action.

D's Opp. at 16-17.[1]  This argument also relies on DOJ's mischaracterization of the relief CREW is seeking as "monetary sanctions," from which DOJ argues that FOIA provides no waiver of sovereign immunity.  D's Opp. at 16.  In fact, however, CREW is not seeking "monetary sanctions" but rather attorney fees, a form of relief that is explicitly sanctioned by FOIA.  *See* 5 U.S.C. § 552(a)(4)(E).

In arguing to the contrary, DOJ ignores the express language of FOIA, § 552(a)(4)(E), and mischacacterizes governing case law.  The Supreme Court in Ruckelshaus v. Sierra Club, 463 U.S. 680 (1983) -- on which DOJ relies -- acknowledged that a waiver of sovereign immunity is required for attorney fees to be levied against the government.  The Court went on to hold that "[i]n determining what sort of fee awards are 'appropriate,' care must be taken not to 'enlarge' [the statute's] waiver of immunity beyond what a fair reading of the language of the section requires."  Id. at 686.  Here, the relevant statutory text grants the district court authority to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred *in any case under this section* in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E) (emphasis added).  Attorney fees are available here under any "fair reading" of this section.

A recent decision of the D.C. Circuit in a remarkably analogous case, Judicial Watch v. U.S. Dep't of Commerce, No. 05-5366 (D.C. Cir. Dec. 1, 2006) (attached as Exhibit I), confirms this point.  The issue before the Court was whether the plaintiff was entitled to attorney fees and costs under the FOIA for its discovery efforts on what the government claimed were "collateral

---

[1] DOJ is far from clear on the precise basis for its claim that the requested relief is barred by sovereign immunity.  While it alludes to attorney fees (D's Opp. at 16, 17), DOJ never argues directly that the fees CREW has requested are barred by immunity.

issues," slip. op. at 3, undertaken "in pursuit of 'distinctly different claims for relief' and 'based on different facts and legal theories.'" Id. at 12, *quoting* Hensley v. Eckerhart, 461 U.S. 424, 434-35 (1983). Although the D.C. Circuit reversed the ruling of the district court granting fees generated by discovery over third-party disputes, it upheld fees and costs related to the discovery the plaintiff conducted on its allegations of agency misconduct in the agency's search for responsive records. As the Court recognized, the discovery "was authorized *solely* to allow Judicial Watch to pursue matters directly related to its FOIA claim." Slip. op. at 13 (emphasis in original). Stated differently, the discovery "was intended to facilitate Judicial Watch's lawful pursuit of its principal FOIA claim." Id. at 14. Accordingly, Judicial Watch was entitled to its costs and fees in pursuing such discovery. Id.

Preceding this decision is a line of cases from the D.C. Circuit recognizing that a party "substantially prevails" within the meaning of FOIA's fee provision if it receives an order that "change[s] the legal relationship between the parties." Edmonds v. FBI, 417 F.3d 1319, 1325 (D.C. Cir. 2005); Select Milk Producers, Inc. v. Johanns, 400 F.3d 939, 946 (D.C. Cir. 2005); *see also* Church of Scientology v. Harris, 653 F.2d 584, 587 (D.C. Cir. 1981). Here, if the Court finds that DOJ acted in bad faith in processing CREW's FOIA request and failed to follow FOIA's statutory mandates, CREW will have "substantially prevailed" and be eligible for an award of attorney fees and costs for the discovery that was conducted solely to allow CREW to pursue matters directly related to its FOIA claims. Any order granting plaintiff's summary judgment motion would change the legal relationship between the parties. Accordingly, awarding CREW its fees and costs is well within the relief authorized expressly by the FOIA.

## CONCLUSION

This court has both direct statutory authority and broad equitable powers to remedy any claim on which CREW prevails under the FOIA, whether it be on the issue of bad faith or failure to fulfill the obligations of expedited processing.  Wherefore, for the foregoing reasons and those set forth in Plaintiff's Cross-Motion for Summary Judgment on the Issue of Defendant's Bad Faith, the Court should grant plaintiff's motion and order the requested declaratory and injunctive relief.

                              Respectfully submitted,

                              /s/
                              Anne L. Weismann
                              (D.C. Bar No. 298190)
                              Melanie Sloan
                              (D.C. Bar No. 434584)
                              Daniel C. Roth
                              (MA Bar No. 661021)
                              Citizens for Responsibility and Ethics
                               In Washington
                              1400 Eye Street, N.W., Suite 450
                              Washington, D.C.  20005
                              Phone: (202) 408-5565
                              Fax: (202) 588-5020

                              Attorneys for Plaintiff

Dated:  December 8, 2006