UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:05-cv-02078 |
| U.S. DEPARTMENT OF JUSTICE, | ) ) | Judge: Emmet G. Sullivan |
| Defendant. | ) ) ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT REGARDING BAD FAITH ALLEGATIONS, AND SURREPLY IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

In its reply brief[1] plaintiff argues that through its inherent powers the Court can order the release of documents without deciding whether plaintiff or the federal taxpayer should foot the bill, and without allowing defendant the chance to claim appropriate exemptions. Plaintiff further contends that it would be entitled to attorney's fees as a substantially prevailing party in this case by virtue of an interlocutory finding of bad faith. These arguments flout established principles of sovereign immunity and the clear language of FOIA, and they should be firmly rejected.

The argument that FOIA imposes no limits on the Court's equitable powers in enforcing its terms, Pl. Reply at 1, overlooks the fact that in a clash between the inherent power of the Court and the doctrine of sovereign immunity, "the doctrine of sovereign immunity prevails over inherent judicial power." United States v. Waksberg, 881 F. Supp. 36, 41 (D.D.C.), aff'd, 56

---

[1] Plaintiff's Reply in Support of Plaintiff's Cross-Motion for Summary Judgment on Issue of Defendant's Bad Faith ("Pl. Reply").

F.3d 1532 (D.C. Cir. 1995), vacated on other grounds, 112 F.3d 1225 (D.C. Cir. 1997). This is because "[s]overeign immunity can only be curtailed pursuant to the exercise of legislative, not judicial power." 881 F. Supp. at 41.

As the First Circuit explained:

> sovereign immunity ordinarily will trump supervisory power in a head-to-head confrontation. The critical determinant is that the doctrines are of fundamentally different character: supervisory powers are discretionary and carefully circumscribed; sovereign immunity is mandatory and absolute. Consequently, whereas the former *may* be invoked in the absence of an applicable statute, the latter *must* be invoked in the absence of an applicable statute; and whereas the former *may* be tempered by a court to impose certain remedial measures and to withhold others, the latter *must* be applied mechanically, come what may. In other words, unlike the doctrine of supervisory power, the doctrine of sovereign immunity proceeds by fiat: if Congress has not waived the sovereign's immunity in a given context, the courts are obliged to honor that immunity.

Horn, 29 F.3d at 764. Accordingly, the Court's inherent authority to enforce its orders does not provide a basis for the imposition of sanctions against the government in the absence of an express waiver of sovereign immunity. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992).[2]

Plaintiff erroneously argues that the Court can order the release of documents to CREW without adjudicating the fee waiver issue. Pl. Reply at 2. There is no express language in FOIA

---

[2] Plaintiff's reliance on Payne for the proposition that the Court's allegedly unlimited equitable powers enable it in effect to order the release of documents without proper processing and without adjudicating the fee waiver issue is misplaced. In Payne the Court found that the plaintiff had "an undeniable right" to the information in question, id. at 494, in contrast to the present situation, where defendant has been prevented from even determining whether the records are nonexempt under 5 U.S.C. § 552(b). Furthermore, the Court in Payne ordered declaratory and injunctive relief to compel the release of documents already determined to be nonexempt. In contrast to the relief sought by CREW, this relief is plainly allowed by the waiver of sovereign immunity in 5 U.S.C. § 552(a)(4)(B) (conferring "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld").

that empowers the Court to do so.  See Lane v. Pena, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text").  Rather, FOIA provides that the requester must pay fees except when a public interest waiver is granted, 5 U.S.C. § 552(a)(4)(A)(iii).  The Court has no authority to override this statutory requirement.  A ruling on whether plaintiff or the federal taxpayer should bear the cost of processing plaintiff's FOIA request is particularly demanded in this case, given the vast number of documents at issue.

      Plaintiff also mistakenly suggests that the Court can order the immediate release of documents without examining claims of exemption.  Pl. Reply at 3.  Again, this notion is directly contrary to the statutory language, which waives sovereign immunity and confers jurisdiction to order the production only of agency records that have been "improperly withheld" under any of the exemptions set forth in 5 U.S.C. § 552(b).  5 U.S.C. § 552(a)(4)(B).  The rule that production cannot be ordered until the agency has the opportunity to examine the documents and invoke appropriate exemptions is reinforced by the holding in Wash. Post v. Dep't of Homeland Security, __ F. Supp. 2d __, 2006 WL 2979371 (D.D.C. 2006), on which plaintiff mistakenly relies, Pl. Reply at 3.  There the Court did not compel the immediate disclosure of all documents, but rather, in response to a motion for preliminary injunction, it ordered the processing of the documents, viz., the conducting of a review, identification of responsive documents, and assertion of specific exemptions.  Wash. Post, 2006 WL 2979371, at *10, 11.

      Plaintiff fails to draw a valid distinction between monetary sanctions and attorney's fees when arguing that FOIA waives sovereign immunity for the latter.  A court cannot order the payment of any money from the Treasury without an act of Congress waiving sovereign

immunity for that purpose.  U.S. Const., art. 1, § 9, cl. 7; In Re North, 62 F.3d 1434, 1436 (D.C. Cir. 1994).  FOIA's waiver of sovereign immunity authorizes the payment of only those attorney's fees and costs "incurred in a case" in which the complainant has "substantially prevailed."  5 U.S.C. § 552(a)(4)(E) (emphasis added).  FOIA nowhere provides for the award of fees and costs incurred in the filing of an interim motion long before the adjudication of the final merits of the case, as plaintiff now requests.[3]

This conclusion is consistent with the decision in Judicial Watch v. U.S. Dep't of Commerce, No. 05-5366 (D.C. Cir. Dec. 1, 2006), on which plaintiff's reliance is misplaced, Pl. Reply at 4.  There the Court reiterated that "[a] FOIA plaintiff is eligible for fees if it has substantially prevailed on the merits of its claim."  Id., slip op. at 9 (italics removed); id. ("And in order to 'substantially prevail,' a party must obtain court-ordered relief on the merits of its FOIA claim."); id., slip op. at 10 ("A plaintiff's overall success on the merits also must be considered in determining the reasonableness of a fee award.").  Thus, the Court awarded fees for discovery it deemed "directly related to . . . the FOIA claim upon which [the plaintiff] substantially prevailed."  Id., slip op. at 14.  Judicial Watch offers no support for the award of fees as the result of an interlocutory finding of bad faith that does not relate to the ultimate merits of plaintiff's FOIA request.  The sanctions that plaintiff seeks, including attorney's fees and costs, are

---

[3] Nor does a finding of bad faith alter the legal relationship between the parties so as to render plaintiff the "substantially prevailing" party.  Pl. Reply at 5.  For a plaintiff to qualify as a prevailing party, that plaintiff "must obtain at least some relief on the merits of his claim."  Farrar v. Hobby, 506 U.S. 103, 111 (1992) (emphasis added); id. (To be prevailing, a plaintiff "must obtain an enforceable judgment against the [government] . . . or comparable relief through a consent decree or settlement.") (citation omitted).  Whether a party has "prevailed" in litigation cannot be determined until the end of the lawsuit, for only then is it known whether the party has obtained such a judgment or comparable relief.  While Farrar dealt with attorney's fees in the context of the Equal Access to Justice Act, 28 U.S.C. § 2412, the same rationale applies here.

therefore not available under FOIA, at least at this preliminary stage of the litigation – well before any party's ultimate success on the merits has been established.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney

        **/s/ Lisa A. Olson**
        ELIZABETH J. SHAPIRO
        LISA A. OLSON
        U.S. Department of Justice
        20 Mass. Ave., N.W., Room 7300
        Washington, D.C. 20530
        Telephone: (202) 514-5633
        Telefacsimile: (202) 616-8470
        E-mail: lisa.olson@usdoj.gov

Dated: Dec. 19, 2006        Counsel for Defendant