UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
CITIZENS FOR RESPONSIBILITY AND  :
ETHICS IN WASHINGTON             :
                                 :
       Plaintiff,              :
                                 :
  v.                             :   Civil Action No. 05-2078 (EGS)
                                 :
U.S. DEPARTMENT OF JUSTICE       :
                                 :
       Defendant.              :
_____:

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR
LEAVE TO FILE REPLY/SURREPLY REGARDING PERMISSIBLE RELIEF**

On December 19, 2006, defendant U.S. Department of Justice ("DOJ") filed a document captioned "Defendant's Response to Plaintiff's Motion for Leave to File Reply, and Motion for Leave to File Reply/Surreply Regarding Permissible Relief," ("D's Reply Motion") along with the Reply/SurReply it seeks to file. While Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") does not object to the Court having a complete record on which to rule, plaintiff urges the Court to take into account the fact that defendant's motion is procedurally and substantively flawed and untimely.

First, defendant claims to be seeking leave to file a motion that is both a reply and sur-reply. In fact, however, defendant's motion is only a surreply as it responds only to the points raised in plaintiff's reply.

Second, defendant claims that unless it is permitted "to respond to plaintiff's allegations, which misconstrue applicable law, including a case issued by the U.S. Court of Appeals for the D.C. Circuit on the day the parties' opposition briefs were due," it will be prejudiced. D's Reply Motion at 1. The brief that defendant seeks to file, however, largely raises new cases and points

that defendant could have raised initially, but did not. Moreover, only one paragraph of the five-page reply concerns the new case that forms the basis for defendant's motion seeking leave to file a reply/surreply. Id. at 4. In other words, under the guise of a surreply defendant is seeking leave to raise arguments and points it could have raised initially through the exercise of due diligence.

  Third, defendant's motion is untimely either as a reply or a sur-reply. Under the rules of this Court, any reply is to be filed "[w]ithin [business] five days after service of the memorandum in opposition." LCvR 7(d). Here, where memoranda in opposition to cross-motions for summary judgment were filed on Friday, December 1, any reply was due no later than December 8, 2006 (the date on which plaintiff filed its motion for leave to reply, along with the reply). Rather than complying with this rule, defendant waited until December 19, 2006 -- 12 business days after plaintiff filed the brief to which defendant seeks to reply and seven business days after plaintiff filed the brief to which defendant seeks to "surreply." Even more troubling, defendant has not even acknowledged that its motion is untimely or offered any explanation for why it could not have either replied earlier or sought an extension of time to file a reply.

  Fourth, defendant failed to comply with LCvR 7(m) which imposes on all counsel a duty to confer on nondispositive motions in advance of filing such motions.

  In sum, defendant has disregarded the rules of this Court, a factor that the Court should consider in evaluating what weight to give to defendant's latest filing.

            Respectfully submitted,

            ___/s/_____
            Anne L. Weismann

(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Daniel C. Roth
(MA. Bar No. 661021)
Citizens for Responsibility and Ethics
 In Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

Dated: December 20, 2006