# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
CITIZENS FOR RESPONSIBILITY AND    :
ETHICS IN WASHINGTON    :
    :
    Plaintiff,    :
    :
    v.    :  Civil Action No. 05-2078 (EGS)
    :
U.S. DEPARTMENT OF JUSTICE    :
    :
    Defendant.    :
_____:

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS
## NOT GENUINELY IN DISPUTE

1.  Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a non-profit corporation organized under section 501(c)(3) of the Internal Revenue code and is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of those officials.  Complaint, ¶4.  CREW relies, in part, on the Freedom of Information Act ("FOIA") to assist it in providing the public with full, accurate and current information.  Id. at ¶6.

2.  On June 28, 2005, CREW submitted a FOIA request to the Civil Division of the U.S. Department of Justice ("DOJ") for records related to the government's proposed penalty in U.S. v. Philip Morris ("tobacco litigation").  Exhibit 19 to Complaint.  Along with its request, CREW sought a waiver of all fees associated with processing the request as well as expedited processing, based on "the particular urgency in informing the public about the circumstances surrounding" the dramatic reduction in DOJ's proposed penalty in the tobacco litigation.  Id.

3.  CREW will analyze the information responsive to its requests and will share its

analysis with the public through memorandums, reports or press releases.  Id.; Exhibit 13 to Complaint.

4.  The Civil Division acknowledged receipt of CREW's request on July 7, 2005, granted CREW's request for expedition, and denied CREW's request for a fee waiver based on its claim that the portion of documents reviewed to date contains internal memoranda and communications that are exempt from disclosure.  Exhibit 20 to Complaint.  The Civil Division claimed that it was continuing to search for, collect, and review responsive documents.  Id.

5.  On July 11, 2005, CREW filed an appeal with DOJ's Office of Information and Privacy ("OIP") from the Civil Division's fee determination.  Exhibit 21 to Complaint.

6.  OIP acknowledged receipt of CREW's appeal by letter dated July 28, 2005, in which it promised to notify CREW "of the decision on your appeal as soon as we can."  Exhibit 22 to Complaint.

7.  By letter dated January 23, 2006, OIP advised CREW that it was denying CREW's fee appeal.  Letter from Daniel J. Metcalfe to Anne L. Weismann, January 23, 2006 ("OIP Letter of Jan. 23, 2006").  OIP stated that it would not assess whether any of the tens of thousands of potentially responsive documents could be disclosed unless and until CREW committed to paying fees.  Id.

8.  On June 28, 2005, CREW submitted a FOIA request to OIP for records from the Offices of the Attorney General ("AG"), Deputy Attorney General ("DAG"), and Associate Attorney General ("AAG") relating to the proposed penalty in the tobacco litigation, any offer to settle that litigation, any contacts between the three offices and the White House concerning the litigation, and any contacts between the AAG and his former law firm concerning the tobacco

litigation.  Exhibit 13 to Complaint.  CREW also sought a waiver of fees and expedition.  Id.

9.  By letter dated July 11, 2005, OIP acknowledged receipt of CREW's request and denied CREW's request for expedition based on OIP's claim that there was no "particular urgency to inform the public about an actual or alleged federal government activity."  Exhibit 14 to Complaint.  OIP stated that it had yet to make a decision on the request for a fee waiver and would do so "after we determine whether or not fees will be assessed for this request."  Id.  OIP also claimed that it would be initiating searches in the Offices of the AG, DAG, and AAG.  Id.

10.  By letter dated January 19, 2006, seven months after CREW filed its FOIA request with OIP, OIP advised CREW that it was denying CREW's request of OIP for a fee waiver. Letter from Melanie Ann Pustay to Anne Weismann, January 19, 2006 ("OIP Letter of Jan. 19, 2006").  OIP claimed that CREW had failed to file any evidence of improper influence, that CREW's explanation for a fee waiver was "too ephemeral," and that, based on a review of "documents we have located, our knowledge of the subject matter, and our general familiarity with the records that are responsive," the records CREW seeks "are virtually inherently protected by the attorney work-product, attorney-client and deliberative process privileges."  Id.

11.  In that same letter, OIP notified CREW that, based on the two hours of search time per component OIP had determined CREW was entitled to, or a combined search time of six hours, OIP had located a total of five documents comprising 20 pages.  Id.  OIP withheld one unidentified document in full under Exemption 5 and referred the remaining documents to other DOJ components.  Id.

12.  OIP also announced in that same letter that it was unable to complete its search of the AAG's Office.  Id.

13.  The records CREW seeks concern the operations or activities of the Department of Justice.  OIP Letter of Jan. 19, 2006, p. 1.

14.  CREW has no commercial interest in the records it seeks.  Id. at pp. 1-2.

Respectfully submitted,

_____/s/_____
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
 In Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

Dated: May 15, 2008

4