UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:05-cv-02078 |
| U.S. DEPARTMENT OF JUSTICE, | ) ) ) | Judge: Emmet G. Sullivan |
| Defendant. | ) ) ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT REGARDING A FEE WAIVER**

**INTRODUCTION**

According to the Freedom of Information Act (FOIA), its implementing regulations, and law of this Circuit, fees for processing FOIA requests can be waived only if <u>disclosure</u> of the requested information will likely contribute significantly to the public understanding of government operations. The import of this is clear: for a document to contribute significantly to public understanding, it must necessarily be made public, and without the likelihood of public disclosure, fees cannot be waived. Plaintiff has requested materials concerning defendant's decision to reduce the penalties sought against the tobacco industry in <u>United States of America v. Phillip Morris, Inc.</u> Such a request expressly targets internal deliberations, litigation strategy, and other communications that are protected from disclosure by the attorney client and deliberative process privileges, or the attorney work product doctrine. On the basis of documents actually reviewed and consultation with the tobacco trial team, defendant properly denied a blanket fee waiver, but agreed to waive fees for any releasable documents that otherwise satisfied

the public interest standard.

Although plaintiff bears the burden of showing that the documents it seeks will enhance the public understanding of government operations, it has thus far failed even to suggest that the responsive documents are, in fact, disclosable. Instead, plaintiff simply demands a preemptive, blanket fee waiver for documents that are likely to be privileged. To grant such a demand would turn FOIA's fee waiver provision on its head and place defendant in the untenable position of potentially being unable to recoup fees to which it – and the taxpayer – are entitled. Plaintiff can challenge defendant's exemption claims once the documents are processed, and can even petition for attorney's fees where it substantially prevails. But bare protests by plaintiff that it prefers not to advance processing fees as required by statute are not a basis for granting a fee waiver. Plaintiff's motion for summary judgment regarding a fee waiver should therefore be denied.

## BACKGROUND

### 1. Plaintiff's FOIA Request

Plaintiff's FOIA request, submitted on June 28, 2005, sought "any [and] all records . . . relating in any way to the government's proposed penalty in United States of America v. Phillip Morris, Inc.," from January 1, 2001, to the present. Complaint for Declaratory and Injunctive Relief ("Complaint") Exhibit ("Exh.") 13, 19 (Docket #1). This request encompassed millions of documents (estimated at approximately 8-10 million) since virtually every document generated during this time frame would "relate to" the remedy phase. March 10, 2006 Declaration of James M. Kovakas ("Kovakas Dec.") ¶ 8; see also March 10, 2006 Declaration of

Melanie Ann Pustay ("Pustay Dec.") ¶ 33.[1]  The request was submitted both to the Civil Division and the Office of Information and Privacy ("OIP").  Complaint Exh. 13, 19.

Between July 2005 and January 2006, plaintiff failed to follow recommendations to narrow the scope of its request.  See 5 U.S.C. § 552(a)(6)(B)(ii); id. § 552(a)(6)(C)(iii).  However, defendant's counsel took the initiative to urge plaintiff's counsel to narrow the request after this lawsuit was filed.  On January 9, 2006, the parties reached an agreement pursuant to which plaintiff narrowed its request to include:

> Documents dealing with the identification and selection of remedies sought by the Department and any changes to particular remedies sought by the Department from January 2005 onward, including records discussing, mentioning or referring in any way to the government's decision to reduce the penalties it is seeking against the tobacco industry from $130 billion to $10 billion or the government's decision to offer testimony from any witness during the remedies phase of trial in United States v. Philip Morris.

In connection with its FOIA request to each component, plaintiff asked for a waiver of the fees associated with processing documents responsive to its request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).  As a basis for the fee waiver, plaintiff asserted that "[t]he subject of this request concerns the operations of the federal government and the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way."  Complaint Exh. 13 at 3; id. Exh. 19 at 3.

### 2. The Civil Division's Partial Fee Waiver Denial

The Civil Division partially denied plaintiff's June 28, 2005 request for a fee waiver on

---

[1] These declarations were originally attached as Exhibits 1 and 2 to Defendant's Opposition to Plaintiff's Motion for Discovery (Docket #13).  They are attached hereto as Exhibits 1 and 2 for the Court's convenience.

July 7, 2005, Complaint Exh. 20, on the basis of the preliminary search[2] it conducted for records responsive to the request as required by 5 U.S.C. § 552(a)(4)(A)(iv)(II); see also id. § 552(a)(3)(D); 28 C.F.R. § 16.11(b)(8). The Civil Division found that "except for documents filed as part of the public court record or otherwise in the public domain, the documents responsive to your request are internal Civil Division and department memoranda and electronic communications discussing, analyzing, commenting upon, and recommending a proposed remedy in the litigation." Complaint Exh. 20 at 2. It therefore determined that, based on its partial review of responsive documents, the release of the reviewed documents (excluding public source) would violate the deliberative process privilege and work product doctrine and interfere with law enforcement proceedings. Complaint Exh. 20 at 2; see 5 U.S.C. § 552(b)(5), (7)(A). Consequently, because it appeared that the reviewed documents could not be disclosed, they would not contribute to the "public understanding" of the operations and activities of the government, and no fee waiver was warranted. Kovakas Dec. Exh. B at 2; see 5 U.S.C. § 552(a)(4)(A)(iii).

However, the Civil Division indicated to plaintiff that fees could later be waived if, as the Division proceeded with the processing of plaintiff's request, documents were uncovered that could be released. Kovakas Dec. Exh. B at 2. After the Civil Division reached its decision on July 7, 2005, that a blanket fee waiver was not warranted, no further processing of plaintiff's FOIA request was allowed until fees, or an appropriate commitment to pay, were forthcoming. Id.; see 5 U.S.C. § 552(a)(3). From July 2005 to the present, plaintiff has failed to pay fees or

---

[2] The term "search" means "to review . . . agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D).

provide a commitment to pay fees.

Plaintiff appealed the Civil Division's denial of the fee waiver to the Office of Information and Privacy, which handles fee waiver appeals from the decisions of other DOJ components. 28 C.F.R. § 16.9. OIP affirmed the denial by the Civil Division of plaintiff's request for a fee waiver. Pustay Dec. ¶ 46; id. Exh. J. It found that plaintiff had failed to show that the releaseable records that had been identified thus far would significantly enhance the public understanding of government. Pustay Dec. Exh. J at 2-3. OIP explained that the Civil Division's partial fee waiver determination was limited to the records found as a result of the Civil Division's preliminary search (of approximately three hours). Pustay Dec. ¶ 46; id. Exh. J at 2. While it was likely that records similar to those already located would be found among the records yet to be reviewed, no fee waiver determination could be made until such a review was completed. Pustay Dec. Exh. J at 2. Again plaintiff was advised that "if upon further processing by the Civil Division records are identified that are releaseable and qualify for a fee waiver, any money owed by CREW would be reduced commensurate with the amount of the fee waiver granted." Pustay Dec. Exh. J at 4.

### 3. OIP's Partial Fee Waiver Denial

OIP notified plaintiff on July 11, 2005, that it had not yet made a decision on plaintiff's request for a fee waiver, but would do so once it determined whether fees would be assessed for the request. Pustay Dec. ¶ 6; id. Exh. B. This is OIP's standard practice and is done because noncommercial requesters are entitled to two hours of free search time per component. Id. In the event the searches for plaintiff's request were completed within that two-hour period, there would be no fees charged to plaintiff. Id. In the absence of fees to charge, there would be no

need to adjudicate plaintiff's request for a fee waiver.  Id.  Accordingly, OIP deferred its decision on plaintiff's fee waiver request until the time it determined that its search would exceed two hours.  Id.

Ten days after plaintiff had narrowed the scope of its original, very broad request, OIP responded to plaintiff on the results of its search.  Pustay Dec. ¶ 37.  OIP advised that it had afforded plaintiff two hours of free search time for each component searched, in accordance with Department of Justice regulations, 28 C.F.R. § 16.11(d); see also 5 U.S.C. § 552(a)(4)(A)(iv)(II).  Pustay Dec. Exh. E at 2; Pustay Dec. ¶ 37.  As a result of those searches, five documents were located that were responsive to plaintiff's request.  Pustay Dec. ¶ 38; id. Exh. E at 2.  OIP withheld one document in full as privileged, 5 U.S.C. § 552(b)(5), and it referred two documents to the Civil Division and two documents to the Criminal Division.  Pustay Dec. ¶ 38; id. Exh. E at 3.  OIP informed plaintiff that it was not able to complete its search in the Office of the Associate Attorney General within the two hours of free search time and advised plaintiff that additional time would be necessary to complete the search in that Office.  Pustay Dec. ¶ 37; id. Exh. E at 3.

After carefully analyzing the statutory standard in conjunction with Department of Justice regulations, 28 C.F.R. § 16.11(k)(2)(ii), OIP denied plaintiff's request for a "public interest" fee waiver for the additional search time that would be needed.  Pustay Dec. ¶ 37; id. Exh. E at 2.  It found that while the records sought did concern the operations or activities of the Department of Justice and plaintiff did not appear to have an overriding commercial interest in the records, other relevant factors had not been met.  Pustay Dec. Exh. E at 1-2.  First, plaintiff's blanket assertion that the "records were likely to contribute to the public's understanding of the individuals and

organizations that influence or attempt to influence the litigating position of the United States of America in a lawsuit of major and far-reaching consequences" was an insufficient basis for granting a fee waiver. It was unsupported by any evidence that, in fact, any individual or organization attempted to influence or did influence the government's litigating position. Pustay Dec. Exh. E at 2.

In addition, OIP stated that based upon its review of documents located so far, its knowledge of the subject matter, and its general familiarity with the responsive records, the public understanding of government operations would not be increased by disclosure through plaintiff's FOIA request, 5 U.S.C. § 552(a)(4)(A)(iii), because the records sought were almost certainly protected under the attorney work-product doctrine, and attorney-client and deliberative process privileges encompassed by FOIA Exemption 5, 5 U.S.C. § 552(b)(5). Pustay Dec. Exh. E at 2. OIP concluded that, "[f]or the records that are being withheld, there can be no increase in public understanding of the government's operations, and so a fee waiver is not warranted." Pustay Dec. Exh. E at 2. Nevertheless, OIP advised that, if in the course of further processing, any documents were located that qualified for a fee waiver, they would be provided without cost. Pustay Dec. Exh. E at 2. Lastly, OIP notified plaintiff that continued processing would require plaintiff to indicate its willingness to pay additional estimated search fees and to provide an advance payment of $250.00. Id. at 2-3; Pustay Dec. ¶ 37. To date, plaintiff has not paid or committed to pay fees so that OIP can complete its search. Pustay Dec. ¶ 37.

## ARGUMENT

**DEFENDANT PROPERLY DENIED A FEE WAIVER AS TO DOCUMENTS THAT ARE LIKELY TO BE EXEMPT FROM DISCLOSURE, AND PROPERLY AGREED TO WAIVE FEES AS TO ANY NONEXEMPT DOCUMENTS**

**1.      The Statute, Regulations, And Case Law In This Circuit Require That Disclosure Must Occur In Order For The Public Interest Exemption To Apply**

The statutory standard for evaluating fee waiver requests provides that fees shall be waived or reduced "if <u>disclosure</u> of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."  5 U.S.C. § 552(a)(4)(A)(iii) (emphasis added); <u>see</u> <u>Judicial Watch, Inc. v. Dep't of Justice</u>, 365 F.3d 1108, 1126 (D.C. Cir. 2004) (describing statutory standard).  In other words, fees cannot be waived absent a determination that the responsive records, when <u>disclosed</u>, are likely to enhance the public understanding of government.  The implementing regulations similarly provide that the assessment of public interest must be founded on the disclosure of the responsive records.  They require that in order to qualify for a fee waiver, the requester must demonstrate that "[d]isclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 28 C.F.R. § 16.11(k)(1) (emphasis added); <u>see also</u> <u>Judicial Watch</u>, 365 F.3d at 1127 (quoting regulation).[3]  The burden of satisfying the public interest standard is on the requester.  <u>Judicial Watch</u>, 365 F.3d at 1126.

The requirement that disclosure must occur in order for fees to be waived also permeates the regulatory factors that must be considered in determining whether the public interest fee waiver requirement is met.  In particular,  the agency must first consider "[w]hether the

---

[3] The statute also provides that in order to qualify for a fee waiver, the requester must demonstrate that disclosure of the information "is not primarily in the commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii); <u>see also</u> 28 C.F.R. § 16.11(k)(3).  Because plaintiff's interest in the requested records does not appear to be primarily commercial, <u>see</u> Pustay Dec. Exh. D at 3, that statutory requirement is not at issue here.

<u>disclosure</u> is 'likely to contribute' to an understanding of government operations or activities," because "[t]he <u>disclosable</u> portions of the requested records [are] meaningfully informative about government operations and activities. 28 C.F.R. § 16.11(k)(2)(ii) (emphases added). Second, the agency must consider "[w]hether the <u>disclosure</u> is likely to contribute 'significantly' to public understanding of government operations or activities." 28 C.F.R. § 16.11(k)(2)(iv) (emphasis added); <u>see also</u> <u>Judicial Watch</u>, 365 F.3d at 1126 (describing criteria).[4] This second consideration requires that the "public's understanding of the subject in question, as compared to the level of public understanding existing prior to the <u>disclosure</u>, must be enhanced by the <u>disclosure</u> to a significant extent." <u>Id.</u> (emphases added). Thus, the plain language of both the statute and implementing regulations[5] indicate that in order for a fee waiver to be granted, there must be a "disclosure" of information that is likely to contribute to the public's understanding of government.

This Circuit has held that a request for a fee waiver should be judged on the basis of the

---

[4] Additional regulatory factors to be considered are "[w]hether the subject of the requested records concerns 'the operations or activities of the government," 28 C.F.R. § 16.11(k)(2)(i), and "[w]hether disclosure of the requested information will contribute to . . . . the understanding of a reasonably broad audience," id. § 16.11(k)(2)(iii). These factors are not in dispute because it appears that many of the responsive records concern the operations or activities of the federal government, and that CREW would share disclosable records with the public. <u>See</u> Pustay Dec. Exh. J at 3.

[5] The fact that FOIA and its implementing regulations require that those seeking a fee waiver prove their ability "to effectively convey information to the public," and that "the level of public understanding existing prior to the <u>disclosure</u>, must be enhanced by the <u>disclosure</u>," 28 C.F.R. § 16.11(k)(2)(iii), (iv) (emphases added), also supports the statutory rule that fee waiver requests should be evaluated solely on the basis of disclosed records. <u>See</u> <u>Judicial Watch v. Rossotti</u>, 326 F.3d 1309, 1314 (D.C. Cir. 2003) (holding that FOIA "requires" requester to demonstrate "exactly how and to whom it will disseminate"); <u>Fitzgibbon v. USAID</u>, 724 F. Supp. 1048, 1050 (D.D.C. 1989) (noting dissemination requirement). A requester can disseminate only what it actually receives.

records actually disclosed, and not merely on the basis of what was requested. See Judicial Watch, Inc., 365 F.3d at 1126 ("Fees are to be reduced or waived if disclosure of the requested information is 'in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of government . . . .'") (emphasis added); see also Klein v. Toupin, Civil No. 05-647, 2006 WL 1442611, at *4 (D.D.C. May 24, 2006) (referencing requirement that disclosure benefit general public); VoteHemp, Inc. v. DEA, 237 F. Supp. 2d 55, 62 (D.D.C. 2002) (recognizing need to evaluate benefit to public of disclosure); Judicial Watch, Inc. v. U.S. Dep't of Justice, 185 F. Supp. 2d 54, 62 (D.D.C. 2002) (taking account of rule that disclosure must benefit general public); Judicial Watch, Inc. v. U.S. Dep't of Justice, 122 F. Supp. 2d 5, 9-10 (D.D.C. 2000) (same); Judicial Watch, Inc. v. U.S. Dep't of Justice, No. 99-2315, 2000 WL 33724693, at *5 (D.D.C. Aug. 17, 2000) (same).

Plaintiff repeatedly mischaracterizes these standards by arguing that the records it merely seeks, rather than the records that would actually be disclosed, must contribute to public understanding of government operations or activities in order for fees to be waived. See, e.g., Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment on Plaintiff's Entitlement to a Fee Waiver ("Pl. Memo.") at 9 (arguing that fees should be waived because "the records CREW seeks are likely to contribute to an understanding of government operations or activities") (emphasis added); id. at 10 (misrepresenting the regulatory standard as requiring consideration of "the extent to which the requested records will contribute 'significantly to public understanding of government operations or activities,' 28 C.F.R.

§ 16.11(k)(2)(iv)"[6] (emphasis added); see also Pl. Memo. at 10 (arguing that the "documents CREW has requested will contribute to the understanding of a 'reasonably broad' audience of persons," see 28 C.F.R. § 16.11(k)(2)(iii)) (emphasis added). Whether the records plaintiff has sought meet the statutory and regulatory standards is irrelevant. What matters is whether the responsive records that can be publicly disclosed meet those standards. 5 U.S.C. § 552(a)(4)(A)(iii); 28 C.F.R. § 16.11(k)(2)(ii), (iv).

Moreover, the cases plaintiff cites do not support the argument that defendant improperly denied fees. See Pl. Memo. at 11-13. Those cases concerned situations in which the agency denied a fee waiver based on contemplated or anticipated withholdings, but failed to submit "affidavits or testimony which identify and explain why the claimed exemptions are available. Project on Military Procurement v. Dep't of the Navy, 710 F. Supp. 362, 367 (D.D.C. 1989); id. at 368 (stating that "the record of defendant's review and decision to withhold certain of the requested documents is nonexistent," and it would therefore be unfair to deny a fee waiver "based on an agency determination that is speculative and unreviewable"); see also Judicial Watch, Inc. v. U.S. Dep't of Transp., No. 02-566, 2005 WL 1606915, *5 (D.D.C. July 7, 2005) (noting that fee waiver request should not be evaluated "on the possibility that the records may ultimately be determined to be exempt from disclosure"); Judicial Watch, Inc. v. U.S. Dep't of Energy, 310 F. Supp. 2d 271, 295 (same).

No such situation exists here. Defendant has denied a fee waiver on the basis of

---

[6] Accurately stated, what must be considered in determining whether the fee waiver requirements have been met is "[w]hether the disclosure is likely to contribute 'significantly' to public understanding of government operations or activities." 28 C.F.R. § 16.11(k)(2)(iv) (emphasis added).

documents actually reviewed, knowledge of the subject matter, general familiarity with the records, and consultation with the Director of the Tobacco Litigation Team as to the remaining documents; defendant has fully explained the reasons that the documents are exempt; and defendant has informed plaintiff that a fee waiver may be granted as to nonexempt documents yet to be reviewed. The Civil Division explained as follows:

> [T]he documents responsive to your request are internal Civil Division and department memoranda and electronic communications discussing, analyzing, commenting upon, and recommending a proposed remedy in the litigation. As such these records reflect the deliberative process and work product of agency attorneys and are not subject to disclosure under the FOIA. Additionally, release of these records cannot be made at this time, because such release would interfere with ongoing law enforcement proceedings.

Kovakas Dec., Exh. B at 2; see also Kovakas Dec. ¶ 13.[7]

OIP similarly explained why the documents it reviewed during the free two-hour search were exempt from disclosure, and why the remaining responsive documents were also likely to be exempt. It stated as follows:

> Based upon our view of the documents we have located, our knowledge of the subject matter, and our general familiarity with the records that are responsive to this request, I have determined that a fee waiver is not appropriate. The records you seek are virtually inherently protected by the attorney work-product, attorney-client, and deliberative process privileges.

Pustay Dec., Exh. E at 2.

---

[7] The Attorney-In-Charge of the Freedom of Information and Privacy Acts Office of the Civil Division, who processed the request for the Civil Division, consulted with the then-Director of the Tobacco Litigation Team, Sharon Eubanks (who subsequently became an attorney for CREW) for advice regarding the scope of documents responsive to plaintiff's request. Kovakas Dec. ¶ 9. Mr. Kovakas reviewed some of the documents identified by Ms. Eubanks and reached the same conclusion as Ms. Eubanks, i.e., that these, and most likely the remaining responsive documents, reflected the deliberative process and work product of agency attorneys and were exempt pursuant to 5 U.S.C. 552(b)(5). Kovakas Dec. ¶¶ 13-15.

Thus, in contrast to the cases cited by plaintiff, defendant has not made a blanket denial of a fee waiver as to all responsive documents based on mere speculation that those documents are exempt. Furthermore, defendant has established a record supported by declarations that identifies the claimed exemptions and explains why they are available.[8]

Indeed, defendant's reasons for concluding that FOIA's exemptions apply are apparent from the face of plaintiff's request. Plaintiff seeks documents dealing with the "identification and selection of remedies sought by the Department" and any "changes to particular remedies sought by the Department," including records regarding the "government's decision to reduce the penalties it is seeking against the tobacco industry" or "the government's decision to offer testimony" in United States v. Phillip Morris. Almost by definition, this request seeks information about the Department's decisions and strategies concerning remedies to be sought in ongoing litigation that are protected by the deliberative process and attorney client privileges and the work product doctrine. See, e.g., NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150-51 (1975) (stating that deliberative process privilege rests on "the policy of protecting the 'decision making processes of government agencies'"); id. at 154 (stating that work product rule applies to materials "prepared by an attorney in contemplation of litigation which set forth the attorney's

---

[8] Southern Utah Wilderness Alliance (SUWA), cited by plaintiff, is similarly inapplicable. See Pl. Memo. at 11-12. That case concerned a request for documents that were only partially exempt from disclosure, and the claimed exemptions concerned "discrete pieces of information contained within otherwise properly disclosed documents." SUWA, 402 F. Supp. 2d 82, 90 n.8 (D.D.C. 2005). Hence, the court in SUWA found that "a defendant agency cannot base a fee waiver determination upon anticipated redactions to the requested records." Id. at 90. By contrast, in the instant case plaintiff seeks documents that by definition are wholly, not partially, exempt, because they concern litigation decisions that are subject to the attorney client and deliberative process privileges and work product doctrine, and defendant has agreed to waive fees as to nonexempt documents.

theory of the case and his litigation strategy"); Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 862 (D.C. Cir. 1980) (stating that the attorney-client privilege "extends to all situations in which an attorney's counsel is sought on a legal matter").

2. **Plaintiff Provides No Evidence That The Responsive Documents Are Likely To Contribute To Public Understanding Of Government**

Defendant properly concluded that plaintiff had failed to substantiate its blanket assertion that the requested records qualify for the public interest exemption. Plaintiff contends that the records will contribute to public understanding, see 5 U.S.C. § 552(a)(4)(A)(iii), because it has "very concrete evidence that the government's change in position [as to the appropriate remedy in Phillip Morris] was not based on the facts of the case and was politically motivated." Pl. Memo. at 15. Yet plaintiff fails to produce any such evidence. Instead, it cites to a newspaper article and to the alleged "concern" of various individuals and associations. Id.; see Klein v. Toupin, 2006 WL 1442611, at *4 ("Bare allegations of malfeasance, unsupported by evidence, cannot serve to satisfy this factor.").

On the other hand, plaintiff omits to cite to the decision by the U.S. Court of Appeals, D.C. Circuit, that prevented the government from seeking higher remedies under RICO for alleged violations by the tobacco companies in the Phillip Morris case. See United States v. Philip Morris USA, Inc., No. 99-2496(GK) (D.D.C.), Aug. 17, 2006 Final Opinion, slip op. at 3 ("Unfortunately, a number of significant remedies proposed by the Government could not be considered by the Court because of a ruling by the Court of Appeals in United States v. Philip Morris, USA, Inc., et al., 396 F.3d 1196 (D.C. Cir. 2005)."); see also U.S. v. Philip Morris USA, Inc., slip op. at 1623 ("Although the Government initially sought $289 billion in disgorgement in

this case, Judge Sentelle's majority opinion explained that disgorgement is not an available remedy under [18 U.S.C.] § 1964(a) because it is not forward looking and does not separate the RICO criminal from the enterprise."). As the then-Associate Attorney General explained in his sworn deposition testimony, this new case law was the reason the government sought reduced remedies in the tobacco litigation. July 18, 2006 Deposition of Robert D. McCallum, Jr. at 15:20 - 17:17; id. 24:5-15 (attached in relevant part as Exhibit 3).

Plaintiff alleges that it has been placed "in the catch 22 position of being denied a fee waiver for its FOIA requests seeking confirming evidence because it does not yet have that evidence in hand to justify its fee waiver request." Pl. Memo. at 16 n.11. The D.C. Circuit rejected an almost identical assertion in Judicial Watch, where the plaintiff contended that it had been placed "in a 'catch-22' situation by being asked to identify the documents that would most likely contribute to the public's understanding of the pardon process before it has access to any of the documents." 365 F.3d at 1127. The Court found "no basis to conclude that [the plaintiff] is entitled to a blanket waiver of FOIA processing fees," and further found that the Department's promise to waive fees for documents that qualified for a waiver was "the only relief to which [plaintiff] is entitled under the regulations." Id. The Court should make a similar finding here.

3.  **Defendant Properly Required An Advance Payment Of Fees**

In view of the fact that estimated search fees for responsive documents in the Civil Division are likely to exceed $90,000, Kovakas Dec. Exh. E at 3, and in OIP are likely to total $336.00, Pustay Dec. Exh. E at 3, defendant properly required plaintiff to pay a portion of the

anticipated fees.  See Pl. Memo. at 8.[9]  This requirement is consistent with both the statute and regulations.  Under FOIA, an agency may require an advance payment of fees where the fee will exceed $250.  5 U.S.C. § 552(a)(4)(A)(v).  Department of Justice regulations similarly provide that "[w]here a component determines or estimates that a total fee to be charged under this section will be more than $250.00, it may require the requester to make an advance payment of an amount up to the amount of the entire anticipated fee before beginning to process the request . . . ." 28 C.F.R. § 16.11(i)(2).  This Circuit has upheld the Department's "refus[al] to process further documents without payment of the required fees."  Judicial Watch, Inc., 365 F.3d at 1127.  For defendant to be required to continue processing plaintiff's FOIA request without plaintiff's payment of a portion of fees would flout these requirements and place the Department in the untenable position of being unable to recoup processing fees to which it is entitled.  See Pustay Dec. Exh. J at 2-3.

At the same time, plaintiff is in no such comparable position.  Defendant has agreed that if, in the process of reviewing records, it determines that the fee waiver standard is met, it will provide those records without cost.  And if plaintiff wishes to challenge defendant's exemption claims, it may petition the Court for attorney's fees in cases where it substantially prevails.  5 U.S.C. § 552(a)(4)(E).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment on plaintiff's

---

[9] The suggestion that a lack of resources absolves plaintiff of the obligation to pay, see Pl. Brief at 8, is not only unsupported in FOIA, but is also undercut by the fact that the fees could be reimbursed if a fee waiver were later granted for documents found to be disclosable, or upon the Court's reversal of defendant's denial of a fee waiver.  5 U.S.C. § 552(a)(4)(A)(vii).

entitlement to a fee waiver should be denied.

                                            Respectfully submitted,

                                            JEFFREY A. TAYLOR
                                            United States Attorney

                                            **/s/ Lisa A. Olson**
                                            ELIZABETH J. SHAPIRO
                                            LISA A. OLSON
                                            U.S. Department of Justice
                                            20 Mass. Ave., N.W., Room 7300
                                            Washington, D.C. 20530
                                            Telephone: (202) 514-5633
                                            Telefacsimile: (202) 616-8470
                                            E-mail: lisa.olson@usdoj.gov
Dated: June 16, 2006                      Counsel for Defendant