UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
CITIZENS FOR RESPONSIBILITY AND       :
ETHICS IN WASHINGTON                  :
                                      :
            Plaintiff,                :
                                      :
       v.                             :  Civil Action No. 05-2078 (EGS)
                                      :
U.S. DEPARTMENT OF JUSTICE            :
                                      :
            Defendant.                :
_____:

## JOINT STATUS REPORT AND PROPOSED FURTHER PROCEEDINGS

By Minute Order dated April 17, 2009, the Court directed the parties to file a joint status

report that included a recommendation for further proceedings.  In the event the parties could not

agree on a joint recommendation the Court directed each party to file an individual

recommendation.  Because the parties are unable to agree on a recommendation, the parties

respectfully submit the following.

*Defendant's Statement and Recommendation*

Defendant is in the process of gathering and reviewing materials that are potentially

responsive to plaintiff's FOIA request in order to respond to the request.

Office of Information and Policy

The Department of Justice's Office of Information Policy ("OIP") is reviewing records

and considering necessary consults and referrals to other components within the Department of

Justice that may have an equity in any responsive documents.  Although OIP's search is still

ongoing, OIP expects to complete its portion of the processing and provide a final response to

plaintiff within the next 45 days.

Civil Division

       Because of the volume of potentially responsive materials in its possession, the Civil

Division has taken a number of steps to determine the most efficient way to respond to plaintiff's

request.  First, the Civil Division is working to identify the specific categories of materials

contained within the tobacco litigation archives.  This has taken some time due to fact that there

are no members of the tobacco litigation team remaining at the Department of Justice who are

closely familiar with the files.  The Civil Division estimates that the files contain approximately

1 million pages of documents that are potentially responsive to plaintiff's request.   In attempting

to develop a search strategy, the Civil Division has determined to target those easily identifiable

categories of documents most likely to contain the information sought by plaintiff.[1]

       Second, and contemporaneous with the development of a search strategy, the Civil

Division is in discussions with contractors to obtain bids to support the search and review

process.  After initial identification by the contractor, the Civil Division's FOIA officer will need

to conduct a page-by-page review of the identified documents for any exempt information.

Finally, the Civil Division will continue its efforts to work with the plaintiff to narrow the focus

of its request.  The extent to which those efforts are successful will dictate the total amount of

time necessary to complete the FOIA processing.

       The Civil Division estimates that it will require at least 30 days in which to complete the

contracting process and begin the review of the correspondence files.   Both the Civil Division

---

       [1] The tobacco litigation archives are maintained in two formats; one is an electronic records system and the other is hard copy.  The Civil Division is unclear at this point as to whether the electronic portion of the records could be searched by any particular identifiers.  It anticipates that a review of either the electronic or the paper compilation would have to be reviewed page by page and line by line.

and OIP agree to provide any responsive, nonexempt documents on a rolling basis.  Defendants

suggest that the parties provide a second status report to the Court in 60 days

*Plaintiff's Statement and Recommendation*

This case concerns two Freedom of Information Act ("FOIA") requests sent by plaintiff

Citizens for Responsibility and Ethics in Washington ("CREW") in June 2005, nearly four years

ago.  On March 16, 2009, the Court issued an order granting plaintiff's motion for summary

judgment on its entitlement to a fee waiver and ordering defendant to "forthwith process

plaintiff's document requests at no cost to plaintiff."  Order of March 16, 2009 (Dkt. 60).

Counsel for plaintiff contacted defendant's counsel shortly after the issuance of this order

to ascertain defendant's progress in processing CREW's requests.  Despite several follow-up

discussions, defendant has been unable to provide more than the most general of information

concerning the Civil Division FOIA request, and has advised plaintiff that most if not all of the

Civil Division documents have been stored off-site and are not yet available to defendant for

processing.  As for the OIP request, defendant has yet to produce or otherwise account for a

single responsive document, despite the Court's Order of March 16, 2009.  Plaintiff did not

receive the bulk of the information set forth above in defendant's statement until this afternoon,

despite repeated requests for the information.

Plaintiff respectfully submits that defendant has been on notice for four years of its

obligations to process plaintiff's FOIA requests.  Rather than process the requests, however,

defendant did nothing while it elected to litigate the issue of plaintiff's entitlement to a fee

waiver.  Now, having lost on that issue, defendant justifies its current inability to process the

requests expeditiously on factors that were completely within defendant's control.  Thus,

3

defendant professes to be hamstrung by the fact that there are no members of the tobacco litigation team remaining at the Department of Justice, even though individuals familiar with the documents were available when plaintiff filed its requests.  Having gambled and lost it is defendant, not plaintiff, who should bear the consequences.  Similarly, during the pendency of this litigation defendant decided to transfer the bulk of the responsive materials off-site, where they would not be readily available for processing.  The predictable delay this has caused is unreasonable and unjustified.

In addition, defendant has failed to justify the additional time it claims to need.  For example, defendant has not explained why it cannot complete the contracting process it deems necessary for processing the Civil Division documents for "at least 30 days," given the amount of time it already has had since the Court issued its processing order on March 16, 2009.  And there is no support for the Civil Division's estimate of one million pages of potentially responsive documents and therefore no ability to gauge the accuracy of this estimate.  This estimate is particularly suspect given that it apparently came from a member of the tobacco litigation team -- the very team defendant claims is no longer available to it -- and apparently has not been revisited in the intervening years.

Accordingly, plaintiff recommends that the Court order defendant to inform the Court within five days of each step defendant has taken to comply with the Court's March 16, 2009 Order and when those steps were taken.  In addition, defendant should be required to explain in detail the basis for its request of at least 30 days to complete the contracting process for the Civil Division documents and the basis for its estimate of one million pages of potentially responsive documents.  Once that information is submitted the Court should consider an appropriate

processing schedule that takes into account the four years plaintiff already has waited and the

time defendant already has had to process the requests since the Court issued its March 16, 2009

Order.  As for the OIP request, defendant should be ordered to begin producing non-exempt

materials immediately.

Respectfully submitted,

**/s/ Anne L. Weismann**
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and
 Ethics in Washington
1400 I Street, N.W.
Suite 450
Washington, D.C.  20005
Phone: (202) 588-5565
Fax: (202) 588-5020

Attorneys for Plaintiff


JEFFREY TAYLOR
United States Attorney

**/s/ Lisa A. Olson**
ELIZABETH J. SHAPIRO
LISA A. OLSON
U.S. Department of Justice
20 Mass. Ave., N.W., Room 7300
Washington, D.C. 20530
Telephone: (202) 514-5633
Telefacsimile: (202) 616-8470
E-mail: lisa.olson@usdoj.gov

Dated: May 4, 2009                     Attorneys for Defendant