UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                  :

CITIZENS FOR RESPONSIBILITY AND   :
ETHICS IN WASHINGTON                 :
11 Dupont Circle, N.W.                   :
Washington, D.C.  20036,             :
                                    :

         Plaintiff,                :
                                    :

        v.                          :  Civil Action No. 05-2078 (EGS)
                                    :

U.S. DEPARTMENT OF JUSTICE       :
950 Pennsylvania Avenue, N.W.      :
Washington, D.C.  20530,             :
                                    :

        Defendant.             :
_____:

**DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE**

This response is submitted in compliance with the Court's May 11, 2009 Order to show

cause.

1.      The Processing of Responsive Documents Within 30 Days

Whether responsive documents can be processed within 30 days depends entirely upon

plaintiff.   The Department might be able to complete its processing of the Civil Division

documents within 30 days, if plaintiff sufficiently narrows the request and agrees to the scope of

the search.  The Civil Division has acquired access to 22 boxes of documents, totaling

approximately 50,000 pages, that are potentially responsive to plaintiff's FOIA request.  These

documents were collected by another component of the Department of Justice several years ago

for other purposes.  Earlier in this litigation, the Civil Division was unable to gain access to them

because the files were in active use, were scattered throughout the component, and contained

additional documents to which the Civil Division did not properly have access.  It was brought to

the attention of the Civil Division on April 21 that there was some possibility of obtaining access

to the pool of potentially responsive documents in the component's possession.

After several fruitless telephone calls to the component beginning on April 21, on April

27, the Civil Division identified the individual who could provide information about the status of

the records in question.  That individual agreed to search the component's storage unit, and as of

May 8, 2009, he had located 15 boxes of documents that had been compiled and that would

potentially be responsive to plaintiff's FOIA request.  He subsequently conducted a more

comprehensive search of the component's storage unit and discovered 7 additional boxes that

had been mislabeled when entered into storage and that completed the original compilation of 22

boxes containing potentially responsive documents.

On May 12 and 13, the Civil Division deployed two attorneys and two paralegals to

review the 22 boxes of documents and identify those that are potentially responsive to plaintiff's

request.  The Civil Division also retained four to six contractor personnel to scan the documents

on site.  Approximately 14,296 pages of documents have been scanned.  Defendant is conferring

with plaintiff's counsel this week to distill these documents to the categories which are truly of

interest to plaintiff in order to reduce the page-by-page, line-by-line processing that will be

necessary.  The Civil Division has a single FOIA attorney-advisor who processes FOIA requests

for the entire division.  He will have the assistance of two paralegals, who must be overseen by

him.  Depending on plaintiff's willingness to narrow the request to exclude, for example,

duplicate copies of email messages and draft testimony, and to agree to forego non-substantive

discussion within emails, the universe of material could be sufficiently narrowed to permit

processing within 30 days.  If plaintiff declines to narrow the request, processing can reasonably proceed at the rate of approximately 100 pages per business day.  Processing would include identifying each document as non-exempt, exempt, or exempt in part, and if the document or any portion of the document is exempt, determining which privileges apply and making appropriate redactions.

2.   The Civil Division's Efforts to Date to Gather the Responsive Documents

Beginning on March 17, 2009, the Civil Division's response to the Court's March 16 Order proceeded on another track as well, on the reasonable assumption that it would still not be possible to obtain access to the above-described set of documents.  Defendant was informed by Steven Brody, Acting Director of the Tobacco Litigation Team, that plaintiff's FOIA request as it currently exists would require the search of approximately one million pages of potentially responsive documents in order to identify those which were actually responsive.[1]  Since the tobacco team, including attorneys and support personnel, has been disbanded, no former member who is closely familiar with the files remains at the Department of Justice.  Furthermore, no index of the tobacco litigation files was ever prepared.

In response to the Court's March 16, 2009 Order, the Civil Division emailed on March 17 three attorneys formerly on the tobacco team, who are now assigned full-time to other responsibilities at Department of Justice, to review plaintiff's request, provide whatever information they could about the contents of the files, and estimate the time that would be needed to process the request.  Only two of the attorneys had any knowledge of the files, and that

---

[1] Earlier, before plaintiff narrowed its request to exclude public documents, Mr. Brody had estimated the number of potentially responsive documents to be at least several million.

knowledge was passing.  In late March or early April, the Civil Division discussed plaintiff's

FOIA request in a series of telephone calls with these attorneys.  Based on the information they

provided, the Civil Division concluded that its only recourse was to enlist a contractor to create

an index of the 11-12 million pages of documents in the tobacco litigation files in the hope that

the categories identified therein would make it possible to target only those categories most likely

to contain responsive information.[2]

In mid-April, the Civil Division contacted the contractor who had worked on the tobacco

litigation to determine if anyone could shed light on the contents of the files.  The contractor

knew of only one employee with any knowledge of the files, and that employee advised the Civil

Division that the files were in storage due to space limitations; that there was no index of the

files; and that they would need to be searched manually to ascertain their contents, including any

identifiable categories of documents.  Examining plaintiff's request, the contractor informed the

Civil Division that it was not possible to determine whether responsive documents would be

contained under any particular categories, but that some of the memoranda and notes responsive

to the request might be contained in the "correspondence" category.  The contractor began to

compile an index of all the tobacco litigation files so that further categories likely to contain

responsive documents could be targeted.

In late April and early May, the Civil Division's simultaneous discussions with the other

component of the Department of Justice culminated in the decision by that component to make

arrangements for the Civil Division to review the pre-existing pool of documents in its

---

[2] At the same time, the Department was considering its appellate options with respect to
the Court's March 16th Order.

possession.  At that time, the contractor was directed to cease its work on creating an index of the entire tobacco litigation file held in storage.  The Civil Division FOIA representative is scheduled to meet with plaintiff's counsel on May 20 or 21 to discuss how best to narrow the pool of responsive documents that have been scanned so as to reduce the processing time.

3.  The Office of Information and Policy

The Office of information Policy (OIP) has completed its search and is currently reviewing the responsive material to determine which Department of Justice components have equities in the responsive documents.  Consultations with those components must be completed before disclosure determinations are made with respect to any of the responsive documents.  Consequently, there are currently no materials as to which processing has been completed.  As disclosure determinations are made, OIP will provide responses to plaintiff on a rolling basis.

Respectfully submitted,

JEFFREY TAYLOR
United States Attorney

**/s/ Lisa A. Olson**
ELIZABETH J. SHAPIRO
LISA A. OLSON
U.S. Department of Justice
20 Mass. Ave., N.W., Room 7300
Washington, D.C. 20530
Telephone: (202) 514-5633
Telefacsimile: (202) 616-8470
E-mail: lisa.olson@usdoj.gov

Dated: May 18, 2009                       Attorneys for Defendant