UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 05-2078 (EGS) |
| U.S. DEPARTMENT OF JUSTICE | : | |
| Defendant. | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RESPONSE
TO ORDER TO SHOW CAUSE**

On May 11, 2009, the Court issued an Order directing defendant to show cause why it cannot complete its processing of the Civil Division documents responsive to plaintiff's Freedom of Information ("FOIA") request within 30 days.  Defendant's response, filed on May 18, 2009 (Document 64), falsely attempts to place the major responsibility for any delay on plaintiff. Further, despite its insistence from the outset of this litigation that this request would require it to process approximately one million pages of documents, defendant now suggests it need consider only 50,000 pages located in a discrete subset of documents and asks for nearly two calendar years within which to review this material.  A short response is therefore warranted to ensure a more complete and accurate record before the Court.

1. Decrying virtually any responsibility for processing plaintiff's Civil Division FOIA request within 30 days, defendant suggests the responsibility and blame rest squarely and exclusively with plaintiff and plaintiff's willingness to "sufficiently narrow[]" its request. Defendant's Response to Order to Show Cause ("D's Resp.") at pp. 1, 2 (describing how

meeting the 30-day processing time-frame "depend[s] on plaintiff's willingness to narrow the request"). This is both misleading and false.

As plaintiff has made clear from the outset, it lacks sufficient knowledge to further narrow its request beyond the narrowing to which it already has agreed. With no understanding of even the categories of documents likely to be responsive, plaintiff has no ability to eliminate categories without potentially compromising the usefulness of any response. Defendant alone knows or can ascertain the contents of the potentially responsive documents -- knowledge that is essential for any further narrowing of plaintiff's FOIA request. Accordingly, plaintiff has repeatedly requested an opportunity to talk with knowledgeable Department of Justice ("DOJ") officials who can explain to plaintiff the contents of the potentially responsive documents and help identify those categories that would be of no interest to plaintiff.

Rather than supply this knowledge or actively seek another alternative, however, defendant has sought for years to be relieved of its processing responsibility altogether on the grounds it is too burdensome and costly. Now, in the face of the Court's show cause order and two months after being ordered to process plaintiff's requests immediately, defendant is finally willing to discuss the contents of the potentially responsive documents with plaintiff; those discussions are scheduled to take place in a few days. Thus, contrary to defendant's argument, plaintiff bears no responsibility for defendant's inability to process plaintiff's request in a timely fashion.

2. To buttress its claim of undue burden and cost defendant has claimed from the outset there are at least one million pages of potentially responsive documents. In its response to the Court's show cause order, however, defendant suggests for the first time the Court need focus

only on 50,000 pages previously assembled by DOJ for a different purpose.[1]  While admitting it still has within its possession a much larger collection of documents -- the "tobacco litigation files[2]" -- defendant apparently has abandoned any further review of these documents and turned its attention exclusively to "the pre-existing pool of documents."  D's Resp. at 4, 5.  But defendant has failed to sufficiently justify why it can safely ignore this larger collection.

This is not to say defendant wants all 11-12 million pages of documents comprising the tobacco litigation files.  But defendant's radical shift in position, after its repeated and strenuous insistence that processing the Civil Division request required nothing less than a one-million plus page review, suggests either defendant has been less than careful in its factual representations to the Court or once again seeks to reduce its burden with no thought of the consequences to the plaintiff and its entitlement to all responsive, non-exempt documents.  Given this, the 50,000 pages should be considered a starting, but not necessarily an ending, point after which the parties can reassess the situation.

3.  Finally, defendant claims if it must process the entire 50,000 pages in the "pre-existing pool" it can do so only at a rate of "100 pages per business day."  D's Resp. at 3.  In other words, defendant claims to need 500 business days -- close to two calendar years -- to process a narrow subset of records!  Just to state this claim is to reveal its absurdity.  Plaintiff for its part will work expeditiously to narrow that subset further but defendant should be ordered to give this FOIA request -- now nearly four years old -- the attention and priority it deserves.

---

[1] The discovery in this case revealed the existence of an internal investigation and the 22 boxes of documents referenced in defendant's response most likely were assembled in response to an internal investigative request for documents.

[2] D's Resp. at 4.

          Respectfully submitted,

          */s/ Anne L. Weismann*
          Anne L. Weismann
          D.C. Bar No. 298190
          Melanie Sloan
          D.C. Bar No. 434584
          Citizens for Responsibility and
           Ethics in Washington
          1400 Eye Street, N.W., Suite 450
          Washington, D.C.  20005
          Phone:  (202) 408-5565
          Fax:  (202) 588-5020

Dated:  May 19, 2009          Attorneys for Plaintiff