UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON<br>11 Dupont Circle, N.W.<br>Washington, D.C. 20036,<br><br>      Plaintiff,<br><br>      v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530,<br><br>      Defendant. | Civil Action No. 05-2078 (EGS) |

**DEFENDANT'S REPLY REGARDING ORDER TO SHOW CAUSE**

Contrary to plaintiff's false accusations, the Civil Division has not delayed the processing of the documents at issue in this case. Instead, it has found an expeditious solution which will radically foreshorten the amount of time otherwise needed to respond to plaintiff's FOIA request, which would have entailed sorting through millions of pages of documents. The Civil Division took immediate action after the Court ruled on March 16, 2009, to determine how best to locate the million pages of potentially responsive documents from the 10-11 million total pages the tobacco litigation files. Specifically, it attempted to determine the categories of documents in the tobacco litigation files that would contain responsive material, but since the tobacco litigation files were never indexed, it was possible to target responsive documents only by engaging a contractor to examine the files manually and create an index, a process which would have taken considerable time. Prior to the Court's ruling on March 16, 2009, plaintiff declined to pay fees

for the processing of the documents, and the Civil Division was not at liberty to proceed with processing at taxpayer expense without dispensation from the Court to do so. If plaintiff was dissatisfied with the timing, rather than hurling spurious accusations at the Civil Division, it should have paid fees to continue the processing with the understanding that a fee waiver would allow it to be reimbursed.

Faced with the huge number of documents in the tobacco litigation files, the Civil Division explored again an alternative that was decidedly <u>not</u> available to it earlier in this case. Specifically, it again approached a separate component of the Department of Justice that had previously and unequivocally declined to share files which were its property. Those files happened to contain documents provided by the tobacco litigation team in response to a request by the component that was largely coextensive with plaintiff's FOIA request, except that the component's request was somewhat broader.

The component has now agreed to make the documents available to the Civil Division only because the records are no longer in active use; they are boxed in storage rather than scattered around the component; and documents created by the component and belonging exclusively to it are discernibly segregated from those documents provided by the tobacco team. This fortuitous cooperation of the other component alone has enabled the Civil Division to respond more efficiently and economically to plaintiff's FOIA request than originally anticipated. Now that the component's documents are available, it would be pointless, inefficient, and extremely costly to the taxpayer for the Civil Division to attempt to extract the very same documents from the millions of pages of materials in the tobacco litigation files. According to the estimate of the former Acting Chief of the Tobacco Litigation Team, once categories in the

2

10-11 million pages of files are identified, responding to plaintiff's FOIA request would require the search of approximately a million pages of potentially responsive documents in order to find those which are actually responsive. The collection of potentially responsive documents now in the Civil Division's possession constitutes a reasonable search in response to plaintiff's request, and the processing of these documents would complete the Civil Division's processing obligations.

Last week, the Civil Division scanned the approximately 50,000 pages of files provided by the other Department of Justice component. From those 50,000 pages, the Civil Division determined that 14,296 pages were generally responsive to plaintiff's FOIA request. However, those 14,296 pages include certain documents which may not be of interest to plaintiff but which would be time-consuming to process. For example, they include drafts of expert reports or other filings, copies of the same electronic mail messages sent to many different members of the tobacco team, newspaper articles dealing with remedies that were distributed via electronic mail, and duplicates of many other documents. The Civil Division's FOIA attorney called plaintiff's counsel last week even before having completed review of the documents to arrange a conference call this week, once review was completed, to discuss a sensible way to eliminate from the generally responsive documents those materials which plaintiff does not want. Plaintiff's counsel verified, for example, that plaintiff does not want newspaper articles except perhaps for editorials drafted by individuals within the Department of Justice. It is hoped that further discussion may enable the Civil Division to reduce the number of documents it will be required to process. The Civil Division's processing time will be reduced directly in proportion to the number of documents plaintiff agrees need not be processed from among the 14,296 pages that

have been extracted.

However, it was not possible to discuss the documents with plaintiff before this time because the Civil Division did not have an index of the 11-12 million pages of materials in the tobacco litigation files which would have revealed which categories of documents might have been of interest to plaintiff. Thus, until an index was created, or alternatively, until the Civil Division gained access to the documents collected by the other Department of Justice component and had the opportunity to actually examine them, the Civil Division would not have been able to inform plaintiff which types of documents were in the files so that plaintiff could then identify which categories or documents were not of interest.

Finally, it has been estimated that the documents can be processed at the rate of 100 pages per business day because of the time needed to carefully examine each page, line-by-line, to determine whether any exemptions apply and what, if any, portion of information is non-exempt and can be produced. It may be possible to process certain documents more quickly, but others may proceed more slowly. If directed by the Court, the Civil Division is prepared to dedicate its sole FOIA processing attorney exclusively to this matter, and to delay and postpone the processing of the other 66 FOIA requests pending before the Civil Division at this time as well as those which continue to accumulate.

                                                    Respectfully submitted,

                                                    JEFFREY TAYLOR
                                                    United States Attorney

                                                    **/s/ Lisa A. Olson**
                                                    ELIZABETH J. SHAPIRO
                                                    LISA A. OLSON

                                                       U.S. Department of Justice
                                                       20 Mass. Ave., N.W., Room 7300
                                                       Washington, D.C. 20530
                                                       Telephone: (202) 514-5633
                                                       Telefacsimile: (202) 616-8470
                                                       E-mail: lisa.olson@usdoj.gov

Dated: May 20, 2009                        Attorneys for Defendant