UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON  :<br><br>        Plaintiff,  :<br><br>   v.  :<br><br>U.S. DEPARTMENT OF JUSTICE  :<br><br>        Defendant.  : | Civil Action No. 05-2078 (EGS) |

## JOINT STATUS REPORT

By Minute Order dated May 21, 2009, the Court directed the parties to conduct a face-to-face meeting regarding the scope of defendant's search for documents responsive to the Freedom of Information Act ("FOIA") requests at issue and a time-frame for conducting the search, and to file a joint status report informing the Court of the parties' progress.  In response, the parties hereby file this joint status report.

The parties met on May 27, 2009, during which they reached an agreement on the initial scope of defendant's search for documents responsive to plaintiff's FOIA request to the Civil Division.  That agreement significantly narrows the number of responsive documents to include information from January 2005 onward relating directly to the decision by the Department of Justice to reduce the penalty/remedy sought by the Department from $130 billion to $10 billion, and documents relating to any alleged attempt by Department officials to influence the testimony of expert witnesses regarding the remedy.  CREW reserved the right to expand this scope after reviewing any documents produced by defendant.

Following this meeting, the parties agreed on a time frame for completing this search.[1] Defendant has agreed to produce all non-exempt documents to plaintiff by July 6, 2009, and to identify the statutory basis for withholdings. Defendant has further agreed, as previously ordered by the Court, to produce non-exempt material on a rolling basis. The parties note this production schedule does not include any documents that might be included in an expanded search.

### Plaintiff's Additional Issues

First, plaintiff wishes to advise the Court that the parties have had preliminary discussions regarding settlement, initiated by plaintiff.[2] Plaintiff has suggested a settlement that would include defendant producing a much smaller universe of core documents, consistent with Attorney General Holder's FOIA policy and President Obama's commitment to transparency and accountability. Defendant has not ruled out the possibility of settlement, but its counsel has suggested repeatedly that any such settlement is quite unlikely given internal deliberations with political level appointees.[3] Plaintiff welcomes the Court's assistance in this regard.

Second, despite an initial promise to also produce a Vaughn index, defendant now takes the position production of a Vaughn index is not warranted until it files a summary judgment

---

[1] Defendant had already agreed to complete its processing of the FOIA request directed to the Office of Information and Privacy ("OIP FOIA") by June 18, 2009. That date remains operative.

[2] In its separate statement set forth below defendant states inclusion of information about settlement is inappropriate, citing to LCvR 84.9. That rule, however, applies only to matters referred to mediation, which does not include this case.

[3] In fact, defendant's counsel advised plaintiff at 11:06 a.m. today that the political appointees reviewing this matter have "declined plaintiff's offer." Plaintiff notes it has yet to make a formal, written offer of settlement, given that defendant has yet to produce a single substantive response to plaintiff's FOIA requests.

motion.  At the same time, however, defendant's counsel has acknowledged to plaintiff that absent a Vaughn index, plaintiff will not be able to determine the nature of the withheld documents, particularly because defendant anticipates very extensive redactions.  Plaintiff has explained that producing a Vaughn index now will make it possible for plaintiff to narrow the issues for litigation.[4]  Given defendant's initial position that it could produce a Vaughn index in a matter of weeks, and its subsequent explanation to plaintiff that different personnel would be involved in preparing the index than those doing the actual redactions, plaintiff respectfully requests that the Court order defendant to produce a Vaughn index by July 6, 2009, absent a factual showing by defendant as to why that date is not feasible.

Third, plaintiff proposes that the Court refrain from setting a summary judgment schedule until defendant's production of documents and a Vaughn index is completed.  At that point plaintiff will be in a position to assess whether an expanded search is warranted and to limit the issues in dispute after reviewing the Vaughn index.

Accordingly, plaintiff respectfully suggests the parties be permitted to file an updated status report on or before July 24, 2009, informing the Court whether plaintiff will be seeking any additional searches and, if appropriate, suggesting a briefing schedule for summary judgment motions.

### Defendant's Additional Issues

Defendant's position is that the details of settlement discussions are confidential and inappropriate for inclusion in a Court filing.  See, e.g., LCvR 84.9.  In any event, defendant has

---

[4] Plaintiff routinely suggests this course in litigation – producing a Vaughn index in advance of dispositive briefing – and it has frequently resulted in a significant narrowing of the issues in dispute.

conveyed plaintiff's settlement offer to the appropriate decision-makers, and they have declined plaintiff's offer.

Defendant is prepared to move for summary judgment by August 31, 2009, and will at that time provide a <u>Vaughn</u> index.

With respect to the scope of search, defendant reserves the right to oppose or respond to any requested expansion of the current, agreed upon scope of search.

    Respectfully submitted,

    **/s/ Anne L. Weismann**
    Anne L. Weismann
    (D.C. Bar No. 298190)
    Melanie Sloan
    (D.C. Bar No. 434584)
    Citizens for Responsibility and
     Ethics in Washington
    1400 I Street, N.W.
    Suite 450
    Washington, D.C. 20005
    Phone: (202) 588-5565
    Fax: (202) 588-5020

    Attorneys for Plaintiff

    CHANNING D. PHILLIPS
    Acting United States Attorney

    **/s/ Lisa A. Olson**
    ELIZABETH J. SHAPIRO
    LISA A. OLSON
    U.S. Department of Justice
    20 Mass. Ave., N.W., Room 7300
    Washington, D.C. 20530
    Telephone: (202) 514-5633
    Telefacsimile: (202) 616-8470
    E-mail: lisa.olson@usdoj.gov

Dated: June 10, 2009                        Attorneys for Defendant