UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,

      **Plaintiff,**

v.                                                Civil Action No. 05-2078 (EGS/JMF)

U.S. DEPARTMENT OF JUSTICE,

      **Defendant.**

## ORDER

The magistrate judge has reported to me that, incident to settlement discussions he conducted, he examined *in camera* the documents that were withheld by the Department of Justice in this Freedom of Information Act suit on the grounds that they were exempt from disclosure because they were protected by the deliberative process privilege or the attorney work product doctrine or both. The assertions in the Complaint compel me to conclude that there is a significant public interest in the magistrate judge placing on the public record in this case the results of that examination. Furthermore, the parties agree that the results of the examination be made part of the public record. **IT IS THEREFORE ORDERED** that the report of the magistrate judge that follows be filed herein.

                                                                _____
                                                                 EMMET G. SULLIVAN
                                                                  UNITED STATES DISTRICT COURT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,

Plaintiff,

v.  Civil Action No. 05-2078 (EGS/JMF)

U.S. DEPARTMENT OF JUSTICE,

Defendant.

## REPORT

I have examined the documents withheld by the Department of Justice on the grounds that they are exempt from disclosure because they are shielded by the deliberative process privilege and work product doctrine. I have found that the documents certainly are protected from disclosure by either or both of those privileges. The documents record the candid discussion among the lawyers assigned to the case, their superiors and other concerned members of the Department of Justice as to the remedy to be proposed to the trial judge in the tobacco litigation. The central theme of all of them was how to propose remedies to the trial judge without violating the restriction imposed by the court of appeals that any such remedies be "forward-looking remedies that prevent and restrain violations of the Act." United States v. Philip Morris USA Inc., 396 F.3d 1190, 1192 (D.C. Cir. 2005). As opposed to disgorgement, "a qunitessentially backward-looking remedy focused on remedying the effects of past conduct to restore the status quo," the only remedies permitted by the court of appeals were "limited to forward-looking remedies that are aimed at future violations." Id. at 1198. The documents I reviewed analyzed the opinion, presented potential remedies for review and discussion by the other lawyers involved in the litigation on a trial or supervisory level, described the evidentiary support *vel non* for them, and expressed the views of their authors as to their efficacy and consistency with the court of appeals' decision. Finally, there were also drafts of the actual arguments to be made circulated for review and comment. In these documents I found no

indication whatsoever of outside political or other influence on the persons who were involved in the discussions the documents memorialize and evidence.



Digitally signed by
John M. Facciola
Date: 2009.09.21
09:22:55 -04'00'

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: